UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X:
                                                        :
SIMO HOLDINGS INC.,                                     :
                                                        :
                    Plaintiff,                          :    No. 1:18-cv-05427 (JSR)
                                                        :
          -against-                                     :
                                                        :
HONG KONG UCLOUDLINK NETWORK                            :
TECHNOLOGY LIMITED and                                  :
UCLOUDLINK (AMERICA), LTD.,                             :
                                                        :
                    Defendants.                         X
--------------------------------------------------------

**DEFENDANTS HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED
AND UCLOUDLINK (AMERICA), LTD.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTIONS *IN LIMINE*__**

# TABLE OF CONTENTS

1.  Motion *in Limine* No. 1 to Preclude Expert Opinion Testimony that Was Not Timely Disclosed ................................................................................................................ 1

    a)    Dr. Clark Should be Precluded from Offering Opinions at Trial as to Any "Non-Local Calls Database" in the Accused Products ................................................................. 2

    b)    Dr. Clark Should be Precluded from Offering Opinions at Trial as to Source Code Related to the Accused Products Because No Such Opinions Were Properly Disclosed ......... 3

    c)    Dr. Clark Should be Precluded from Offering Opinions at Trial as to uCloudlink's Alleged Pre-Suit Knowledge of the '689 Patent Because No Such Opinions Were Properly Disclosed and Because the Court Granted Summary Judgment of No Pre-Suit Damages ........ 4

    d)    Dr. Clark Should be Precluded from Offering Opinions at Trial as to Damages Because No Such Opinions Were Properly Disclosed ................................................................. 5

    e)    Mr. Martinez Should be Precluded from Offering Opinions at Trial as to Lost Profits Because No Such Opinions Were Properly Disclosed ............................................... 5

    f)    Mr. Martinez Should be Precluded from Offering Opinions at Trial as to Willful Blindness and Damages Based on Any Alleged Willful Infringement Because No Such Opinions Were Properly Disclosed ................................................................................. 6

    g)    Mr. Martinez Should be Precluded from Offering Opinions at Trial as to His Global Damages Calculation ................................................................................................. 6

2.  Motion in Limine No. 2 to Preclude Any Evidence or Argument Relating to the Alleged Misappropriation of Trade Secrets or the Misappropriation of Documents by Mr. Bin Wang ...... 7

3.  Motion *in Limine* No. 3 to Preclude Any Evidence or Argument Relating to Willfulness ... 10

4.  Motion *in Limine* No. 4 to Preclude Evidence or Argument Relating to Any Alleged Failure to Produce or Disclose Certain Evidence During Discovery ...................................................... 12

5.  Motion *in Limine* No. 5 to Preclude Evidence or Argument Relating to Skyroam's Products Allegedly Practicing the '689 Patent ........................................................................... 14

6.  Motion *in Limine* No. 6 to Preclude Evidence or Argument Relating to Any Alleged Damages to Skyroam ................................................................................................. 16

7.  Motion *in Limine* No. 7 to Preclude Evidence or Argument Comparing the Accused Products to Any of Skyroam's Products ..................................................................... 17

8.  Motion *in Limine* No. 8 to Preclude Evidence or Argument Relating to Indirect Infringement 18

9.  Motion *in Limine* No. 9 to Preclude Reference to the "Presumption of Validity" ............... 19

10. Motion *in Limine* No. 10 to Preclude Evidence or Argument Relating to the Absence of Any Witness at Trial ........................................................................................................ 19

11. Motion *in Limine* No. 11 to Preclude SIMO From Using Derogatory References Regarding uCloudlink ................................................................................................................ 20

12. Motion *in Limine* No. 12 to Preclude Testimony or Argument Regarding the Smallest Saleable Patent Practicing Unit of the Accused Products As Relating to the Issue of Infringement 21

13. Motion *in Limine* No. 13 to Preclude Evidence or Argument Regarding uCloudlink's Counsel's Involvement with the Parent Patent Application to the '689 Patent ........................... 22

14. Motion *in Limine* No. 14 to Preclude Evidence or Argument Regarding Any Pre-Suit Activities by uCloudlink and Pre-Suit Damages ........................................................ 23

15. Motion *in Limine* No. 15 to Preclude Evidence or Argument Regarding the Order and Opinion on the Motions for Summary Judgment ........................................................ 23

16. Motion *in Limine* No. 16 to Preclude Evidence of Secondary Considerations .................... 24

████████ ████████

### TABLE OF AUTHORITIES

**Cases**

*Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 36 (S.D.N.Y. 2014) ...... 2

*Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ........................ 9

*Amsted*, 24 F.3d at 187 .................................................................................................................. 10

*AU New Haven, L.L.C. v. YKK Corp.*, 15-CV-3411 (GHW)(SN), 2019 WL 1254763 (S.D.N.Y. Mar. 19, 2019) ................................................................................................................................. 18

*Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277 (Fed. Cir. 2002) ............................. 17

*Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247 (Fed. Cir. 2004) ............................................... 19

*Clancy Sys. Int'l, Inc. v. Symbol Tech., Inc.*, 953 F. Supp. 1170 (D. Colo. 1997) ........................ 9

*Ebron v. United States*, No. 08-CV-00144, 2008 WL 4298515 (S.D.N.Y. Sept. 17, 2008) ......... 2

*Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147 (8th Cir. 1986) ................................................. 20

*Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754 (2011) ............................................ 4, 18

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1930 (2016) ......................................... 15

*Hersko v. United States*, No. 13-CV-3255 (JLC), 2016 WL 6126461 (S.D.N.Y. Oct. 20, 2016) 20

*In re Heparin Prod. Liab. Litig.*, No. 1:08hc600000 *et al.* 2011 WL 1059660 (N.D. Ohio Mar. 21, 2011) ..................................................................................................................................... 20

*In re Omeprazole Patent Litigation*, 490 F. Supp. 2d 381 (S.D.N.Y. 2007) ............................... 17

*In re Rezulin Prods. Liability Litigation*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ................ 18

*LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) .................... 13

*Markman v. Westview Instruments, Inc.*, 52 F. 3d 967 (Fed. Cir. 1995) ...................................... 17

*Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359 (Fed. Cir. 2008) ........................................... 16

*Mars, Inc. v. Coin Acceptors, Inc.*, 557 F.3d 1377 (Fed. Cir. 2009) ........................................... 16

*Merck & Co. v. Mediplan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 263 (S.D.N.Y. 2006) .. 9, 10

*Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 454-455 (2007) ................................................. 13

*On-Line Tech. v. Bodenseewerk Perkin-Elmer*, 386 F.3d 1133, 1141 (Fed. Cir. 2004) ................ 9

*Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000) ........................... 13

*Saffran v. Johnson & Johnson*, No. 2:07–CV–451 (TJW), 2011 WL 10857558 (E.D. Tex. Jan. 13, 2011) ........................................................................................................................ 18

*SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107 (Fed. Cir. 1985) .............................. 17

*Tomita Techs. U.S.A., L.L.C. v. Nintendo Co.*, No. 11 Civ. 4256 (JSR), 2013 WL 4101251 (S.D.N.Y. Aug. 14, 2013) ....................................................................................................... 21

