# K&L GATES

April 26, 2019

Hon. Judge Rakoff
United States Courthouse
500 Pearl Street, Room 1340
New York, New York 1007

Harold H Davis
Partner
harold.davis@klgates.com

T +1 415 249 1008
F +1 415 882 8220

Re: <u>*SIMO Holdings, Inc. v. Hong Kong uCloudlink et al.,* Case No.: 1:18-cv-5427</u>

Dear Hon. Judge Rakoff:

      Defendants' only articulated concern about SIMO's request to "true up" its damages calculations is "there will be insufficient time to take the deposition of Martinez and provide uCloudlink's damages expert, Mr. Hansen, with a meaningful opportunity to analyze and respond to Mr. Martinez's supplemental report." Dkt. No. 160, at 2. How long does it take to use a calculator to check whether Mr. Martinez correctly multiplied the royalty base by the royalty rate? Five minutes, maybe? Defendants have a team of lawyers, paralegals, and experts. Mr. Hansen has his own staff. SIMO is confident that between their decades of college educated experience, Defendants will have no problem quickly checking Mr. Martinez's math.

      Further, what conceivable deposition questions do Defendants want to ask? Whether Mr. Martinez used a Casio calculator or Microsoft Excel to calculate the numbers? How long it took his staff to plug in the updated numbers? Defendants' pearl clutching at something they admit "happens in almost every patent infringement case" is confounding. There must be something else afoot that they have chosen not to share with the Court. Whatever it is, Defendants make no serious argument of prejudice. They effectively concede no prejudice because they agree, without objection, that the Court can make the arithmetic correction after a verdict is rendered.

      SIMO does not believe a post-trial correction for data in the parties' possession is the appropriate course here, because the jury would be presented with incomplete and outdated damages data. They would only receive information about two months out of an, as of the trial date, nine month damages period. The omission of this data is highly prejudicial to SIMO because of the large gap of unaccounted-for damages could lead to confusion and incorrect inferences. The danger is that the jury would be misled into thinking that this was not an important case if SIMO only seeks $793,000 and/or that SIMO is not entitled to an ongoing royalty because there is no data after September 2018. SIMO seeks to provide the jury with the most accurate and complete picture possible, and Defendants want to hide facts from the jury.

      As to whether SIMO was diligent in seeking this "true up," SIMO submits that it was in good faith trying to resolve this issue with Defendants per the Court's meet-and-confer requirements. Defendants concede they produced supplemental data a month after Mr. Martinez's report was due (and not in January as Defendants' counsel stated). Between February

22 and the pretrial conference, despite weeks of communication, at no time did Defendants indicate that they would object to a "true up."

In fact, Defendants' counsel led SIMO to believe there would be no issue with the "true up" because, in his own words, this update is "nothing more than plugging in data for the exact same analysis and the exact same computations." Also, Defendants' expert, Mr. Hansen, stated that he anticipated updating his final numbers after his report but prior to trial, which further indicated to SIMO there would be no concern about simple arithmetic "true up." Ex. G. Hansen Dep. 77:20-78:3 (stating intention to include data from September 30th up until trial into his royalty base). It was only two days ago that Defendants, without prior notice, raised their feigned concern. SIMO submits that it should not be precluded from presenting an accurate depiction of its damages to the jury when it has been making good faith efforts to work with the other side on something that "happens in almost every patent infringement case."

**Defendants Do Not Contest The Key Facts or Law**

In their brief, Defendants do not contest that they misstated three key facts. **First**, they misstated that the data was provided to SIMO in January 2019 instead of February 22, a month after expert reports were served  PTC Tr. at 27:3–7; Dkt. No. 158-5. **Second**, Defendants incorrectly implied that SIMO is providing new damages theories outside the scope of SIMO's expert report, when it is undisputed that SIMO is just conforming its calculation with the updated damages period ordered by the Court on April 15, 2019 and with new data received on February 22. PTC Tr. at 23:19–24:12; Dkt. Nos. 131; (Order Granting MSJ), 158-5. **Third**, Defendants misstated that they "never heard anything back after" from SIMO, when, in fact, it is undisputed that SIMO responded _within hours_ that its update was for the noncontroversial purpose of "plugging in data." PTC Tr. at 22:3–7, Dkt. No. 158-6.

Defendants further do not deny that the damages calculation will have to be updated in any event to account for damages incurred so far in 2019 because Defendants have inexplicably failed to provide any damages data from 2019.

SIMO has not changed its position on the ongoing royalty rate. Defendants' damages expert, Mr. Hansen, has already provided his criticisms of Mr. Martinez' opinions. Defendants articulate no reason why their damage expert cannot handle the simple multiplication of the same rate by a larger base (additional sales), which is not contested by Defendants.

The cases cited by Defendants do not support their positon. Unlike in *Finjan, Inc. Proofpoint, Inc.*, where the Court struck _witnesses_ disclosed at the eleventh hour, here, Defendants have known Martinez' opinion on ongoing royalty rate since January 14, 2019 and it is by no means a surprise that their additional sales data would apply to the same rate. 2015 WL 9900617, at *3 (N.D. Cal. Oct. 26, 2015). Unlike in *Villar v. Wilco Truck Rentals*, there is no prejudice here because Defendants have significantly longer than "overnight" to check Martinez's multiplication, could use any error as effective cross examination, and here, have conceded that a true-up will need to occur in any event. 627 F. Supp. 389, 392 (M.D. La. 1986). Consequently, SIMO requests that it be allowed to present its "true up" damages calculation.

Very truly yours,

_____
Harold H. Davis