UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ X:
:
SIMO HOLDINGS INC., :
:
      Plaintiff, :    No. 1:18-cv-05427 (JSR)
:
  -against- :
:
HONG KONG UCLOUDLINK NETWORK :
TECHNOLOGY LIMITED and :
UCLOUDLINK (AMERICA), LTD., :
:
      Defendants. X
------------------------------------------------------

**DEFENDANTS HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED AND UCLOUDLINK (AMERICA) LTD.'S REVISED PROPOSED LIMITING INSTRUCTION REGARDING A NON-PARTY WITNESS'S TESTIMONY**

Pursuant to this Court's oral instruction on May 6, 2019 (Tr. 303:22-304:5), Defendants Hong Kong uCloudlink Network Technology Limited and uCloudlink (America) Ltd. respectfully request the Court issue the limiting instruction that is provided below beginning on page 3 to the jury on the Fifth Amendment issue in connection with the deposition testimony of a certain non-party witness, Mr. Wang Bin.[1]

The reasons for uCloudlink's request are as follows. After the video of Mr. Bin's deposition testimony offered by SIMO in its case-in-chief, the Court instructed the jury as follows:

> I should have mentioned one other thing. You heard the witness in the deposition invoke his Fifth Amendment privilege. Now, the Constitution gives someone the right to remain silent when they think that the answer might tend to incriminate them. And in criminal cases that can never be used against someone. In civil cases, however -- and this is a civil case -- you may, if you wish, infer from someone

---

[1] Defendants maintain that their prior proposed limiting instruction on this same issue is necessary to appropriately limit and clarify the Court's prior instruction. *See* Dkt. No. 166.

taking the Fifth that if they had answered the question, they would have admitted what the questioner was claiming in his question, his or her question. You don't have to draw that inference, but you can draw that inference. So it's different from a criminal case. You can draw that inference in a civil case.

5/3/19 Tr. 227:6-17.

As given, the Court's instruction leaves the jury with the inaccurate impression that the witness's decision to invoke his Fifth Amendment privilege may be used not only against the witness in his individual capacity but also against Defendants Hong Kong uCloudlink Network Technology Limited and uCloudlink (America) Ltd. Because Defendants, not Mr. Bin, are a party to this case, there is a high likelihood that the jury will draw an adverse inference against Defendants based on Mr. Bin's individual decision with his attorney to invoke his personal Fifth Amendment rights.

Whether any inference may be drawn against a party to the case based on a non-party's decision to invoke the Fifth Amendment is a fact-intensive inquiry that must be based on (i) the total circumstances of the case, and (ii) whether such an adverse inference is trustworthy under all of the circumstances.[2] *LiButti v. United States*, 107 F.3d 110, 122-24 (2d Cir. 1997). Imputing an adverse inference to Defendants based on the witness's decision to invoke the Fifth Amendment without first finding the requisite association between Defendants and the witness would be legally erroneous and unduly prejudicial to Defendants. Therefore, the proposed limiting instruction below is necessary to explain the purpose for which the evidence may be used and the scope of any inference that may be drawn; if the limitations on the applicability of the adverse inference are not appropriately explained, the prior instruction is not a correct statement of law and severely prejudices Defendants in this case.

---

[2] Defendants maintain all prior objections to the admission of Mr. Bin's deposition testimony into evidence under the Federal Rules of Evidence. *See, e.g.*, *LiButti*, 107 F.3d at 122-24.

## Revised Proposed Limiting Jury Instruction–Adverse Inference

Earlier in the case, you heard a witness in a deposition video invoke his Fifth Amendment privilege. I instructed you that, in civil cases like this one, you may, if you wish, infer from the witness invoking the Fifth Amendment that if he had answered the question, he would have admitted what the questioner was claiming in his question. The inference that you may—but are not required to—make from the witness invoking his Fifth Amendment privilege is an inference of admission against the witness personally.

But you must not infer from the witness invoking his Fifth Amendment right that his testimony would have been unfavorable to Defendants in this case unless the witness is sufficiently associated with Defendants so as to justify the adverse inference. Whether the witness is sufficiently associated with Defendants so as to justify an adverse inference against Defendants, rather than the witness personally, depends on (i) the total circumstances of the case, and (ii) whether such an adverse inference is trustworthy under all of the circumstances.

If you find the witness is not sufficiently associated with Defendants, you must not infer anything adverse or unfavorable to Defendants in this case because the witness refused to testify.

