```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/3/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------
SIMO HOLDINGS INC.,

        Plaintiff,

  -against-

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED and
UCLOUDLINK (AMERICA), LTD.,

        Defendants.
---------------------------------------

18-cv-5427 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

    In this patent infringement action, plaintiff SIMO Holdings Inc. accused defendants Hong Kong uCloudlink Network Technology Limited and uCloudlink (America), Ltd. (collectively, "uCloudlink") of infringing certain claims of SIMO's U.S. Patent No. 9,736,689 (the "'689 Patent"). The Court granted SIMO summary judgment as to infringement of claims 8 and 11, see Summary Judgment Opinion, ECF No. 163, and the parties subsequently stipulated as to infringement for the remaining claims, see Stipulation, ECF No. 165. Following trial, the jury rejected uCloudlink's defense that all asserted claims of the '689 Patent were anticipated by prior art; awarded compensatory damages of $2,183,562.40; and found that uCloudlink had willfully infringed. See Verdict, ECF No. 180.

    Now before the Court is SIMO's application for an increased damages award pursuant to 35 U.S.C. § 284, ECF No. 182, as well

1

as uCloudlink's opposition, ECF No. 201.[1] For the reasons that follow, the Court concludes that a modest increase is appropriate under the circumstances of this case. The ultimate damages award will therefore be increased by 30 percent.

Upon a finding of infringement, a court "may" award up to treble damages. 35 U.S.C. § 284. This increase in damages is "designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior," such as willful or deliberate infringement. Halo Electronics, Inc. v. Pulse Electroncis, Inc., 136 S. Ct. 1923, 1932 (2016). In determining whether an increased damages award is appropriate, courts often look to a non-exhaustive list of nine factors from Read Corp. v. Portec, Inc., 970 F.2d 816 (Fed. Cir. 1992), abrogated on other grounds by Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).[2] The parties in this case spend much of their briefing discussing the Read factors. However, "the district court is not required to discuss the Read factors," Presidio Components, Inc. v. Am. Technical Ceramics Corp., 875

---

[1] SIMO also filed a reply, ECF No. 203, but no reply was authorized by the Court, see Tr. May 9, 2019, at 713:7-9, nor did SIMO request permission to file a reply. Because this filing was in violation of the Court's Individual Rule 2(b), it has not been considered.

[2] Those factors are: (1) whether the infringer deliberately copied; (2) whether the infringer formed a good faith belief that the patent was invalid or not infringed; (3) the infringer's behavior in the litigation; (4) the infringer's size and financial condition; (5) the closeness of the case; (6) the duration of misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. Read, 970 F.2d at 827.

F.3d 1369, 1382 (Fed. Cir. 2017), and in this case the Court finds most of those factors to be inapplicable. Rather, the Court's analysis is guided chiefly by two considerations.

First, the jury found that uCloudlink willfully infringed the '689 Patent, that is, "that uCloudlink actually knew of SIMO's Patent and intentionally chose to infringe it." Court's Instructions of Law to the Jury 20, ECF No. 184. That finding establishes that this is the kind of "willful," "deliberate," or "consciously wrongful" behavior for which a punitive sanction may be justified. Halo, 136 S. Ct. at 1932. Although the Court retains discretion not to enhance damages even upon a finding of willfulness, the Court finds it appropriate to do so in this case as a reprimand for this intentional misconduct.[3]

Second, however, and importantly, the scale of the misconduct is unclear. SIMO insists that the evidence established that uCloudlink copied SIMO's invention. Pl. Mem. 2-7. The Court is not so certain. Much of the evidence cited is circumstantial or subject to innocent explanations, and the jury's verdict did not indicate that it necessarily found copying. Moreover, while the evidence

---

[3] uCloudlink argues that there is insufficient evidence to support the jury's finding of willfulness. Def. Mem. 3-4. For purposes of the present motion, the Court accepts the jury's verdict as rendered, but this is without prejudice to uCloudlink making an appropriate motion for judgment notwithstanding the verdict on that issue. Should the Court ultimately determine that insufficient evidence supports the willfulness determination - an issue on which the Court expresses no opinion at this time - it will also revisit the issue of enhanced damages.

