UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMO HOLDINGS INC.,

    Plaintiff,

-against-

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED and
UCLOUDLINK (AMERICA), LTD.,

    Defendants.

18-cv-5427 (JSR)

MEMORANDUM ORDER



JED S. RAKOFF, U.S.D.J.

    Defendants Hong Kong uCloudlink Network Technology Limited and uCouldlink (America), LTD. (together "uCloudlink"), submitted a letter to the Court ("uCloudlink Letter"), claiming to have redesigned their products such that they cannot infringe the '689 patent held by plaintiff SIMO Holdings Inc. ("SIMO"). Pursuant to this claim, uCloudlink asks the Court to issue an order clarifying whether the injunction it issued on August 29, 2019, as currently written, see Opinion and Order, ECF No. 264 ("Injunction Order"), prevents uCloudlink from selling the redesigned products. In the alternative, uCloudlink asks the Court to modify the injunction to allow the sale of the redesigned product. Plaintiff objects to both of these requests in its own letter response ("SIMO Letter"). Because it is not clear at this point whether the redesigned product avoids infringing SIMO's patent, the Court finds that the

Injunction Order forbids the product's sale. Nonetheless, the Court will allow briefing, limited discovery, and a hearing to determine whether the injunction should be modified.

uCloudlink claims that its redesigned devices no longer infringe SIMO's patent because they always use the same cellular network for retrieving the cloud SIM from the uCloudlink back-end server and for general Internet connectivity using the Cloud SIM. uCloudlink Letter 2-6. This redesign, however, appears to be exact same one that the Court was skeptical of in its Injunction Order. Id. at 33-37. The Court rejected the redesign as a basis for denying an injunction because it was "not persuaded that the redesign is sufficient to prevent future infringement" based on the evidence uCloudlink provided. Id. at 34. Faced with "these uncertainties," the Court granted an injunction against all of uCloudlink's accused devices, including "the GlocalMe G2, G3, and U2, as well as an S1 mobile world phone." Id. at 1.

Uncertainty about whether the redesigned products infringe SIMO's patent persists. In their letter, defendants do not produce any new evidence supporting their contention that the redesign avoids infringing SIMO's patent. Further, plaintiff continues to dispute this fact. SIMO Letter 1-2. Although uCloudlink claims it can produce more evidence that its redesign renders its products non-infringing, the current record does not establish this fact. Thus, at this point, defendants have not produced enough evidence

to justify interpreting or modifying the Injunction Order to allow them to sell the redesigned product.

uCloudlink's argument that the injunction should not cover the redesigned devices because they are colorably different from the original infringing devices does not alter this conclusion because it is unsupported. uCLoudlink Letter 8. uCloudlink cites to no cases establishing a general patent law principle that injunctions should not extend to colorably different devices. Rather, uCloudlink cites to cases where courts evaluated specific injunction provisions forbidding the sale of products that were "not more than colorably different" from the adjudged infringing products. See, e.g. nCUBE Corp. v. SeaChange Int'l Inc., 732 F.3d 1346, 1347 (Fed. Cir. 2013). The Injunction Order contains no such provision, so these cases are inapplicable.

While defendants have not produced evidence sufficient to demonstrate that the Injunction Order does or should allow them to sell the redesigned products, the Court does not foreclose the possibility that uCloudlink could adduce such evidence. uCloudlink claims it can produce a new expert report, technical documents, and new declaration which demonstrate that its redesign renders its products non-infringing. uCloudlink Letter 6-7. Accordingly, the Court will allow briefing, as well as some limited discovery, on the question of whether the Injunction Order should be modified to allow uCloudlink to sell its redesigned products. The parties

are instructed to jointly proposed a schedule for such briefing and discovery, after which the Court will set a date for argument on this matter.

SO ORDERED.

Dated:   New York, NY

September 30, 2019

JED S. RAKOFF, U.S.D.J.