



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/2/19

September 29, 2019

Peter E. Soskin
peter.soskin@klgates.com

T +1 415 882 8046
F +1 415 882 8220

**By E-mail**

Hon. Judge Rakoff
United States Courthouse
500 Pearl Street, Room 1340
New York, New York 1007

Re: <u>SIMO Holdings, Inc. v. Hong Kong uCloudlink et al.</u>, Case No.: 1:18-cv-5427

Dear Hon. Judge Rakoff:

Pursuant to the Court's instructions, SIMO Holdings, Inc. ("SIMO") provides below its response to Hong Kong uCloudlink et al.'s ("uCloudlink") letter brief regarding the following two issues: (1) whether this Court's injunction order applies to all of the devices identified in the order, or just devices that infringe; and (2) the amount of time SIMO would need to respond to uCloudlink's argument that its design-around is non-infringing, and to assess whether the devices previously judged to be infringing actually perform the design-around.

As described below, either the Court should find that its injunction covers all devices identified in the order, or should permit SIMO an opportunity to fully develop the record as to whether uCloudlink's purportedly redesigned devices infringe and thus should be subject to the already entered injunction.

**Scope of this Court's Injunction Order**

This Court's Opinion and Order granting an injunction is quite clear: "the Infringing Devices" is specifically defined as the "line of mobile WiFi hotspot devices" and "mobile world phone" sold by uCloudlink. Dkt. 264, at 1. The Court's order granting SIMO's request for an injunction enjoins "the Infringing Devices." Specifically, "Defendants are hereby enjoined, effective as of September 1, 2019, from importing, selling, offering to sell, or enabling the use of <u>the Infringing Devices</u> within the United States. <u>Id.</u> at 36–37 (emphasis added). The scope of this Court's Order granting SIMO and injunction is unequivocal in its scope, and applies to all devices identified by description (irrespective of their particular functionality). That the Court selected the word "Infringing" as compared to "At-Issue," for example, is of no moment. The order plainly covers the mobile WiFi hotspot devices and mobile world phones sold by uCloudlink.

K&L GATES LLP
FOUR EMBARCADERO CENTER SUITE 1200 SAN FRANCISCO CA 94111
T +1 415 882 8200 F +1 415 882 8220 klgates.com

During the parties' briefing on the injunction issue, uCloudlink argued that it had implemented a design-around. In support of that alleged design-around, uCloudlink presented a bare-bones declaration from an in-house engineer, Thomas Gong, which was both confusing and limited in detail. Dr. Gong's declaration failed to provide the court with enough information to determine whether uCloudlink's design-around resulted in a non-infringing product. This Court is apparently aware of these issues, as it noted that "[g]iven these uncertainties, the Court is not willing to take at face value defendants' assertions about how the upgrade functions, or that the upgraded devices no longer infringe the '689 Patent. Accordingly, SIMO's motion for permanent injunction is granted." Id. at 36 (emphasis added). On the basis of this reasoning, the Court enjoined the sale and use of "the Infringing Devices." Id. at 36 – 37. SIMO therefore submits that the Court's entry of the injunction expressly rejected uCloudlink's purported design around, and covered all products that fit into the description of "Infringing Devices" described above.

Nothing in the Court's order changes this scope, as the Court's order simply does not qualify the injunction as being limited to devices previously judged to infringe. This is consistent with the governing law, which confirms that this Court may permissibly issue an injunction for devices in general, requiring pre-approval before a non-infringing device may be sold. See , *TiVo Inc. v. EchoStar Corp.*, No. 2009-1374, 2010 U.S. App. LEXIS 4543, at *39 (Fed. Cir. Mar. 4, 2010) ("Having presided over this case for many years, the district court was in a unique position to evaluate the likelihood that EchoStar would continue to infringe TiVo's patent. *Id.* (emphasizing that the "district court's familiarity with the proceedings "justified upholding an injunction requiring pre-approval of "any activities with respect to" infringing devices); *Spindelfabrik Suessen-Schurr Stahlecker & Grill v. Schubert & Salzer*, 903 F.2d 1568, 1577 (Fed. Cir. 1990) (explaining that repeated and blatant violations of the district court's earlier injunction fully justified broad provisions requiring court approval before implementing design around efforts).

The fact that Dr. Gong's biased declaration testimony does not show that the purported design-around products are non-infringing is especially instructive here, as the Court provided uCloudlink with ample opportunity to articulate the details of this purported design-around in seeking to avoid an injunction in the first instance. uCloudlink's failure to do so resulted in an injunction order that provides uCloudlink with the burden of establishing that it no longer infringes in order to obtain a modification of the injunction order. This scope should not be disturbed.

### Time for SIMO to Respond to uCloudlink's Application for Modification of the Injunction Order

uCloudlink did not seek clarification or modification of the injunction order after it was issued by the Court despite being reminded by SIMO's counsel that the Court's injunction order is clearly not limited to "devices that infringe." Because the Court's order explicitly enjoins the sale and use of "the Infringing Devices," uCloudlink was required to stop selling and supporting its devices in the United States. uCloudlink continued selling and supporting its devices in the United States, and uCloudlink apparently only sought clarification and modification of the injunction order after Amazon apparently pulled "the Infringing Devices" off the Amazon website when Amazon became aware of the injunction order.

The injunction order resulted in a status quo that, by design, should have permitted SIMO

2

to avoid expending additional resources on enforcement because it placed the burden on uCloudlink to seek modification of the order. Now that uCloudlink has sought modification, SIMO has begun to expend the resources required to evaluate uCloudlink's positions on the merits. SIMO is also aware that uCloudlink intends to provide an expert report in the upcoming week that supports its design-around position. Of course, at this time, SIMO is unaware of the nature or extent of uCloudlink's expert's opinions.

It is difficult for SIMO to estimate how much time it will need to analyze the alleged design-around and supporting source code, especially based on the manner in which the source code was produced during discovery in this case. uCloudlink has offered to make the source code available Monday and Friday of the coming week of (that is, on either September 30, 2019 or on October 4, 2019). SIMO's experts are presently reviewing the code running on the uCloudlink devices already adjudged to be infringing, and, given that review and the fact that uCloudlink has not yet produced the expert report, will not be prepared to review the code on Monday, September 30, 2019. SIMO will likely need at least another week to analyze and prepare an opinion on the pertinent differences between the infringing code produced during discovery and the modified code for the purported design-around. SIMO will certainly be in a position to comment with more clarity on the additional time it will need upon review of the source code on Friday, October 4, 2019.

Additionally, because the purported design-around may raise issues related to infringement for the first time (e.g., doctrine of equivalents issues), it necessarily invokes issues that were not fully briefed and heard as part of SIMO obtaining a judgment of infringement. SIMO's experts will need to analyze the design-around in light of these new potential theories. SIMO will likely need to take the depositions of uCloudlink's expert and / or engineer in order to determine whether this design around results in a truly non-infringing alternative.

To the extent these depositions can be calendared within the next 2 weeks, SIMO believes it may be able to respond to uCloudlink's letter brief regarding the substance of the design-around no earlier than Friday, October 18, 2019. Given the importance of this issue, SIMO seeks a hearing to argue the merits of uCloudlink's alleged design-around and whether the doctrine of equivalents is applicable. SIMO will diligently work with uCloudlink to set deposition dates and gather the necessary information to provide a response to uCloudlink's design-around position.

Regards,

/s/ *Peter E. Soskin*

Peter E. Soskin