UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMO HOLDINGS INC., <br><br> Plaintiff, <br><br> -against- <br><br> HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED and UCLOUDLINK (AMERICA), LTD., <br><br> Defendants. | 18-cv-5427 (JSR) <br><br> MEMORANDUM ORDER <br><br>  |

JED S. RAKOFF, U.S.D.J.

This marks the final in a series of post-judgment disputes between plaintiff, SIMO Holdings Inc. ("SIMO"), and defendants, uCloudlink (America), Ltd. and Hong Kong uCloudlink Network Technology Ltd. (collectively "uCloudlink"). uCloudlink now seeks an order lifting the Court's previously entered injunction, see Opinion and Order, ECF No. 264 ("Injunction Order"), as to certain devices it alleges no longer infringe SIMO's patents. SIMO opposes the issuance of any such order, arguing that the redesigned products continue to infringe its patents. For the following reasons, the Court modifies the injunction order to allow uCloudlink to sell the redesigned products described in its most recent briefing.

uCloudlink claims that its redesigned devices no longer infringe SIMO's patent because they always use the same cellular

network for retrieving the cloud SIM from the uCloudlink back-end server and for general Internet connectivity using the Cloud SIM. uCloudlink has already presented this argument to the Court on two occasions, first at the permanent injunction stage, and second in a letter to this Court seeking clarification of the scope of the injunction. On both occasions, the Court rejected this argument because it was "not persuaded that the redesign is sufficient to prevent future infringement." Injunction Order at 34; see also Mem. Order at 2, ECF No. 273 ("Uncertainty about whether the redesigned products infringe SIMO's patent persists."). In neither case, however, did the Court "foreclose the possibility that uCloudlink could adduce" evidence that its devices were no longer infringing. Mem. Order at 3, ECF No. 273. Indeed, the Court ordered the parties to file briefing papers and evidence explaining in technical detail why or why not uCloudlink's products are no longer infringing. Order at 1-2, ECF No. 282.

Based on these briefing papers, as well as the parties' expert reports, the Court is persuaded that uCloudlink's redesigned products no longer infringe. In its earlier summary judgment opinion, this Court explained that to satisfy the "distinct" limitation in the asserted patent claims, "it must be the case that the local cellular network used by the seed SIM is different from the local cellular network used by the Cloud

SIM." Opinion at 28, ECF No. 163. uCloudlink has demonstrated through its expert testimony that its redesigned products never meet this limitation because they never have a data communication link that is "distinct from" the local cellular communication network. Gong Decl. ¶ 5, ECF No. 278.

For example, if an AT&T network is used as the data communication link to obtain a cloud SIM, the redesigned products will obtain an AT&T cloud SIM to establish a local cellular connection with AT&T's network. Id. ¶ 12. If AT&T's network rejects the AT&T cloud SIM, the redesigned product does not attempt to connect to a different network. Id. ¶ 9. Rather, the device will request a new cloud SIM from the backend servers and then try the new cloud SIM on the same AT&T network. Id. uCloudlink supports this explanation with data showing that, in a sample five-day period, the network used by the seed SIM to obtain the cloud SIM was the same network as the network used for general connectivity by the cloud SIM in 100% of the cases. Id. ¶¶ 14-15. Further, uCloudlink has provided an independent expert report affirming the mechanics of this redesign and supporting it with an explanation of the source code. Expert Report & Decl. of James Oliver Regarding Design Around Devices ("Oliver Rep.") 20-44, ECF No. 293-1.

SIMO does not appear to contest the mechanics of the redesign, but instead argues that the redesigned device

nonetheless continues to infringe the patent. SIMO focuses on the redesigned devices' function when such a device is unable to obtain a cloud SIM that is compatible with the seed SIM. SIMO Holding's Br. Explaining Why uCloudlink's Redesigned Products Still Practice Every Claim ("SIMO Br.") at 3-4, ECF No. 297. In this situation, the redesigned product has its seed SIM disconnect from the first network (such as AT&T) and re-connect to a new, different network (such as T-Mobile) before obtaining any cloud SIM and before relaying any authentication information. Oliver Rep ¶ 57. SIMO argues that this function infringes its patents because it constitutes the device using different networks to establish a "data communication link." SIMO Br. at 7.

Accepting SIMO's argument, however, would require the Court to adopt an implausible construction of the patent. SIMO's argument hinges on treating each attempt a device makes to connect to a cloud SIM as part of a single "data communication link." Under this definition, a single data link would encompass, in the previous example, the combination of both the prior, abandoned connection to the AT&T network and the new, active connection to the T-Mobile network. Such a construction is implausible for two reasons. First, this Court has already held that a "data communication link" is a "communication capable of transmitting data." Order at 2, ECF No. 60. Once the

device disconnects from the first network (e.g., AT&T), that link is destroyed and no longer "capable of transmitting data." Oliver Rep ¶ 57. Second, SIMO's interpretation of a "data communication link" would impose no temporal limit on when a device may connect to a new network. Under SIMO's logic, once a device connected to a network through its seed SIM, it could never connect to a different cloud network without infringing SIMO's patent.

In short, uCloudlink has demonstrated that its redesigned devices operate in a materially different manner from that contemplated by the injunction. Given SIMO has offered no plausible explanation for how, at least under the Court's prior construction of SIMO's patent, uCloudlink's redesigned devices are infringing, the Court lifts the permanent injunction as to the redesigned devices.

SO ORDERED.

Dated: New York, NY

December 9, 2019

JED S. RAKOFF, U.S.D.J.