UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SIMO HOLDINGS INC.,

    Plaintiff,

-against-

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED and
UCLOUDLINK (AMERICA), LTD.,

    Defendants.

18-cv-5427 (JSR)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/20

JED S. RAKOFF, U.S.D.J.

    On December 9, 2019, this Court issued what it believed to be "the final in a series of post-judgment disputes between plaintiff, SIMO Holdings Inc. ("SIMO"), and defendants, uCloudlink (America), Ltd. and Hong Kong uCloudlink Network Technology Ltd. (collectively "uCloudlink")." Mem. Order at 1, ECF No. 299. In that order, the Court modified its prior injunction order to allow uCloudlink to sell a redesigned version of its product. Id. SIMO now moves for reconsideration of the December 9th order, hoping to reopen the dispute the Court resolved. Because SIMO has not met the high standard for reconsideration, its motion is denied. Insofar as it is necessary, however, the Court offers the clarification of the order that SIMO seeks.

1

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). This strict standard is intended to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Carolco Pictures Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988). Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013).

SIMO primarily argues that reconsideration is warranted because SIMO was subjected to "manifest injustice" by the Court's failure to allow it a "full and fair opportunity to present its position." Mem. in Support of Pl. SIMO Holdings Inc.'s Mot. for Reconsideration ("SIMO Mem.") at 3, ECF No. 301. SIMO first claims it was deprived of such a fair opportunity to be heard because it had no opportunity to respond to a rebuttal

2

report and opposition brief that uCloudlink submitted. See Ds. Responsive Br., ECF No. 298. In support of this argument, SIMO points to a number of alleged flaws in uCloudlink's rebuttal report and brief that "highlight[] the need for cross-examination." Reply Br. in Support of Pl. SIMO Holdings Inc.'s Mot. for Reconsideration at 5, ECF No. 303.

This argument is unavailing. This Court provided SIMO two separate opportunities to respond to uCloudlink's arguments explaining why its devices were not infringing.[1] Specifically, after SIMO failed to offer a "technical explanation" about why the devices were infringing, as the Court ordered it to (ECF No. 282), the Court offered SIMO a second chance to do so (ECF No. 296). Although SIMO now complains it was not allowed to reply to uCloudlink's opposition to this second brief, SIMO never sought the opportunity to submit such a reply. Nor did SIMO move to strike the rebuttal expert testimony it now claims was improperly submitted. The Court's failure to sua sponte offer SIMO a third opportunity to address uCloudlink's claims or strike uCloudlink's expert testimony does not constitute a "manifest injustice."

---

[1] uCloudlink had asserted these arguments in substantially similar form multiple times prior. See, e.g., uCloudlink Letter, ECF No. 275; SIMO Mem. at 3-4 (explaining that uCloudlink raised the same arguments about its redesign on multiple prior occasions).

3

SIMO next argues that it lacked a full and fair opportunity to present its case because it was deprived of discovery it needed to do so. Any such deprivation of discovery, however, was a problem of SIMO's own making. On September 30, this Court ordered the parties to jointly propose a schedule for briefing and limited discovery on the question of whether the injunction should be modified to allow uCloudlink to sell its redesigned devices. ECF No. 273. SIMO, however, never proposed such a discovery schedule. SIMO's lack of diligence in seeking the additional discovery it now claims it needs similarly does not demonstrate it has suffered a "manifest injustice" such that reconsideration is warranted.

In addition to its process-based arguments, SIMO argues that reconsideration is warranted because the Court "overlooked [its expert's] explanation as to why the data communication link remains intact even if the devices change networks." SIMO Mem. at 11. The Court, however, did not overlook these explanations; it rejected them. SIMO's expert contended that because any data communication link between a uCloudlink device and its back-end server "persists as a TCP/IP link between these two endpoints throughout the entirety of the login and authentication process," uCloudlink's devices continue to infringe SIMO's patent even when they switch their seed network to be compatible with an available cloud SIM network. Decl. of Eric Welch, ECF

4

No. 297-2 ¶ 44. The Court found that accepting this view would require adopting an "implausible construction" of the patent by defining "the data communication link" to include any previously established link, even where it is not "capable of transmitting data." Mem. Order at 4, ECF No. 299. Although SIMO may disagree with the Court's conclusion, this is not a ground for reconsideration. See Tho Dinh Tran v. Dinh Truong Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001) ("[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved." (internal quotation marks and citation omitted)).

The Court has considered SIMO's remaining arguments[2] and finds that SIMO has failed to point to any facts or law that the Court overlooked in issuing its order, or that it has suffered any manifest injustice. Accordingly, SIMO's motion for reconsideration is denied.

The Court does, however, clarify that the determination that plaintiff no longer meets its burden of showing that uCloudlink's latest devices infringe plaintiff's patent is made

---

[2] SIMO, for example, also argues that its interpretation of "the data communication link" is subject to temporal limits because TCP/IP links are eventually terminated. SIMO Mem. 13-14. Even assuming such temporal limits exist, the Court remains unpersuaded that "the data communication link" includes links not capable of transmitting data.

5

in the context of the high standard that plaintiff has to meet to warrant the "extraordinary" remedy of injunctive relief. The Court in no way makes a definitive finding of non-infringement for any other purpose.

SO ORDERED.

Dated:   New York, NY
         January 19, 2020

_____
JED S. RAKOFF, U.S.D.J.