UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------  X:
                                                  :
SIMO HOLDINGS INC.,                               :
                                                  :
              Plaintiff,                          :      No. 1:18-cv-05427 (JSR)
                                                  :
      -against-                                   :
                                                  :
HONG KONG UCLOUDLINK NETWORK                      :
TECHNOLOGY LIMITED and                            :
UCLOUDLINK (AMERICA), LTD.,                        :
                                                  :
              Defendants.                         X
------------------------------------------------
```

**PLAINTIFF SIMO HOLDINGS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER OR IN THE ALTERNATIVE FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS <u>PURSUANT TO 28 U.S.C. § 1782</u>**

## TABLE OF CONTENTS

**Page**

I.    Introduction ...................................................................................................... 1

II.   Factual Background ........................................................................................... 2

    A.    uCloudlink Had Access to SIMO and Skyroam's Proprietary Technology Through a Prior Skyroam Employee ...................................... 2

    B.    SIMO Seeks to Use uCloudlink-Produced Documents Containing and Referring to SIMO and Skyroam's Trade Secrets in the Chinese Lawsuit ............ 3

    C.    The Requested Documents Are Necessary for the Chinese Lawsuit ...................... 4

III.   Argument ........................................................................................................... 5

    A.    This Court Has Jurisdiction over Both of SIMO's Requests ................................... 5

    B.    This Court Should Modify its Protective Order to Permit the Limited Use of the Requested Documents in the Chinese Lawsuit ................................ 6

        1.    Modification of The Protective Order is Appropriate ................................ 6

            a.    SIMO Has A Special Need for the Requested Documents: Avoiding a Unfairness Because The Chinese Courts Lack Discovery Mechanisms to Obtain Information Known to Exist ...................................................................................... 7

            b.    The Need for the Evidence Outweighs the Interest In Maintaining Exclusive Use in the United States Litigations. .......... 7

        2.    The Protective Order Arguably Permits SIMO's Use of the Documents ................................................................................................ 8

    C.    This Court Should Alternatively Grant SIMO's Requested Discovery Pursuant to 28 U.S.C. § 1782 ............................................................................... 9

        1.    SIMO's Request Meets all Four Criteria of § 1782 ................................... 10

            a.    SIMO is an Interested Person ........................................................ 10

            b.    SIMO Is Appropriately Seeking Documents for Use in a Foreign Proceeding ...................................................................... 11

            c.    uCloudlink Resides in the Southern District of New York ........... 11

        2.    This Court Should Exercise its Discretion to Permit SIMO to Protect Its Rights Abroad with the Requested Documents ....................... 12

i

a.  uCloudlink Hong Kong and uCloudlink America Are Not Participants in the Chinese Lawsuit ................................................13

b.  The Foreign Tribunal Requires the Evidence Sought in Order to Maintain the Chinese Lawsuit .........................................13

c.  This Request is Not an Effort to Circumvent Foreign Proof-Gathering Restrictions ..................................................................14

d.  Producing The Requested Documents is Not Unduly Intrusive or Burdensome...............................................................14

IV.  Conclusion .........................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Certain Funds, Accounts, and /or Investment Vehicles v. KPMG, L.L.P.*,
    798 F.3d 113 (2d Cir. 2015)...................................................................................................11

*Daimler Ag. Bauman*,
    134 S. Ct. 746 (2014)...........................................................................................................12

*Euromepa S.A. v. R. Esmerian, Inc.*,
    51 F.3d 1095 (2d Cir. 1995).................................................................................................13

*Gambale v. Deutsche Bank AG*,
    377 F.3d 133 (2d Cir. 2004)...................................................................................................5

*In re "Agent Orange" Prod. Liab. Litig.*,
    821 F.2d 139 (2d Cir. 1987)...................................................................................................5

*In re Anonymous*,
    283 F.3d 627 (4th Cir.2002) ..................................................................................................6