*Uniloc U.S.A., Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011) ........................... 23

*United States v. Cruz*, 981 F.2d 659, 664 (2d Cir. 1992) ........................................................... 21

*W.M. Wrigley Jr. Co. v. Cadbury Adams U.S.A. L.L.C.*, 683 F.3d 1356, 1364 (Fed. Cir. 2012) . 15

*Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010) .............................................. 24

*Zenith Labs., Inc. v. Bristol-Meyers Squibb Co.*, 19 F.3d 1418 (Fed. Cir. 1995) ........................ 17

**Rules**

FED. R. CIV. P. 26(a)(2)(B) ........................................................................................................... 1

FED. R. CIV. P. 37(c)(1) ................................................................................................................. 1

FED. R. EVID. 401 ........................................................................................................................ 22

FED. R. EVID. 402 ........................................................................................................................ 22

FED. R. EVID. 403 ..................................................................................................................... 3, 22

<u>**Preliminary Statement**</u>

SIMO Holdings, Inc. ("SIMO") asserts that uCloudlink infringes claims 8, 11, 12, 13, and 14 ("the Asserted Claims") of U.S. Patent No. 9,736,689 ("the '689 patent"). *See* First Am. Compl. (Dkt. No. 20). Specifically, SIMO asserts that each of the Asserted Claims is infringed by Hong Kong uCloudlink Network Technology Limited and UCloudlink (America), Ltd. (collectively "uCloudlink's") GlocalMe G2, G3, and U2 Series WiFi hotspot devices and S1 mobile phones ("the Accused Products"). *See id.*

Defendants uCloudlink hereby move this Court for an order *in limine* instructing and directing all attorneys, parties, and witnesses not to make any statement concerning, ask any questions pertaining to, allude to, or put before the jury in any form or manner, directly or indirectly, any of the following inadmissible matters. Alternatively, if this Court does not grant such an order, then uCloudlink respectfully requests the Court to limit admission of the evidence at issue by providing the jury with appropriate limiting instructions or by permitting SIMO to introduce the evidence only after its case in chief.

1.      **Motion *in Limine* No. 1 to Preclude Expert Opinion Testimony that Was Not Timely Disclosed**

SIMO should be precluded from offering any expert testimony not set forth in its expert reports. Federal Rule of Civil Procedure 26(a)(2)(B) requires reports prepared by persons "retained or specially employed to provide expert testimony in the case" to include "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). Any information not properly included in the expert report cannot be used at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information … as required by Rule 26(a) … the party is not allowed to use that information … to supply evidence on a motion, at a hearing, or at a

trial, unless the failure was substantially justified or is harmless."); *Ebron v. United States*, No. 08-CV-00144, 2008 WL 4298515 (S.D.N.Y. Sept. 17, 2008) (granting motion *in limine* to exclude portions of expert's testimony not included in expert report).

As such, SIMO's experts should be precluded from testifying at trial about opinions that were not timely disclosed – or disclosed at all – in either opening or rebuttal expert reports. *See Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 36 (S.D.N.Y. 2014) ("[e]xpert testimony exceeding the bounds of the expert's report is excludable pursuant to Rule 37(c)(1)"). Allowing SIMO to present undisclosed expert opinions would unduly prejudice uCloudlink.

a)      **Dr. Clark Should be Precluded from Offering Opinions at Trial as to Any "Non-Local Calls Database" in the Accused Products**

SIMO's expert Dr. Paul Clark set forth his opinions concerning infringement in his initial expert report dated January 14, 2019. *See* Ex.[1] A (January 14, 2019 Initial Expert Rpt. of Dr. Paul Clark) ("Clark Initial Rpt."). Dr. Clark set forth his opinions concerning validity in his rebuttal expert report dated February 14, 2019. *See* Ex. B (February 14, 2019 Rebuttal Expert Rpt. of Dr. Paul C. Clark) ("Clark Rebuttal Rpt."). In his initial report, Dr. Clark addresses various limitations in the preamble of claim 8 of the '689 patent, as allegedly being included in the Accused Products. *See* Ex. A (Clark Initial Rpt.) at §§ VI.1.2.1, VI.1.3.1, VI.1.4.1, VI.1.5.1. However, not once does Dr. Clark point to what feature in the Accused Products allegedly corresponds to the "non-local calls database" required by claim 8 of the '689 patent.

At his deposition in this case, when Dr. Clark was asked about this deficiency, he repeatedly dodged the question, making an incoherent and conclusory analogy between the "non-

---

[1] All exhibits cited herein refer to the exhibits to the Declaration of Bradford A. Cangro in Support of Defendants' Motions *in Limine.*

local calls database" and some mobile communications standard adopted by the standard settings organization 3GPP. *See, e.g.,* Ex. C (2/15/19 Clark Dep. Tr.) at 107:12-22. However, Dr. Clark's diatribe does not change the fact that he failed to address the "non-local calls database" in his report. Indeed, Dr. Clark all but admitted as much at his deposition. *See id.* at 113:15-21 ("Q. You keep referring back to 3GPP. What I'm asking is the term 'non-local calls database.' Those three or four words do not appear anywhere on pages 27 to 36 [of your report], other than in the recitation of the claim; is that correct? A. I don't know. I'll accept your representation."). For at least these reasons, Dr. Clark should be precluded from offering opinions that the "non-local calls database" is allegedly included in the Accused Products.

In addition, if Dr. Clark is permitted to testify on this issue, then uCloudlink would be unduly prejudiced. *See* FED. R. EVID. 403. uCloudlink's experts did not have an opportunity to respond to this undisclosed opinion and uCloudlink could not explore the opinion during fact discovery. For at least this reason, if the Court denies this Motion *in Limine*, then the Court should at least limit Dr. Clark's testimony to one of the Accused Products, i.e., the GlocalMe G2 WiFi hotspot device, and permit uCloudlink's expert Dr. Martin Feuerstein to respond to any such allegations.

b) **Dr. Clark Should be Precluded from Offering Opinions at Trial as to Source Code Related to the Accused Products Because No Such Opinions Were Properly Disclosed**

In his initial report, Dr. Clark repeatedly refers to Mr. Eric Welch's expert report, one of SIMO's other technical experts. *See, e.g.,* Ex. A (Clark Initial Rpt.) at ¶ 118. Mr. Welch's report purports to be a "technical examination of the source code" related to the Accused Products. Ex. D (January 14, 2019 Expert Rpt. of Mr. Eric Welch) ("Welch Rpt.") at ¶ 8. As such, opinions and testimony pertaining to a review of the source code related to the Accused Products is, at best, in the province of Mr. Welch, not Dr. Clark.