And, even if you find that the witness is sufficiently associated with Defendants to justify an adverse inference against Defendants rather than just the witness personally, you may—but are not required to—draw any inference. You must also remember that an adverse inference alone is insufficient to establish any entitlement to relief.

**Authorities**

*LiButti v. United States*, 107 F.3d 110, 122 (2d Cir. 1997); *Cerro Gordo Charity v. Fireman's Fund Amer. Life Ins. Co*., 819 F.2d 1471, 1481 (8th Cir. 1987); *Brink's Inc. v. City of New York*, 717 F.2d 700, 718 (2d Cir. 1983); *S.E.C. v. McGinn, Smith & Co*., 752 F. Supp. 2d 194, 211

(N.D.N.Y.), *order vacated in part on reconsideration sub nom. S.E.C. v. Wojeski*, 752 F. Supp. 2d 220 (N.D.N.Y. 2010); *Willingham v. Cty. of Albany*, 593 F. Supp. 2d 446, 452–53 (N.D.N.Y. 2006); *Kontos v. Kontos*, 968 F. Supp. 400, 407 (S.D. Ind. 1997); *United States v. District Council of New York City*, 832 F. Supp. 644, 651-52 (S.D.N.Y. 1993); *see also In re 650 Fifth Ave. & Related Props.*, No. 08 CIV. 10934 (KBF), 2017 WL 6419035, at *3 (S.D.N.Y. May 30, 2017).

Date: May 7, 2019                    　　　　 /s/ Jason White
　　　　　　　　　　　　　　　　　　Jason C. White (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　jason.white@morganlewis.com
　　　　　　　　　　　　　　　　　　Nicholas A. Restauri (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　nicholas.restauri@morganlewis.com
　　　　　　　　　　　　　　　　　　Karon N. Fowler (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　karon.fowler@morganlewis.com|
　　　　　　　　　　　　　　　　　　**Morgan, Lewis & Bockius LLP**
　　　　　　　　　　　　　　　　　　77 West Wacker Drive, Fifth Floor
　　　　　　　　　　　　　　　　　　Chicago, IL 60601
　　　　　　　　　　　　　　　　　　+1.312.324.1000
　　　　　　　　　　　　　　　　　　+1.312.324.1001

　　　　　　　　　　　　　　　　　　Robert Busby (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　robert.busby@morganlewis.com
　　　　　　　　　　　　　　　　　　Bradford A. Cangro (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　bradford.cangro@morganlewis.com
　　　　　　　　　　　　　　　　　　**Morgan, Lewis & Bockius LLP**
　　　　　　　　　　　　　　　　　　1111 Pennsylvania Avenue, NW
　　　　　　　　　　　　　　　　　　Washington, DC  20004
　　　　　　　　　　　　　　　　　　+1.202.739.3000
　　　　　　　　　　　　　　　　　　+1.202.739.3001

　　　　　　　　　　　　　　　　　　Shaobin Zhu
　　　　　　　　　　　　　　　　　　shaobin.zhu@morganlewis.com
　　　　　　　　　　　　　　　　　　**Morgan, Lewis & Bockius LLP**
　　　　　　　　　　　　　　　　　　1400 Page Mill Road
　　　　　　　　　　　　　　　　　　Palo Alto, CA 94304
　　　　　　　　　　　　　　　　　　+1 650.843.4000
　　　　　　　　　　　　　　　　　　+1 650.843.4001

　　　　　　　　　　　　　　　　　　Michael E. Tracht
　　　　　　　　　　　　　　　　　　michael.tracht@morganlewis.com
　　　　　　　　　　　　　　　　　　**Morgan, Lewis & Bockius LLP**
　　　　　　　　　　　　　　　　　　101 Park Avenue
　　　　　　　　　　　　　　　　　　New York, NY 10178
　　　　　　　　　　　　　　　　　　+1.212.309.6000
　　　　　　　　　　　　　　　　　　+1.212.309.6001

　　　　　　　　　　　　　　　　　　**Attorneys for Defendants Hong Kong**
　　　　　　　　　　　　　　　　　　**uCloudlink Network Technology Limited**
　　　　　　　　　　　　　　　　　　**and Ucloudlink (America), Ltd.**

## CERTIFICATE OF SERVICE

I, Jason White, hereby certify that on May 7, 2019 a copy of uCloudlink's Revised Proposed Limiting Instruction Regarding a Non-Party Witness's Testimony were served via electronic mail on the counsel of record for Plaintiff.

/s/ <i>Jason White</i><br>
Jason White