did clearly establish serious misconduct by uCloudlink's now-former employee, Wang Bin, the Court cannot confidently conclude that uCloudlink either directed or profited from Wang Bin's actions, and the jury's verdict again does not disclose whether it reached a consensus on this issue. In short, much of the evidence is consistent with, but does not necessarily imply, deliberate copying.

Additionally, the Court has no reason to believe that uCloudlink's defenses of non-infringement and invalidity were not formed in good faith. Although the Court ultimately ruled against uCloudlink on a number of issues, the great majority of its arguments were not frivolous, and indeed many had some merit. So while it is true that uCloudlink appears not to have taken any remedial action in response to this lawsuit, see Pl. Mem. 7-8, that does not say much, since for most of this case it had a colorable defense. Similarly, the Court disagrees with plaintiff's argument, see Pl. Mem. 9-12, that this case was not close. The Court also disagrees with plaintiff's assertion, see Pl. Mem. 12-17, that uCloudlink committed misconduct in the course of this litigation that merits sanctions. Most of the examples cited by SIMO are not misconduct, but ordinary (if hard-nosed) litigation tactics. And while uCloudlink did disobey one order from this Court, the circumstances suggest to the Court that it was prompted

4

by poor decisionmaking in the heat of the moment rather than a deliberate attempt to flout the Court's authority.

The Court must, however, correct one misrepresentation by uCloudlink. Relying on this Court's summary judgment order, uCloudlink claims that it "did not receive actual notice of the '689 patent until after SIMO had filed its initial Complaint." Def. Mem. 9. But that is seriously misleading. "Actual notice" in this context is a term of art. It refers, counterintuitively, not to whether the alleged infringer actually had notice, but whether the patent holder took specific actions to inform the infringer of the patent. For this purpose, "[i]t is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement." Amsted Indus. Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 187 (Fed. Cir. 1994). Indeed, in its moving papers for summary judgment, uCloudlink recognized that its own "independent knowledge of the '689 patent" would be "insufficient to constitute actual notice." Def. Mem. Supp. S.J. 24, ECF No. 119. This Court agreed, stating that "even if defendants knew they were infringing the '689 Patent, that could not satisfy the requirement of actual notice as a matter of law, absent affirmative action by plaintiff." Summary Judgment Opinion 38.

The Court's determination that uCloudlink did not receive "actual notice" of the '689 Patent prior to August 2018, then, has no bearing whatsoever on uCloudlink's knowledge of that patent.

5

Yet uCloudlink now seeks to use that favorable ruling to argue that, because it did not receive "actual notice" in the legal sense, it must not have known about the patent at all. That argument is baseless. The actual evidence surrounding when uCloudlink learned of the '689 Patent clearly suggests prior knowledge, and, in any event, does not compel the conclusion, as uCloudlink suggests, that this knowledge was only acquired in the midst of this litigation.

In summary, because the jury determined that uCloudlink deliberately infringed, the Court finds that enhanced damages are appropriate. However, because the evidence is mixed as to the extent of that misconduct, SIMO's proposed enhancement of 50 percent is too high. SIMO's motion is therefore granted, but only to the extent of increasing damages by 30 percent.[4]

The parties are directed to call chambers by no later than Friday, June 7, to schedule the filing of any remaining post-verdict motions. The Clerk of the Court is directed to close docket entry 181.

SO ORDERED.

Dated: New York, NY

June 3, 2019

JED S. RAKOFF, U.S.D.J.

---

[4] SIMO has indicated that it will ask the Court to increase the award of compensatory damages, prior to the increase for willfulness, to account for a period of infringement not covered by the evidence produced in discovery. Pl. Mem. 1 n.1. The Court expresses no view on that issue at this time.