*In re Application of Furstenberg Finance SAS*,
    2018 WL 3392882 (S.D.N.Y. July 12, 2018) .......................................................................13

*In re Del Valle Ruiz*,
    939 F.3d 520 (2d Cir. 2019)...................................................................................................6

*In re Esses*,
    101 F.3d 873 (2d Cir. 1996).................................................................................................10

*In re HTC Corp.*,
    889 F.3d 1349 (Fed. Cir. 2018).............................................................................................12

*In re Metallgesellschaft*,
    12 F.3d 77 (2d Cir. 1997).......................................................................................................9

*In re Teligent, Inc.*,
    640 F.3d 53 (2d Cir. 2011).....................................................................................................6

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004).......................................................................................................10, 13

*Iridium India Telecom Ltd. v. Motorola, Inc.*,
    165 Fed.Appx. 878 (2d Cir.2005)...........................................................................................6

*Martindell v. Int'l Tel. & Tel. Corp.*,
  594 F.2d 291 (2d Cir.1979)..................................................................................7

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
  376 F.3d 79 (2d Cir. 2004)................................................................................10

*TC Heartland v. Kraft Foods Group Brands*,
  137 S. Ct. 1514 (2017)......................................................................................12

**Statutes**

28 U.S.C. § 1332(c)(1)..........................................................................................12

28 U.S.C. § 1391(c)(3)..........................................................................................12

28 U.S.C. § 1782.......................................................................................... *passim*

28 U.S.C. § 1782(a) ...................................................................................1, 5, 9, 10

**Other Authorities**

Hans Smit, *International Litigation Under the United States Code*, 65 Colum.
  L.Rev. 1015, 1027 (1965).................................................................................10

## I.      INTRODUCTION

During discovery in this case, Defendants provided SIMO Holdings, Inc. ("SIMO") discovery from Wang Bin, a former employee of SIMO's wholly owned subsidiary, Shenzhen Skyroam Technology Co., Ltd. ("Skyroam") who subsequently worked for Defendants' subsidiary, Shenzhen uCloudlink Network Technology Co, Ltd. ("uCloudlink Shenzhen").  This discovery showed that Wang Bin stole SIMO's confidential information, and Defendants used this information to develop their technology.

SIMO seeks relief from this Court that will permit compliance with the legal obligations imposed by a Chinese tribunal in a lawsuit filed by Skyroam against uCloudlink Shenzhen, Shenzhen uCloudlink New Technology Co., Ltd. ("uCloudlink New"), Wang Bin, and Gao Wen, a director of several uCloudlink entities for Chinese claims of trade secret misappropriation in China (the "Chinese Lawsuit" in the "Chinese Court."). Huaqiang Wang Declaration ("Wang Decl.") ¶¶ 1, 5.  In particular, Chinese litigation rules require Skyroam to introduce evidence of uCloudlink's misappropriation of its trade secrets to maintain the Chinese Lawsuit. To further that goal, SIMO respectfully requests that this Court permit SIMO and Skyroam's Chinese counsel to submit three confidential documents (the "Requested Documents") that Hong Kong uCloudlink Network Technology Limited and Ucloudlink (America) Ltd. ("uCloudlink Hong Kong," and "uCloudlink America")[1] have *already produced in this case* to the Chinese Court for use in the Chinese Lawsuit. SIMO seeks this relief either by way of a motion to modify the Protective Order in this lawsuit (Dkt. 23), or in the alternative, a motion for discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782(a). Either mechanism permits SIMO's subsidiary to comply with its

---

[1] Notwithstanding several entities making up the relevant uCloudlink group of companies, the nature of the organizations is more appropriately viewed as a single entity. SIMO refers to any combination of those entities as "uCloudlink"

obligations to the Chinese Court; neither will result in the public disclosure of confidential information because such use of these documents would be governed by protections afforded by the Shenzhen Intermediate Court. Wang Decl. at ¶¶ 19–27

## II.    FACTUAL BACKGROUND

SIMO, the plaintiff in the above-captioned lawsuit, is the sole owner of Skyroam. Wang Decl. at ¶ 1. SIMO and Skyroam own confidential technical information concerning innovative solutions that supplements the inventions described and claimed in United States Patent Nos. 8,116,735 and 9,736,689 (the "'689 Patent"), the latter of which was the subject of a 2019 jury trial in the above-captioned lawsuit.