However, at his deposition in this case, Dr. Clark revealed that he may rely on Mr. Welch's report at trial. *See* Ex. C (2/15/19 Clark Dep. Tr.) at 28:10-14 ("Q. And do you plan on testifying at trial regarding the operation of the source code beyond what's in your reports? A. I would feel free to pull cites from Mr. Welch's report or any of the source code."). Such testimony by Dr. Clark is inadmissible because it was disclosed in Dr. Clark's initial or rebuttal reports as required by Rule 26(a)(2)(B), but rather, in Mr. Welch's report. Any discussion of the source code related to the Accused Products should be from Mr. Welch, not Dr. Clark. Accordingly, Dr. Clark should not be permitted to offer any opinions or testimony as to source code related to the Accused Products.

c) **Dr. Clark Should be Precluded from Offering Opinions at Trial as to uCloudlink's Alleged Pre-Suit Knowledge of the '689 Patent Because No Such Opinions Were Properly Disclosed and Because the Court Granted Summary Judgment of No Pre-Suit Damages**

Dr. Clark set forth his opinions concerning indirect infringement in his initial expert report dated February 14, 2019. *See* Ex. A (Clark Initial Rpt.) at ¶¶ 104-106. In that report, Dr. Clark made several allegations that uCloudlink encouraged others to infringe products in the United States. *See id.* However, Dr. Clark failed to allege any pre-suit knowledge of the '689 patent by uCloudlink, which is a requirement for establishing indirect infringement. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-766 (2011). At his deposition in this case, Dr. Clark even alluded to this deficiency. *See* Ex. C (2/15/19 Clark Dep. Tr.) at 100:10-18 ("Q. Do you plan on offering any testimony regarding whether uCloudlink had knowledge of the patent or knowledge of infringement? A. I don't know. To the extent it's not in my report, I mean, you guys would probably argue that I'm precluded.").

Further, even if Dr. Clark's report was not deficient in this regard, there is no admissible evidence to support such a charge. *See* uCloudlink's Motion *in Limine* No. 8. Notably, the

Court granted uCloudlink's summary judgment motion of no pre-suit damages because uCloudlink did not have actual notice of infringement of the S1 device until SIMO filed its amended complaint. *See* Order on Mots. for Summ. J. (Dkt. No. 131). Accordingly, Dr. Clark should not be permitted to offer any opinions or testimony as to any alleged pre-suit knowledge of the '689 patent by uCloudlink.

> **d)      Dr. Clark Should be Precluded from Offering Opinions at Trial as to Damages Because No Such Opinions Were Properly Disclosed**

Dr. Clark is purported to be a technical expert who will testify as to infringement and validity. *See, e.g.,* Ex. A (Clark Initial Rpt.) at ¶ 5; Ex. B (Clark Rebuttal Rpt.) at ¶ 4. However, Dr. Clark is not purported to be a damages expert. Indeed, Dr. Clark did not offer any opinion concerning damages in either of his reports. Accordingly, Dr. Clark should not be permitted to offer any opinions or testimony as to damages.

> **e)      Mr. Martinez Should be Precluded from Offering Opinions at Trial as to Lost Profits Because No Such Opinions Were Properly Disclosed**

SIMO's expert Mr. Christopher Martinez set forth his opinions concerning damages in his expert report dated January 14, 2019. *See* Ex. E (January 14, 2019 Expert Rpt. of Mr. Christopher Martinez) ("Martinez Rpt."). In that report, although Mr. Martinez included a summary of general legal principles on lost profits, he offered no opinions concerning lost profits related to any Accused Product at issue in this case. *See* Ex. E (Martinez Rpt.) at ¶¶ 69-71. At his deposition in this case, Mr. Martinez confirmed that he did not perform any lost profits analysis. *See, e.g.,* Ex. F (2/5/19 Martinez Dep. Tr.) at 68:21-23 ("Q. So did you do a lost profits analysis for SIMO? A. No."). Accordingly, Mr. Martinez should not be permitted to offer any opinions or testimony as to lost profits.

████████████████████

**f)      Mr. Martinez Should be Precluded from Offering Opinions at Trial as to Willful Blindness and Damages Based on Any Alleged Willful Infringement Because No Such Opinions Were Properly Disclosed**

In his report, although Mr. Martinez makes passing reference to SIMO's attempt to uCloudlink's alleged willful blindness to the '689 patent, he offered no opinions concerning this theory.  *See* Ex. E (Martinez Rpt.) at ¶¶ 77-78.  In addition, at his deposition in this case, Mr. Martinez suggested that he would rely on willfulness to change his damages calculation.  *See, e.g.,* Ex. F (2/5/19 Martinez Dep. Tr.) at 13:10-14 ("[W]illfulness … would impact the overall reasonable royalty because it would change the damages period perhaps.").  However, Mr. Martinez failed to offer any opinions on the merits of willfulness or willful blindness in his report.  Moreover, as set forth in uCloudlink's Motion *in Limine* No. 3, any evidence of willfulness is irrelevant, belated, inadmissible hearsay, and prejudicial to uCloudlink under Federal Rules of Evidence 402, 403, and/or 802.  Accordingly, Mr. Martinez should not be permitted to offer any opinions or testimony as to willful blindness.

**g)      Mr. Martinez Should be Precluded from Offering Opinions at Trial as to His Global Damages Calculation**

The Court should preclude Mr. Martinez from offering opinions regarding "estimating the value of an international data use stemming from sales of hotspots sold in the United States" and any conclusion based on or stemming from such "estimation."  Ex. F (2/5/19 Martinez Dep. Tr.) at 198:1-199:13.  Mr. Martinez testified that he would make such an estimation by multiplying the number of uCloudlink's accused hotspots by the number of day passes purchased per hotspot, which would ultimately yield a proxy for the number of day passes sold to customers who purchased a hotspot in the United States.  *Id.* at 198:13-23.  He further testified that since he did not have information as to the "number of hotspots sold to customers who purchased hotspots in the United States with respect to uCloudlink products," he would rely on

"Skyroam statistic as a proxy" and use the "document produced by Skyroam that shows the number of day passes purchased per Skyroam hotspot." *Id.* at 199:5-13; *see* SIMO_0264149. However, as Mr. Martinez admitted at his deposition in this case, the aforementioned analysis was never disclosed in his expert report even though the data (SIMO_0264149) allegedly necessary for the analysis was available to him all along. Ex. F (2/5/19 Martinez Dep. Tr.) at 206:3-207:17 ("Q. Did you perform this analysis in your expert report? A. No, I did not."). Accordingly, Mr. Martinez should not be allowed to offer any opinions or testimony regarding the value of international data use stemming from sales of hotspots sold in the United States.

2.     **Motion in *Limine* No. 2 to Preclude Any Evidence or Argument Relating to the Alleged Misappropriation of Trade Secrets or the Misappropriation of Documents by Mr. Bin Wang**

SIMO, in a blatant attempt to circumvent this Court's order precluding SIMO from alleging trade secret misappropriation claims in this case, now seeks to introduce the same exact trade secret allegations this Court found to be prejudicial and "almost entirely irrelevant to the question of whether uCloudlink infringed SIMO's patents." Mem. Denying Pl.'s Req. to Amend Compl. (Dkt. No. 66) at 3. SIMO's motives are transparent. SIMO seeks to prejudice uCloudlink by making allegations of trade secret misappropriation or Mr. Wang's alleged misappropriation of documents under the guise that these are allegations of willfulness, willful blindness, and/or secondary considerations. This Court has already ruled on this issue. SIMO should not be allowed to admit irrelevant and highly prejudicial evidence under a false pretext.