SIMO is currently involved in a defensive patent infringement action against uCloudlink Hong Kong and uCloudlink America in the Northern District of California (Civil Action No. 3:18-cv-05031-EMC) and has filed trade secret misappropriation lawsuits along with Skyroam in the form of the Chinese Lawsuit and an action in the Eastern District of Texas (Civil Action No. 2:20-cv-00003-JRG) against uCloudlink Hong Kong, uCloudlink Shenzhen, and uCloudlink New[2].

SIMO brings this motion before this Court because the requested documents were initially produced in the above-captioned litigation, and as a result, this Court's Protective Order governs their handling. In addition, this Court presided over issues relating to uCloudlink Hong Kong and uCloudlink America's initial production of the documents containing SIMO and Skyroam's confidential information. *See e.g.* Dkt. 67, at 67:19–84:16.

### A.    uCloudlink Had Access to SIMO and Skyroam's Proprietary Technology Through a Prior Skyroam Employee

---

[2] The lawsuit in the Eastern District of Texas also includes patent infringement allegations stemming from subsequent infringement of the '689 Patent. The named defendants in that case have declined to waive formal service, despite at least one of them being a party to both the California action and the instant Action.

SIMO learned in this case that former Skyroam employee, Wang Bin, took confidential Skyroam technical documents ("Wang Bin documents"), and he used those documents after leaving Skyroam while working at his next employer, the predecessor of uCloudlink Shenzhen. *See* e.g., Dkt. 264 at 17–18. In particular, uCloudlink produced Wang Bin documents that bore Skyroam internal markings, as well as other documents indicating uCloudlink actually used that material to advance its product development and business. Soskin Decl. at ¶ 13.

Wang Bin left Skyroam four months after he was hired and he began working at uCloudlink Shenzhen's predecessor shortly thereafter. *See* Ex. A at 32:19–33:19; 46:20–22. In his post-Skyroam role, Wang Bin transferred SIMO's confidential documents to at least one uCloudlink computer, included SIMO's confidential information in at least one patent application, and was named a co-inventor on several uCloudlink patents. Soskin Decl. Ex. A 89:13-91:11; Ex. C (Gao Wen Dep.) 51:7-22, 56:7-63:1.

**B.     SIMO Seeks to Use uCloudlink-Produced Documents Containing and Referring to SIMO and Skyroam's Trade Secrets in the Chinese Lawsuit**

SIMO and Skyroam seek to introduce the Requested Documents as evidence in the Chinese Lawsuit. The Requested Documents contain and/or refer to SIMO and Skyroam's proprietary and confidential information. They were designated with uCloudlink Bates numbers because they were created by uCloudlink personnel incorporating SIMO's information that was improperly in uCloudlink's possession.[3] Accordingly, SIMO and Skyroam believe the Requested Documents are highly relevant to the Chinese Lawsuit.

When uCloudlink produced the Requested Documents, it marked them confidential-

---

[3] At this time, SIMO does not request that these documents be declassified because SIMO wishes to keep the SIMO and Skyroam trade secrets confidential, and because SIMO does not currently take a position on whether the remainder of these uCloudlink-produced documents lack any uCloudlink-owned confidential information.

attorneys' eyes only. Accordingly, SIMO is bound by this Court's Protective Order despite certain of the designated material containing and/or referring to both SIMO and Skyroam's confidential information. This Court's Protective Order prevents Skyroam from presenting the Chinese Court with the very evidence produced by uCloudlink to SIMO's counsel in this litigation. Dkt. 23.