SIMO seeks to introduce the alleged evidence of trade secret misappropriation in one or more ways. For example, SIMO, through its technical expert Dr. Clark, seeks to include allegations of trade secret misappropriation disguised as "objective indicia of non-obviousness." *See* Ex. B (Clark Rebuttal Rpt.) at ¶¶ 227-230. However, Dr. Clark does not even attempt to hide the fact that these are indeed trade secret misappropriation allegations. In his rebuttal expert

report, Dr. Clark notes that SIMO filed counterclaims against uCloudlink for misappropriation of trade secrets, and then copies, word for word, portions of the trade secret allegations SIMO filed in the Northern District of California case (Case No. 3:18-cv-05031-EMC) into his expert report. *See* Ex. B (Clark Rebuttal Rpt.) at ¶ 229. And while Dr. Clark alleges that this is evidence of copying, he also characterizes uCloudlink's alleged actions as misappropriation of SIMO's patented technology. *See* Ex. B (Clark Rebuttal Rpt.) at ¶ 230 ("Thus, there is evidence that not only did uCloudlink misappropriated [sic] Skyroam's confidential information, it also copied Skyroam's patented technology in uCloudlink accused products.").

SIMO also seeks to introduce evidence of alleged trade secret misappropriation through its damages expert, Mr. Martinez, as "willfulness" and/or "willful blindness." *See* Ex. E (Martinez Rpt.) at ¶ 77 (stating that it is his understanding that SIMO "is claiming, or intends to claim … willful blindness"); *see also* Ex. F (2/5/19 Martinez Dep. Tr.) at 106:15-22, 107:9-22 (testifying that there were allegations of copying that may show knowledge of the patent). SIMO also included this evidence to support its willfulness allegations in its opposition to uCloudlink's summary judgment motion. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. (Dkt. No. 94) at 21, 23 ("Moreover, a former SIMO employee who went to work for Defendants and stole Defendants' trade secret information had intimate knowledge of SIMO's patents. RSOF ¶¶ 133-134… . Defendants (and/or its affiliate entities) hired at least one former SIMO employee… . RSOF ¶¶ 133-134.").

Nothing has changed since this Court's order precluding SIMO from alleging trade secret misappropriation in this case. SIMO's allegations are still prejudicial to uCloudlink and are entirely irrelevant to the question of whether uCloudlink infringes SIMO's patent. Importantly, the misappropriation of alleged confidential information has nothing to do with whether

uCloudlink "copied" public information disclosed in SIMO's patent. SIMO cannot have it both ways. Either, its information is confidential, or it was disclosed in its publicly available patent. *See On-Line Tech. v. Bodenseewerk Perkin-Elmer*, 386 F.3d 1133, 1141 (Fed. Cir. 2004) ("[I]nformation that is disclosed in a patent or contained in published materials reasonably accessible to competitors does not qualify for protection [as a trade secret].") (internal citations omitted). Additionally, as the Court stated on the record at the October 19th claim construction hearing, "under Rule 403 … [the] prejudicial effect [of trade secret misappropriation] to the patent issues would substantially outweigh its probative value." Dt. No. 67 at 83; *see also* Mem. Denying Pl.'s Req. to Amend Compl. (Dkt. No. 66) at 3 ("[T]he risk that the jury would simply view the evidence [of trade secret misappropriation] as proof of uCloudlink's propensity for underhanded dealings substantially outweighs any marginal probative value.").

Further, this Court has already ruled that SIMO's complaint (both the original and the amended complaint) failed to include allegations of willfulness. *See* Mem. Denying Pl.'s Req. to Amend Compl. (Dkt. No. 70); *see also* uCloudlink's Mot. *in Lim.* No. 3. Thus, SIMO should not be allowed to backdoor its willfulness allegations at this stage.

Any attempt by SIMO's damages expert Mr. Martinez to rely on a theory of willful blindness would be improper because willful blindness is irrelevant to SIMO's pre-suit damages theory. There are only "two mechanisms for patentees to start the clock running for infringement damages: constructive notice by marking and actual notice of infringement." *Clancy Sys. Int'l, Inc. v. Symbol Tech., Inc.*, 953 F. Supp. 1170, 1172 (D. Colo. 1997). The notice determination "focus[es] on the action of the patentee, not the knowledge or understanding of the infringer." *Merck & Co. v. Mediplan Health Consulting, Inc.*, 434 F. Supp. 2d 257, 263 (S.D.N.Y. 2006) (quoting *Amsted Indus., Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)).

As this Court stated in *Merck*, "[i]n this analysis, defendants' knowledge of the patent or of its infringement is 'irrelevant.'" 434 F. Supp. 2d at 263-264 (quoting *Amsted*, 24 F.3d at 187).

Moreover, SIMO already tried – and failed – to advance its position that being willfully blind to the patent-in-suit is having actual knowledge of the patent when it sought to file a second amended complaint to allege willful infringement of the '689 patent. *See* Mem. Denying Pl.'s Mot. for Leave to Amend (Dkt. No. 70). This Court denied SIMO's request to add any "additional factual allegations regarding willful infringement," which include SIMO's inapposite "willful blindness" argument. *See id.*

Any evidence of alleged misappropriation of trade secrets – whether under the guise of copying, willfulness, or willful blindness – should be excluded as irrelevant and unfairly prejudicial to uCloudlink under Federal Rules of Evidence 402 and 403. Accordingly, SIMO should be precluded from offering into evidence SIMO's proposed trial exhibits 17, 25-27, 99-104, 106, 113, 124, 125, 154-158, 172, 179-181, 195, 226, 227, 230, 282-289, 291, 375, 376, 387-397, 400,[2] which relate solely to the issue of whether Bin Wang misappropriated trade secrets, the deposition designations of Mr. Wang, and any testimony from any witnesses related to any alleged misappropriation of trade secrets, copying, willfulness, or willful blindness, including the opinions contained in paragraphs 227-230 of Dr. Clark's Feb. 14, 2019 Rebuttal Expert Report (Ex. B) and paragraph 77 of Mr. Martinez's Jan. 1, 2019 Expert Report (Ex. E).

3.      **Motion *in Limine* No. 3 to Preclude Any Evidence or Argument Relating to Willfulness**

As discussed in uCloudlink's Motion *in Limine* No. 2, SIMO's allegation of willfulness based on alleged trade secret misappropriation is prejudicial and the allegations of trade secret

---

[2] uCloudlink only objects to SIMO's proposed trial exhibits 226, 230, and 397 to the extent they contain inadmissible evidence as set forth in this motion *in limine.*

misappropriation are irrelevant to the issue of infringement of SIMO's patents. Indeed, the Court has already ruled on this exact issue. Mem. Denying Pl.'s Req. to Amend Compl. (Dkt. No. 66).