Two of the Requested Documents comprise an email and its attachment, identified by Bates numbers UCLOUDLINK0217228 and UCLOUDLINK0217231, respectively. Soskin Dec. ¶¶ 5–7, Ex. D and E. ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ █

████████████████████████████████████████████ . Soskin Decl. ¶ 7.

UCLOUDLINK0217228 is an email ██████████████████████████████████████

████████████████████████████████████████ . Soskin Decl. ¶ 7;

Soskin Decl., Ex. C at 57:9 - 59:17; 61:5–62:1; 62:8–63:1; *Id.*

The third document is an internal uCloudlink technical document produced by uCloudlink at Bates number UCLOUDLINK0010784. Ex. F to the Soskin Decl. uCloudlink identified the custodian of this document as uCloudlink *New* employee, He Shu. Soskin Decl. Ex. G (interrogatory response identifying He Shu as employee of uCloudlink New). The technical document refers to confidential SIMO and Skyroam's information ████████████████████

██████████████ . Soskin Decl. ¶¶ 8–9; Ex. F at UCLOUDLINK0010813.

### C.     The Requested Documents Are Necessary for the Chinese Lawsuit

Pursuant to the Chinese Court's rules and practices, Skyroam must show the Chinese Court

---

[4] Such language originated from at least one confidential *Skyroam* document authored by Wang Bin that was in *uCloudlink's possession*, and produced to SIMO in this case. Ex. B to the Soskin Decl. (UCLOUDLINK0043869).

some evidence of uCloudlink's misappropriation in order to maintain its action. Wang Decl. ¶¶ 9–11. Skyroam seeks to make this showing through the Requested Documents in the Chinese Lawsuit. As described above, SIMO and Skyroam believe the contents of the Requested Documents support Skyroam's claims for Chinese misappropriation of trade secrets, and thus believes that the Requested Documents will permit it to maintain the Chinese Action. *Id.*

In a Chinese trade secret litigation, there is no mechanism to obtain pretrial discovery. *Id.* Instead, the Chinese Court requires each party to present evidence in support of its own claims. *Id.* ¶¶ 9–11. As it pertains to Skyroam's misappropriation claims against uCloudlink, Skyroam must therefore present the Chinese court with the very evidence that is within uCloudlink's control. The fact that SIMO learned of these documents in this litigation enables it to request these documents with specificity rather than cast a wide discovery net for such relevant documents.

Chinese law does not prohibit the use of information obtained in this lawsuit. *Id.* ¶ 10.

## III.   ARGUMENT

SIMO seeks relief from this Court in the form of an Order that Skyroam may present the Chinese court with the Requested Documents or, in the alternative, an Order that mandates uCloudlink to submit to discovery of these documents pursuant to 28 U.S.C. § 1782(a).

### A.   This Court Has Jurisdiction over Both of SIMO's Requests

The Second Circuit has confirmed this Court's jurisdiction to modify the Protective Order: "It is undisputed that a district court retains the power to modify or lift protective orders that it has entered." *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987) (overruled on alternate grounds). The fact that a judgment has been entered has no bearing on the ability for the Court to exercise its jurisdiction over the Protective Order. See *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004) (Even where case settled and was dismissed, the court retained

jurisdiction over the protective order, stating, "The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost.").

Likewise, this Court has jurisdiction over the Defendants with regard to the motion under 28 U.S.C. § 1782. The statute states "[t]he district court of the district in which a person resides or is found may order him . . . to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . ." The Second Circuit has interpreted this statement to "extend[] to the limits of personal jurisdiction consistent with due process." *In re Del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019). This Court has previously exercised personal jurisdiction over the Defendants in the above captioned matter and the circumstances subjecting the Defendants to the personal jurisdiction[5] of this Court have not changed.