The Court has also denied SIMO's request for leave to file a second amended complaint to allege willful infringement. *See* Mem. Denying Pl.'s Mot. for Leave to Amend (Dkt. No. 70). Undeterred, SIMO continues to allege that it is entitled to argue willfulness, while in the same breath, conceding that the Court ruled otherwise. *See* Pl.'s Opp'n to Def.'s Statements of Material Fact on Mot. for Summ. J. (Dkt. No. 93) at 24 ("SIMO sought to amend its complaint to include an allegation of willful infringement, which was denied by this Court on January 21, 2019. Dkt. 70. SIMO believes there is sufficient evidence to establish willful infringement and intends to seek leave from the Court to conform the pleadings to the evidence that Defendants willfully infringed the '689 patent, and continue to do so."). At least because the Court has already ruled on this matter, any evidence of willfulness should be excluded as irrelevant and prejudicial.

In SIMO's belated attempt to save its willfulness allegations, it has set forth an entirely new theory of willfulness in its opposition to uCloudlink's summary judgment motion based on "alleged" knowledge of the '689 patent. *See* Pl.'s Opp'n to Def.'s Mot. for Summ. J. (Dkt. No. 94). However, any evidence of this new willfulness theory should be excluded as moot, based on the Court's Summary Judgment Order, which found no pre-suit damages and that actual notice of infringement was not given until August 13, 2018, at the earliest. *See* Order on Mots. for Summ. J. (Dkt. No. 131). Additionally, this evidence should be excluded as untimely, inadmissible hearsay, and prejudicial.

As an example of SIMO's clear attempts to work this theory into evidence, SIMO, for the first time in its opposition to uCloudlink's summary judgment motion, claims that willfulness

can be proven through hearsay statements made during a deposition. Specifically, SIMO alleges

that statements by Mr. Zeng Rongrong about Dr. Thomas Gong's knowledge of the parent patent

to the '689 patent establish willfulness. *See, e.g.,* Pl.'s Opp'n to Def.'s Mot. for Summ. J. (Dkt.

No. 94) at 21; Pl.'s Opp'n to Def.'s Statements of Material Facts (Dkt. No. 93) at ¶¶ 121-124.

First, these statements amount to nothing more than inadmissible hearsay under Federal Rule of

Evidence 802. Second, even if these statements were considered, they do not definitively point

out what Dr. Gong's knowledge was. Indeed, in response to the question, "Did Dr. Gong review

the '735 patent?," Mr. Zeng stated that he did not know, but he thought Dr. Gong did. *See* Ex. G

(11/8/18 Zeng Dep. Tr.) at 65-67.

Further, Mr. Zeng's testimony belies SIMO's arguments. Mr. Zeng testified that

uCloudlink did not conduct an analysis of whether its products infringed. *See* Ex. G (11/8/18

Zeng Dep. Tr.) at 66:24-67:5 ("Our products were launched or released before learning about the

'735 patent. So there's no reason for us and no need for us to consider third-party patents,

including the '735 patent."). However, this Court ruled that notice of infringement was not given

until August 13, 2018, at the earliest. *See* Order on Mots. for Summ. J. (Dkt. No. 131). Thus,

this issue is moot. Accordingly, SIMO's willfulness theories are irrelevant, belated,

inadmissible hearsay, and prejudicial to uCloudlink and should be excluded under Federal Rules

of Evidence 402, 403, and/or 802.

**4.**     **Motion *in Limine* No. 4 to Preclude Evidence or Argument Relating to Any Alleged Failure to Produce or Disclose Certain Evidence During Discovery**

The parties should be precluded from mentioning or referring to any discovery disputes

between the parties and/or motions to compel that are or were at any point pending before the

Court in this matter or any other because such matters are irrelevant to issues presented at trial,

and would be prejudicial to uCloudlink under Federal Rules of Evidence 402 and 403.

Specifically, SIMO should be precluded from suggesting that uCloudlink should have produced documents or information that it was neither asked to provide nor required to produce, including any evidence, testimony, or reference to uCloudlink's global sales, profits, and revenue from the Accused Products. For example, in his expert report, SIMO's damages expert Mr. Martinez stated:

> I understand that uCloudlink has not produced data or documents quantifying the volume or dollar value of data services provided to customers using Accused Devices outside of the United States. Therefore, as of this January 14, 2019, I have not been able to quantify the totality of the damages suffered by SIMO based on the allegations it has asserted against uCloudlink.

Ex. E (Martinez Rpt.) at ¶ 13.

However, during a telephone conference on January 2, 2019, this Court denied SIMO's application for a motion to compel uCloudlink to produce documents or information regarding discovery of international sales information. Indeed, the manufacture, sale, and use of a product outside the United States is not an act of infringement, rendering global sales information irrelevant in the instant case. *See Microsoft Corp. v. AT&T Corp.,* 550 U.S. 437, 454-455 (2007); *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000).

In addition, given the small market share uCloudlink possesses in the United States, the amount of global sales would dwarf the sales of the Accused Products actually at issue in the present case. Thus, any information regarding the Accused Products' global revenue or profit would "skew the damages horizon for the jury" and confuse the jury into thinking that the global sales are relevant. *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012). Accordingly, reference to any discovery dispute should be excluded as being unfairly prejudicial under Federal Rules of Evidence 402 and 403, including the opinions contained in paragraph 13 of Mr. Martinez's January 14, 2019 Expert Report (Ex. E).

13

5.    **Motion** *in Limine* **No. 5 to Preclude Evidence or Argument Relating to Skyroam's Products Allegedly Practicing the '689 Patent**

In his initial report, SIMO's expert Dr. Clark describes two Skyroam products – the Skyroam 3GMate Plus and the Skyroam Solis – and alleges that "at least [these products] practice at least claims 8 and 11-14 of the '689 patent."  Ex. A (Clark Initial Rpt.) at ¶¶ 5, 97; §§ V.5, V.6, and VII.  Dr. Clark makes similar allegations in his rebuttal report.  *See* Ex. B (Clark Rebuttal Rpt.) at ¶¶ 223-224.  SIMO should be precluded from offering any evidence that Skyroam's products allegedly practice the '689 patent because it is not relevant to the issue of damages, or any other issue, in this case.

As an initial matter, the actual plaintiff in this case, SIMO, does not manufacture anything, thus rendering its reference to Skyroam's products irrelevant.  Moreover, Skyroam's products are certainly not relevant to the issue of alleged infringement by uCloudlink.  The only apparent relevance of Skyroam's products in this case may relate to the issue of lost profits because lost profits are determined based on the plaintiff's losses.  However, as set forth in uCloudlink's Motion *in Limine* No. 1 (part e), SIMO's damages expert Mr. Martinez failed to offer any opinions concerning lost profits related to any Accused Product at issue in this case, and he admitted as much in his deposition.  *See* Ex. F (2/5/19 Martinez Dep. Tr.) at 68:12-20 ("I am not assessing lost profits… . I'm not concluding that lost profits are the appropriate measure in this instance.").

Further, Skyroam's products are not relevant to any other issues, such as marking, because Skyroam does not mark its products, a fact which SIMO admits.  *See, e.g.*, SIMO's Opp'n to Def.'s Mot. for Summ. J. (Dkt. No. 118) at 25 ("SIMO has provided *actual* notice to uCloudlink, and therefore, no constructive notice is required to recover pre-suit damages.") (emphasis in original).  Nor are Skyroam's products relevant to the issues of willfulness and

secondary considerations. As discussed in Motion *in Limine* No. 3, there is no evidence of willful infringement and even if there was, Skyroam's products are not relevant to a determination of willfulness. To establish willful infringement, SIMO must show that uCloudlink acted despite a risk of infringement that was "either known or so obvious that it should have been known to the accused infringer." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1930 (2016). Skyroam's products have no bearing on this analysis.