**B.      This Court Should Modify its Protective Order to Permit the Limited Use of the Requested Documents in the Chinese Lawsuit**

**1.      Modification of The Protective Order is Appropriate**

A party seeking modification of a protective order must show "(1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." *In re Teligent, Inc.*, 640 F.3d 53, 59 (2d Cir. 2011) (citing *Iridium India Telecom Ltd. v. Motorola, Inc.,* 165 Fed.Appx. 878, 880 (2d Cir.2005) (summary order) (movant must show "a compelling need or extraordinary circumstances necessary to modify [a] protective order"); *see also In re Anonymous*, 283 F.3d 627, 636-37 (4th Cir.2002); *cf. TheStreet.Com,* 273 F.3d at 229 ("Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under

---

[5] Indeed, on the conference call during which SIMO applied to this Court to file the instant Motion, counsel for uCloudlink acknowledged that this Court maintained jurisdiction over the defendants on relevant issues, including, for example, enforcement of the injunction. Soskin Decl. at ¶ 12.

Rule 26(c) absent a showing of improvidence in the grant of [the] order or some extraordinary circumstances or compelling need" (alteration in original, internal quotation marks omitted)); *Martindell v. Int'l Tel. & Tel. Corp.,* 594 F.2d 291, 296 (2d Cir.1979) (same). "All three factors are necessary to warrant disclosure of otherwise non-discoverable documents." *Id.*

> a. **SIMO Has A Special Need for the Requested Documents: Avoiding a Unfairness Because The Chinese Courts Lack Discovery Mechanisms to Obtain Information Known to Exist**

SIMO and Skyroam will suffer extreme prejudice if this Court does not exercise its discretion to modify the Protective Order, so the first two factors of the pertinent test are met.

It is not a secret that Wang Bin took, and uCloudlink used, Skyroam's confidential documents to develop products and services that compete directly with SIMO. However, under Chinese practice, Skyroam may only maintain the Chinese Lawsuit by presenting direct evidence of uCloudlink's misappropriation of trade secrets. Wang Decl. at ¶¶ 9–12. As China does not provide for pre-trial discovery, Skyroam is unable to obtain those documents directly.

SIMO's counsel, on the other hand, has these documents by virtue of their production in this case. An order preventing SIMO from being able to present these documents in the Chinese Lawsuit (i.e., the presently-governing Protective Order) will essentially prohibit Skyroam from proceeding with its Chinese trade secret misappropriation lawsuit, giving uCloudlink the green light to continue to benefit from its theft of Skyroam's technology in China.[6]

> b. **The Need for the Evidence Outweighs the Interest In Maintaining Exclusive Use in the United States Litigations.**

While the third factor in determining whether to modify a protective order involves balancing the evidentiary needs with the interest in maintaining confidentiality, SIMO is not

---

[6] Moreover, preventing SIMO from introducing these documents in the Chinese litigation puts SIMO at risk of violating Rule 72 of the Chinese Civil procedure law.

asking this Court to remove a confidentiality designation. SIMO is only seeking the opportunity to use evidence of the misappropriation of SIMO and Skyroam's trade secrets *by Chinese entities and individuals for use in a Chinese Court*. SIMO intends to maintain the confidentiality of those documents in accordance with Chinese Law. Wang Decl. at ¶¶ 19–27.

The balance of SIMO's need as described above far outweighs any concerns over eliminating confidentiality because such confidentiality will be maintained in the Chinese Lawsuit.

### 2. The Protective Order Arguably Permits SIMO's Use of the Documents

The Protective Order provides notice procedures in the event a party receiving confidential information is "served with a subpoena or court order that would compel disclosure of any confidential information to a third party." Dkt. 23, at ¶ 21. These notice procedures do not include a requirement that the party being served with the order or subpoena seek leave from this Court before producing such documents. To the contrary, the Protective Order provides that it is not to be read as "authorizing or encouraging a [party receiving confidential information] to disobey a lawful directive from another court." *Id.*

Pursuant to Article 72 of the Chinese Civil Procedure law, SIMO, as a person with knowledge of the circumstances of the facts at issue in the Chinese Lawsuit, has an obligation to present such evidence and documents in the Chinese Lawsuit. Wang Decl. at ¶¶ 14–16.