Skyroam's products are also unrelated to the issue of secondary considerations. To rely on copying as a secondary consideration of non-obviousness, "a nexus between the copying and the novel aspects of the claimed invention must exist for evidence of copying to be given significant weight in an obviousness analysis." *W.M. Wrigley Jr. Co. v. Cadbury Adams U.S.A. L.L.C.*, 683 F.3d 1356, 1364 (Fed. Cir. 2012). SIMO has not alleged that any of the alleged copying related to the patentable features, and thus, cannot demonstrate this requisite nexus. Rather, SIMO's only allegation of copying relates to the alleged misappropriation by Mr. Wang. Accordingly, Skyroam's products are not relevant to secondary considerations.

For at least these reasons, any evidence or argument relating to Skyroam's products allegedly practicing the '689 patent should be excluded as irrelevant and unfairly prejudicial to uCloudlink under Federal Rules of Evidence 402 and 403, including SIMO's proposed trial exhibits 2, 17, 20 23, 24, 82, 95-98, 124, 247, 248, 275, 277-281, 285, 385, and 386, which relate solely to the issue of whether Skyroam's products allegedly practice the '689 patent, and any testimony from witnesses related to any of Skyroam's products allegedly practicing the '689 patent, including the statements contained in paragraphs 5 and 97, and sections V.5, V.6, and VII of Dr. Clark's Initial Expert Report (Ex. A), and paragraphs 223-224 of Dr. Clark's February 14, 2019 Rebuttal Expert Report (Ex. B).

6. **Motion *in Limine* No. 6 to Preclude Evidence or Argument Relating to Any Alleged Damages to Skyroam**

Skyroam, Inc. is a wholly-owned subsidiary of SIMO, but is not a party to this action. As such, as an initial matter, evidence or argument relating to any alleged damages to Skyroam is irrelevant and would unfairly prejudice uCloudlink under Federal Rules of Evidence 402 and 403. SIMO's entire damages theory focuses on alleged damages to Skyroam, not alleged damages to SIMO. *See, e.g.,* Ex. E (Martinez Rpt.) at ¶ 194 ("In this instance, the parties would have entered into an agreement for a reasonable royalty for license rights to the Patent-in-Suit based on *Skyroam's* strategic licensing plans shortly before the hypothetical negotiation. The royalty rates would be derived from ████████████████████████████████ ███████████████ (emphasis added). Because Skyroam is not a party to this action, any evidence of alleged damages to that entity is irrelevant and should be excluded.

Even if SIMO somehow overcame this initial hurdle, Skyroam's alleged damages would only be relevant, if at all, under a lost profits theory and not a reasonable royalty theory. Under a lost profits theory, a plaintiff is only entitled to damages attributed to a non-party wholly-owned subsidiary of the plaintiff if the subsidiary's damages "flow inexorably" to the plaintiff. *See Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367 (Fed. Cir. 2008), *recalled and amended on other grounds by Mars, Inc. v. Coin Acceptors, Inc.*, 557 F.3d 1377 (Fed. Cir. 2009). This doctrine is not applicable when the measure of damages is a reasonable royalty, *i.e.*, the measure of damages sought by SIMO. But in a reasonable royalty analysis, Skyroam would not be a party in a hypothetical negotiation because ████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████ ██████████████████████████████ Therefore, evidence of alleged

damages to Skyroam is not relevant for determining a reasonable royalty. However, as set forth in uCloudlink's Motion *in Limine* No. 1 (part e), Mr. Martinez failed to offer any opinions concerning lost profits related to any Accused Product at issue in this case, and he admitted as much in his deposition.

Accordingly, any evidence or argument relating to any alleged damages to Skyroam should be excluded as irrelevant and unfairly prejudicial to uCloudlink under Federal Rules of Evidence 402 and 403, including SIMO's proposed trial exhibits 1, 3-19, 21, 22, 30, 47, 48, 87, 88, 107, and 110, which relate solely to the issue of whether Skyroam's products allegedly practice the '689 patent, and any testimony from witnesses related to any of Skyroam's products allegedly practicing the '689 patent, including the statements contained in paragraphs 79-197 and 199-203 of Mr. Martinez's January 14, 2019 Expert Report (Ex. E).

**7.      Motion *in Limine* No. 7 to Preclude Evidence or Argument Comparing the Accused Products to Any of Skyroam's Products**

To the extent SIMO is allowed to discuss its own products, SIMO should be precluded from offering any evidence that uCloudlink's products are comparable (or the same) as Skyroam's products. Patent infringement is determined by comparing properly construed claims to the accused products. *See, e.g., Markman v. Westview Instruments, Inc.*, 52 F. 3d 967, 976 (Fed. Cir. 1995); *In re Omeprazole Patent Litigation*, 490 F. Supp. 2d 381, 415 (S.D.N.Y. 2007).

Federal Circuit precedent establishes that "it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent." *Zenith Labs., Inc. v. Bristol-Meyers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1995); *see also Catalina Lighting, Inc. v. Lamps Plus, Inc.*, 295 F.3d 1277, 1286 (Fed. Cir. 2002); *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985). In view

of this principle, courts have granted motions *in limine* precluding the parties from comparing at trial accused products with preferred or commercial embodiments of the patented invention. *See, e.g., Saffran v. Johnson & Johnson*, No. 2:07–CV–451 (TJW), 2011 WL 10857558, at *1 (E.D. Tex. Jan. 13, 2011). Accordingly, any comparison of Skyroam's products to uCloudlink's products is entirely irrelevant and will only serve to confuse the jury and prejudice uCloudlink, and any such evidence should be excluded under Federal Rules of Evidence 402 and 403.

8. **Motion *in Limine* No. 8 to Preclude Evidence or Argument Relating to Indirect Infringement**

To establish liability for indirect infringement under either a contributory or inducement theory, SIMO must show that uCloudlink had knowledge of the patents-in-suit before SIMO filed its complaint in this case. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-766 (2011). But there is no admissible evidence showing that uCloudlink had pre-suit knowledge of the '689 patent.

First, as set forth in uCloudlink's Motion *in Limine* No. 1 (part c), Dr. Clark failed to include any evidence of alleged pre-suit knowledge of the '689 patent by uCloudlink in his expert reports. Moreover, neither Dr. Clark nor any other SIMO expert is permitted to make inferences about the intent required for indirect infringement. *See AU New Haven, L.L.C. v. YKK Corp.*, 15-CV-3411 (GHW)(SN), 2019 WL 1254763, at *13 (S.D.N.Y. Mar. 19, 2019) ("Because science has not yet invented a way to read minds, 'inferences about the intent or motive of parties or others lie outside the bounds of expert testimony.' Instead, juries must answer questions of intent with the lay tools that they always have: examination of testimony and documents, and assessment of credibility.") (quoting *In re Rezulin Prods. Liability Litigation*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004)).