In light of the contentiousness of this case, and of the fact that a violation of the Protective Order would be a bell difficult (if not impossible) to un-ring, SIMO has filed this motion to request permission to use the Requested Documents to ensure it was not accused of disclosing confidential information of an opponent. Article 72 may be interpreted as an "order that would compel disclosure of . . . confidential information to a third party" pursuant to the Protective Order. As such, SIMO would be permitted to provide the Requested Documents for use in the Chinese

Lawsuit without intervention of this Court. This is particularly true given the discretion the Protective Order affords this Court with regard to matters of confidentiality. For example, paragraph 11 provides that "[t]his Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information . . . . submitted to the Court in connection with any motion, application, or proceeding, that may result in an order and/or decision by this Court." Dkt. 23, at ¶ 11.

Should the Court view Article 72 as within the scope of the orders that would compel disclosure by SIMO, a statement to that effect accompanying a denial of this Motion would suffice.

**C.     This Court Should Alternatively Grant SIMO's Requested Discovery Pursuant to 28 U.S.C. § 1782**

Congress has expressly authorized district courts to assist persons involved in foreign legal proceedings to obtain discovery for use in those proceedings. 28 U.S.C. § 1782(a). This reflects Congressional intent that district courts, when appropriate, facilitate fact finding in other legal proceedings that may lack pre-trial discovery at all, let alone the extensive pre-trial discovery allowed in the United States. Particularly in today's global economy, where supply chains (and disputes about the same) frequently spill over several countries' borders, the "twin aims" of § 1782 of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries to provide similar means of assistance to our courts" are of utmost importance. *In re Metallgesellschaft*, 12 F.3d 77, 79 (2d Cir. 1997).

28 U.S.C. § 1782 contains the following conditions for a discovery request:

(1)     the request must be made by an "interested person;"

(2)     the request seeks either the "testimony or statement" of a person or the production of a "document or other thing;"

(3)      the evidence must be for use in a proceeding in "a foreign or international

         tribunal;" and

(4)      the person from whom the discovery is sought must reside or be found in

         the district that is ruling on the application.

*In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996); 28 U.S.C. § 1782(a). "Once the statutory requirements [of 28 U.S.C. § 1782] are met, a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 83–84 (2d Cir. 2004).

        As described in detail below, all four criteria are met, and SIMO requests that this Court exercise its discretion and order uCloudlink to produce to the Chinese Court documents *already produced in this case*.

### 1.      SIMO's Request Meets all Four Criteria of § 1782

#### a.      SIMO is an Interested Person

        The first criterion of § 1782 is that the request must be made by an interested person. *In re Esses*, 101 F.3d at 875. An "interested person" seeking discovery pursuant to § 1782 may include "'not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or <u>merely possess a reasonable interest in obtaining [judicial] assistance</u>.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256–57 (2004) (quoting Hans Smit, *International Litigation Under the United States Code*, 65 Colum. L.Rev. 1015, 1027 (1965) (emphasis added)).

        In *Intel*, the requesting party was a complainant who triggered a European Commission investigation, but not a party to the United States lawsuit. *Id*. The Supreme Court noted that the complainant had a right to submit evidence and to proceed with its own lawsuit if the European Commission decided not to proceed. *Id*. The Supreme Court concluded that its "participation rights" qualified the requesting party as an "interested person." *Id.* at 256–57.

The Second Circuit has also considered a litigant's *right* to submit evidence (without obligation) as sufficient to confer "interested person" status on a non-litigant. *Certain Funds, Accounts, and /or Investment Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, at 120 (2d Cir. 2015).

Pursuant to Article 72 of the Chinese Civil Procedure law, SIMO not only *may* use the documents in the proceeding, it *must* provide this evidence. Wang Decl. ¶¶ 14–16.