Second, as further set forth in uCloudlink's Motion *in Limine* No. 2, any attempt by SIMO to prove pre-suit knowledge of the '689 patent by way of Mr. Bin Wang's alleged misappropriation of trade secrets would contravene this Court's order preluding such evidence. *See* Mem. Denying Pl.'s Req. to Amend Compl. (Dkt. No. 66). Third, as further set forth in uCloudlink's Motion *in Limine* No. 3, Mr. Zeng Rongrong's statements about Dr. Gong's alleged pre-suit knowledge of the '735 patent were untimely raised in SIMO's opposition to uCloudlink's summary judgment motion, inadmissible hearsay, and unfairly prejudicial to uCloudlink. Finally, the Court granted uCloudlink's summary judgment motion of no pre-suit damages because uCloudlink did not have actual notice of infringement of the S1 device until SIMO filed its amended complaint. *See* Order on Mots. for Summ. J. (Dkt. No. 131). Accordingly, any evidence or argument relating to indirect infringement should be excluded under Federal Rules of Evidence 402, 403, and/or 802.

9.      **Motion *in Limine* No. 9 to Preclude Reference to the "Presumption of Validity"**

The parties should be precluded from stating that a patent is presumed valid since this presumption is already accounted for in the elevated burden of proof and any reference to the "presumption of validity" would confuse the jury to the extent that the jury would be required to consider both that phrase and the Court's instructions on the burden of proof. *See Chiron Corp. v. Genentech, Inc.*, 363 F.3d 1247, 1258-59 (Fed. Cir. 2004). Thus, SIMO should be precluded from mentioning the presumption of validity (*e.g.*, that the '689 Patent is presumed valid).

10.     **Motion *in Limine* No. 10 to Preclude Evidence or Argument Relating to the Absence of Any Witness at Trial**

The parties took extensive discovery in this case. SIMO deposed eleven uCloudlink witnesses and it designated testimony from nine of these witnesses. The parties will be streamlining their case to present to the jury and it is not possible for uCloudlink to call every

witness who was deposed in relation to this case.  SIMO should be precluded from introducing

any argument or evidence referring to the absence of any witness at trial in a negative way such

as suggesting that the reason for the absence is that the testimony of the absent witness would be

detrimental or harmful to uCloudlink's defense.  SIMO is not prejudiced by the absence of any

uCloudlink witness testifying at trial because SIMO can offer deposition testimony of any of

these witnesses that is relevant to its case.  Accordingly, such an argument or evidence is both

irrelevant and unfairly prejudicial to uCloudlink and therefore should be excluded under Federal

Rules of Evidence 402 and 403.

## 11. Motion *in Limine* No. 11 to Preclude SIMO From Using Derogatory References Regarding uCloudlink

This Court should preclude the use of derogatory and pejorative references concerning

uCloudlink, including references to defendant Hong Kong uCloudlink Network Technology

Limited being a Chinese company and references to uCloudlink's employees and witnesses

being of Chinese descent.  Such references have no probative value to any claim or defense in

this case.  Moreover, they present a significant danger of causing unfair prejudice, confusing the

issues, and misleading the jury at least because they conjure negative stereotypes about

companies that manufacture products in China, which is a lawful activity.  *See Hersko v. United

States*, No. 13-CV-3255 (JLC), 2016 WL 6126461, at *14 (S.D.N.Y. Oct. 20, 2016) (granting

motion *in limine* to preclude testimony that posed a risk of improper "cultural stereotyping");

*see also Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) ("[R]epeated

references to Far Eastern parent corporations and 'foreign goods' or 'foreign products' could

prejudicially appeal to xenophobia and the current United States-Japanese trade imbalance."); *In

re Heparin Prod. Liab. Litig.*, No. 1:08hc600000 *et al.*, 2011 WL 1059660, at *11 (N.D. Ohio

Mar. 21, 2011) ("The risk of racial or ethnic stereotyping is substantial, appealing to bias, guilt

by association, and even xenophobia.").  Such references would be especially likely to mislead the jury given that uCloudlink is a legitimate business with a long and successful history.

In addition, any reference to uCloudlink's employees or witnesses being of Chinese descent should be precluded because this too presents a serious risk of causing unfair prejudice, confusing the issues, and misleading the jury by conjuring irrelevant racial or ethnic stereotypes. *See United States v. Cruz*, 981 F.2d 659, 664 (2d Cir. 1992) (finding the "[i]njection of a defendant's ethnicity into a trial" to be "self-evidently improper and prejudicial for reasons that need no elaboration").  Accordingly, such references are both irrelevant and unfairly prejudicial to uCloudlink and therefore should be precluded under Federal Rules of Evidence 402 and 403.

**12.**     **Motion *in Limine* No. 12 to Preclude Testimony or Argument Regarding the Smallest Saleable Patent Practicing Unit of the Accused Products As Relating to the Issue of Infringement**

The Court should preclude SIMO from arguing or introducing evidence about the "smallest salable patent practicing unit" in connection with SIMO's infringement claims.

The "smallest saleable patent practicing unit" can be used as a royalty base in determining the measure of damages awarded after infringement is found.  *See Tomita Techs. U.S.A., L.L.C. v. Nintendo Co.*, No. 11 Civ. 4256 (JSR), 2013 WL 4101251, at *7-8 (S.D.N.Y. Aug. 14, 2013).

Nevertheless, in its summary judgment motion, SIMO pointed to references by uCloudlink's experts on the "smallest saleable patent practicing unit" in order to argue that the Accused Products infringe the '689 patent.  *See* Pl.'s Mot. for Summ. J. (Dkt. No. 83) at 7 (alleging in its section entitled, "The Accused Products Infringe Claim 8 of the '689 Patent" that "[t]o the extent that Defendants' later attempt to disavow … their experts' testimony regarding the smallest saleable patent practicing unit, it is also undisputed that each Accused Product also includes 'programs, communication circuitry, authentication data stored on a subscribed identify

module (SIM) card and/or in memory and non-local calls database'"). This is improper and contrary to the law. As such, referencing the "smallest saleable patent practicing unit" in connection with its infringement arguments at trial will only serve to confuse the jury and thereby unduly prejudice uCloudlink.

Thus, uCloudlink respectfully requests the Court to preclude SIMO from arguing or introducing evidence about the smallest saleable patent practicing unit in connection with its infringement claims. *See* FED. R. EVID. 402 & 403.