SIMO is an interested person in the Chinese Litigation. It is (1) the parent company of Skyroam—the litigant in the Chinese Lawsuit; (2) the co-owner of the trade secrets that its subsidiary is working to protect at issue in the Chinese Lawsuit; and (3) an entity *obligated* to present evidence to support Skyroam's claims in the Chinese Lawsuit. Each of these alone supports viewing SIMO as an interested party, and all three together lead to the inevitable conclusion that SIMO is an interested party.

### b.    SIMO Is Appropriately Seeking Documents for Use in a Foreign Proceeding

Criteria two and three of § 1782 require that the requested evidence be testimony, statements, and/or documents to be used in a foreign proceeding. *Id*. SIMO specifically seeks discovery of the Requested Documents for use as evidence of uCloudlink misappropriation of SIMO and Skyroam's trade secrets in the Chinese Lawsuit. Soskin Decl. at ¶ 11, Wang Decl. ¶ 5–6, 8–10, 14–16. SIMO has therefore satisfied the first three elements of § 1782. *See Certain Funds*, 798 F.3d 120 ("The key question, therefore is not simply whether the information sought is relevant, but whether [SIMO] will actually be able to *use* the information in the proceeding.") (emphasis in original).

### c.    uCloudlink Resides in the Southern District of New York.

The fourth criterion of § 1782 requires that the person or entity from whom discovery is sought resides or is found in the district ruling on the request. 28 U.S.C. § 1782. As explained

above in the section discussing this Court's jurisdiction over this motion, uCloudlink Hong Kong and uCloudlink America reside in this district because they are subject to personal jurisdiction in this district. Moreover, uCloudlink America is a resident of this district as demonstrated by its incorporation and registered address in the State of New York. (Dkt. 24 ¶ 5). *See TC Heartland v. Kraft Foods Group Brands*, 137 S. Ct. 1514, 1521 (2017); *Daimler Ag. Bauman*, 134 S. Ct. 746, 760 (2014); 28 U.S.C. § 1332(c)(1). uCloudlink Hong Kong is a company incorporated in Hong Kong. (Dkt. 24 ¶ 4). It is well settled that a foreign corporation is deemed to reside in any district in which valid service can be made. *See In re HTC Corp.*, 889 F.3d 1349, 1355 (Fed. Cir. 2018); see also 28 U.S.C. § 1391(c)(3). As demonstrated by the fact that uCloudlink Hong Kong is a party to the above-referenced matter and has not contested this court's jurisdiction, valid service can be made upon uCloudlink Hong Kong in this district. Therefore, both uCloudlink Hong Kong and uCloudlink America meet the fourth statutory requirement of § 1782.

### 2. This Court Should Exercise its Discretion to Permit SIMO to Protect Its Rights Abroad with the Requested Documents

As described, this Motion meets the four criteria of 28 U.S.C. § 1782. SIMO thus contends that the Court should exercise its discretion and order uCloudlink to produce the Requested Documents for use in the Chinese Lawsuit.

The Supreme Court has discussed four non-exclusive factors to be considered with regard to the discretionary component of 28 U.S.C. § 1782:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which event "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad";

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";

(3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

(4) whether the request is "unduly intrusive or burdensome."

*Intel*, 542 U.S., at 264-265. Each of these factors supports SIMO's request.

### a. uCloudlink Hong Kong and uCloudlink America Are Not Participants in the Chinese Lawsuit

Skyroam brought the Chinese Lawsuit against the entities and persons actually involved in development and theft of its technology. uCloudlink Hong Kong and uCloudlink America, as the sales and marketing arms of the uCloudlink group of companies, are less relevant to this inquiry in China and they are not parties to the Chinese Lawsuit. Coupled with the lack of pre-trial discovery procedures in China, the fact that the discovery sought here is from non-parties in the Chinese Lawsuit supports a decision granting SIMO's motion.