**13. Motion *in Limine* No. 13 to Preclude Evidence or Argument Regarding uCloudlink's Counsel's Involvement with the Parent Patent Application to the '689 Patent**

Morgan, Lewis and Bockius LLP ("Morgan Lewis"), uCloudlink's counsel in this case, was retained by Mino Wireless USA Inc. to file U.S. Patent Application No. 12/039,646 ("the '646 application"), the application to which the '689 patent's application claims priority. Mino Wireless was a prior owner of the '646 application before it was ultimately assigned to SIMO Holdings Inc., the plaintiff in this case. The '646 application matured into U.S. Patent No. 8,116,735 ("the '735 patent"). The parties stipulated that the '735 patent is not at issue in this case. *See* Stipulation Regarding Dismissal of Count I of SIMO's Am. Compl. (The '735 Patent) (Dkt. No. 71). Therefore, as an initial matter, Morgan Lewis' prior involvement with the '646 application is irrelevant. Furthermore, Morgan Lewis merely filed the '646 application, and did so on behalf of an entity that is not a party to this litigation; another law firm prosecuted the application. Should SIMO seek to insinuate that Morgan Lewis' filing of the '646 application, or any other alleged involvement with that application, has any bearing on uCloudlink's positions in this case, such an attack would be inadmissible under Federal Rule of Evidence 403. There is no probative value derivable from this argument, let alone any value that would outweigh the unfair prejudice to uCloudlink. *See* FED. R. EVID. 401, 403. Accordingly, evidence or argument

regarding Morgan Lewis' involvement with the '646 patent application is both irrelevant and unfairly prejudicial to uCloudlink and therefore should be precluded under Federal Rules of Evidence 402 and 403.

14.     **Motion *in Limine* No. 14 to Preclude Evidence or Argument Regarding Any Pre-Suit Activities by uCloudlink and Pre-Suit Damages**

uCloudlink further requests the Court to preclude SIMO from referencing or making argument about damages prior to the date this action was filed.  This Court granted summary judgment of no pre-suit damages, finding that SIMO did not give actual notice of infringement until August 13, 2018, at the earliest.  *See* Order on Mots. for Summ. J. (Dkt. No. 131).  But because Mr. Martinez has provided opinions that the damages period began in August 2017, an order from the Court *in limine* is required to ensure SIMO does not introduce evidence to the jury that would be contrary to the Court's summary judgment order.  *See, e.g.,* Ex. E (Martinez Rpt.) at ¶ 15.  Given this Court's opinion that there are no pre-suit damages, SIMO and its fact and expert witnesses should be precluded from providing any testimony or evidence relating to pre-suit damages.

15.     **Motion *in Limine* No. 15 to Preclude Evidence or Argument Regarding the Order and Opinion on the Motions for Summary Judgment**

On April 12, 2019, the Court issued an Order on the parties' summary judgment motions (Dkt. No. 131).  The Court's opinion regarding these motions is expected to issue before trial.  In its Order, the Court found uCloudlink infringed claims 8 and 11 of the '689 Patent.  As to the remaining Asserted Claims, it is SIMO's burden to prove infringement.  *See Uniloc U.S.A., Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1301 (Fed. Cir. 2011).  Because this Order did not address infringement of all claims, any reference to this Order will likely confuse the jury into thinking all of the claims were infringed and thus, unfairly prejudice uCloudlink.  Accordingly, SIMO

should be precluded from referencing the Order on the Motion for Summary Judgment and any associated opinion under Federal Rule of Evidence 403.

16. **Motion *in Limine* No. 16 to Preclude Evidence of Secondary Considerations**

SIMO should be precluded from offering evidence of secondary considerations because SIMO failed to relate the alleged evidence of non-obviousness to the patented features. For objective evidence of secondary consideration to be accorded substantial weight, SIMO must establish a nexus between the evidence and the claimed invention. *Wyers v. Master Lock Co.*, 616 F.3d 1231, 1246 (Fed. Cir. 2010). SIMO has failed to do this, and thus, any evidence of secondary considerations should be excluded.

SIMO's expert, Dr. Clark points to unsubstantiated articles, containing nothing more than hearsay, discussing high roaming costs as allegedly establishing a lack of a solution and long felt need. *See, e.g.*, Ex. B (Clark Rebuttal Rpt.) at ¶¶ 218-219. First, this evidence does not reliably establish a long felt need. Further, other than conclusory allegations, there is no evidence proving that the claimed invention satisfied this alleged long-felt need. Dr. Clark also alleges that commercial success of both Skyroam's and uCloudlink's products constitutes evidence of secondary considerations. Ex. B (Clark Rebuttal Rpt.) at ¶ 223. However, SIMO has failed to provide any evidence that either Skyroam's products or uCloudlink's products were commercially successful because of the patented features.

Dr. Clark further cites praise of the invention. However, Dr. Clark's allegations are based on nothing more than unsubstantiated hearsay – i.e., purported customer reviews and industry awards. *See* Ex. B (Clark Rebuttal Rpt.) at ¶ 224. While these are documents pertain to Skyroam products, they do not focus on the patented features, but rather, focus on the overall approval of Skyroam's products. Additionally, Dr. Clark's statement at paragraph 225 that other patent documents cite to the '689 patent does not establish praise of the '689 patent.

Finally, as discussed in Motion *in Limine* No. 2, the alleged trade secret misappropriation by Mr. Wang does not constitute copying of the patented invention. SIMO has failed to provide any evidence that the alleged copying has anything to do with the patented features. Further, SIMO argues that the supposed trade secrets were incorporated into Chinese patents relating to technology used by backend servers – not the Accused Products. Additionally, SIMO's argument that Mr. Wang copied the patented features undermines the argument that Mr. Wang misappropriated trade secrets. If Mr. Wang copied SIMO's patented features, he copied public information. SIMO cannot credibly claim that this information is both public and secret. Further, this Court has ruled that the allegations of trade secret misappropriation are not relevant to the issues in this case, and even if they were, they are unduly prejudicial to uCloudlink. *See* Mem. Denying Pl.'s Req. to Amend Compl. (Dkt. No. 66). Accordingly, SIMO should be precluded from offering its evidence of alleged secondary considerations of non-obvious, as they are based on hearsay, irrelevant and unduly prejudicial.

## Conclusion

Because the evidence identified herein is inadmissible at trial, this Court should grant uCloudlink an order *in limine* instructing and directing all attorneys, parties, and witnesses not to make any statement concerning, ask any questions pertaining to, allude to, or put before the jury in any form or manner, directly or indirectly, any of the above-identified evidence. In the alternative, if this Court does not grant uCloudlink such an order, then this Court should at least limit admission of the evidence the Court deems admissible by providing the jury with limiting instructions to disregard such evidence or by permitting introduction of the evidence only after the introducing party's case in chief.

Date: April 17, 2019

/s/ Bradford A. Cangro
Robert Busby (admitted *pro hac vice*)
robert.busby@morganlewis.com
Bradford A. Cangro (admitted *pro hac vice*)
bradford.cangro@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004
+1.202.739.3000
+1.202.739.3001

Shaobin Zhu
shaobin.zhu@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1400 Page Mill Road
Palo Alto, CA 94304
+1 650.843.4000
+1 650.843.4001

Michael E. Tracht
michael.tracht@morganlewis.com
**Morgan, Lewis & Bockius LLP**
101 Park Avenue
New York, NY 10178
+1.212.309.6000
+1.212.309.6001

**Attorneys for Defendants Hong Kong
uCloudlink Network Technology Limited
and Ucloudlink (America), Ltd.**

## <u>CERTIFICATE OF SERVICE</u>

I certify that counsel of record for Plaintiff were served via email on this 17th day of

April, 2019, with an unredacted copy of the foregoing Motions *in Limine*, and the accompanying

exhibits.

<u>/s/ Bradford A. Cangro</u>
Bradford A. Cangro