### b. The Foreign Tribunal Requires the Evidence Sought in Order to Maintain the Chinese Lawsuit

The Chinese Court mandates that a party present its own evidence in support of its claims. Wang Decl. at 9–12. As an interested third party with knowledge of facts related to Skyroam's claims, SIMO is obligated to present such evidence to the Chinese Court. The Second Circuit "has instructed district courts to 'consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of [§] 1782." *In re Application of Furstenberg Finance SAS*, 2018 WL 3392882, at *6 (S.D.N.Y. July 12, 2018) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099-1100 (2d Cir. 1995)). Here, the sworn statement of SIMO/Skyroam's respected Chinese counsel indicates that the Chinese court requires that SIMO and Skyroam produce the evidence in its possession in order to proceed with the trade secret misappropriation claim. *See generally* Wang Decl.

This factor supports the Court discretionarily granting SIMO's motion. *Id.*

c. **This Request is Not an Effort to Circumvent Foreign Proof-Gathering Restrictions**

This request is not an attempt to circumvent foreign proof–gathering restrictions or other policies of either China or the United States. No such restriction or policy exists. China does not restrict the evidence sought by this application; instead, it requires it. Wang Decl. ¶ 10. The Chinese Court simply does not provide for pretrial discovery. *Id.* ¶ 10. Were the information available to Skyroam at the time of commencement of the Chinese Lawsuit, it would be received in evidence in the proceedings in the China. *Id*. ¶¶ 9–13.

This factor supports discretionarily granting SIMO's motion.

d. **Producing The Requested Documents is Not Unduly Intrusive or Burdensome.**

The Requested Documents have already been produced in this case, and their existence has been discussed in hearings before this Court. For example, counsel for SIMO and uCloudlink discussed documents that formed the foundation for the Requested Documents with this Court during the Claim Construction hearing. Dkt. 67, at 67:19–84:16. SIMO is not presently requesting that uCloudlink conduct further investigation into (and production of) its documents in connection with the Chinese Lawsuit. Instead, SIMO merely requests that the Requested Documents—a careful selection of *three* documents already produced in this litigation—be produced by uCloudlink to Skyroam's counsel for use in the Chinese Lawsuit. As these documents have already been produced to SIMO's counsel, there is absolutely no burden on uCloudlink to produce the documents.

This factor supports discretionarily granting SIMO's motion.

**IV. CONCLUSION**

uCloudlink should not be permitted to hide behind this Court's Protective Order (and its designation of SIMO and Skyroam confidential information as uCloudlink confidential information) to avoid liability for its blatant misappropriation of SIMO and Skyroam's trade secrets in both the United States and in China. SIMO's request is not an effort to end-around publication of uCloudlink documents, and Skyroam's Chinese counsel will work with the Chinese Court (and uCloudlink, through uCloudlink's Chinese counsel) to ensure that no uCloudlink confidential information that may be included in the Requested Documents is made public.

For the foregoing reasons, SIMO respectfully requests the Court grants its motion for an order modifying the Protective Order to permit SIMO to introduce these documents in the Chinese Lawsuit, or in the alternative, for an order granting SIMO's motion pursuant to 28 U.S.C. § 1782 for use of discovery in foreign proceedings.

Date: April 3, 2020

/s/ *Peter E. Soskin*

Matthew J. Weldon
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Tel (212) 536-4042
Fax (212) 536-3901
Matthew.weldon@klgates.com

Peter E. Soskin (SBN 280347)
peter.soskin@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Benjamin E. Weed (*admitted pro hac vice*)
Gina A. Jenero (*admitted pro hac vice*)
benjamin.weed@klates.com
gina.jenero@klgates.com
K&L GATES LLP

70 W. Madison St. Suite 3100
Chicago, IL 60602
Telephone: +1 312 372 1121
Facsimile: +1 312 827 8000


*Attorneys for Plaintiff SIMO Holdings Inc.,*