**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SIMO HOLDINGS INC.,

Plaintiff,

v.

HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED and UCLOUDLINK (AMERICA), LTD.,

Defendants.

Civil Action No. 1:18-cv-05427 (JSR)

**DEFENDANTS' OPPOSITION TO PLAINTIFF SIMO HOLDINGS INC.'S MOTION FOR MODIFICATION OF THE PROTECTIVE ORDER OR IN THE ALTERNATIVE FOR DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 2

A. SIMO's Forum Shopping of its Trade Secret Claims ..... 2

B. SIMO's Forum Shopping of its Patent Claims ..... 4

III. ARGUMENT ..... 5

A. The Protective Order Does Not Allow the Disclosure SIMO Seeks to Make ..... 5

B. The Court Should Decline to Modify the Protective Order ..... 7

1. The Court Cannot Modify the Protective Order During the Appeal ..... 7

2. SIMO's Request to Modify the Protective Order Fails on the Merits ..... 8

a. SIMO Has Not Shown A "Compelling Need" ..... 9

b. SIMO Has Not Shown Exceptional Circumstances ..... 11

C. The Court Should Deny SIMO's Request for Discovery under Section 1782 ..... 12

1. The Court Lacks Jurisdiction to Grant SIMO's Request ..... 12

2. SIMO Cannot Use Section 1782 to Seek Documents Located in China ..... 13

3. SIMO Has Not Demonstrated it Can "Use" the Documents in China ..... 14

4. The Court Should Exercise its Discretion to Deny Discovery ..... 15

IV. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re "Agent Orange" Prod. Liab. Litig.*,
821 F.2d 139 (2d Cir. 1987)....................8

*Bayer AG v. Barr Lab.*,
162 F.R.D. 456 (S.D.N.Y. 1995)....................9

Cer*tain Funds, Accounts And/Or Inv. Vehicles Managed By Affiliates Of Fortress Inv. Grp. L.L.C. v. KPMG, L.L.P.*,
798 F.3d 113 (2d Cir. 2015)....................14

*In re Chevron Corp.*,
749 F. Supp. 2d 170 (S.D.N.Y. 2010)....................13

*Daniels v. City of New York*,
200 F.R.D. 205 (S.D.N.Y. 2001)....................11, 12

*Dorsett v. County of Nassau*,
289 F.R.D. 54 (E.D.N.Y. 2012)....................9

*GAF Corp. v. Eastman Kodak Co.*,
415 F. Supp. 129 (S.D.N.Y. 1976)....................6

*Gambale v. Deutsche Bank AG*,
377 F.3d 133 (2d Cir. 2004)....................8

*In re Godfrey*,
526 F. Supp. 2d 417 (S.D.N.Y. 2007)....................13

*Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc.*,
No. 18-cv-05031-EMC (N.D. Cal. Jan. 25, 2019)....................2

*In re Hornbeam Corp.*,
2017 U.S. Dist. LEXIS 128940 (S.D.N.Y. Aug. 14, 2017)....................7, 8, 12

*Iridium India Telecom Ltd. v. Motorola, Inc.*,
165 Fed. Appx. 878 (2d Cir. 2005)....................9

*Knitting Fever, Inc. v. Coats Holdings, Ltd.*,
2011 U.S. Dist. LEXIS 93473 (E.D.N.Y. Aug. 22, 2011)....................9

*Martindell v. Int'l Tel. & Tel. Corp.*,
594 F.2d 291 (2d Cir.1979)....................9

*Medcalf v. Thompson Hine LLP*,
84 F. Supp. 3d 313 (S.D.N.Y. 2015)....................3

*In re Microsoft Corp*.,
428 F. Supp. 2d 188 (S.D.N.Y. 2006)....................15

*SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P*.,
55 F. Supp. 2d 231 (S.D.N.Y. 1999)....................12

*Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)*,
640 F.3d 53 (2d Cir. 2011)....................8

*Simo Holdings, Inc. v. Hong Kong Ucloudlink Network Technology Limited*,
No. 2:20-cv-0003 (E.D. Tex. Jan. 8, 2020)....................3, 4

*Toliver v. County of Sullivan*,
957 F.2d 47 (2d Cir. 1992)....................13

*United States v. ASCAP (In re Warren)*,
2001 U.S. Dist. LEXIS 18409 (S.D.N.Y. Jun. 29, 2001)....................12

*Vanbrocklen v. United States*,
2009 U.S. Dist. LEXIS 43274 (N.D.N.Y. May 21, 2009)....................12

*Wilson v. Dynatone Publ'g Co*.,
2018 U.S. Dist. LEXIS 8122 (S.D.N.Y. Jan. 18, 2018)....................12

**Statutes**

28 U.S.C. § 1782.................... *passim*

**Other Authorities**

Civil Procedure Law of the People's Republic of China, Art. 72....................5, 11

Fed. R. Civ. P. 12(b)(6)....................2, 3

Fed. R. Civ. P. 60(b)....................12

https://www.huawei.com/us/about-huawei/corporate-information....................3

## I. INTRODUCTION

Plaintiff SIMO Holdings Inc. ("SIMO") is forum shopping. Specifically, SIMO has made efforts to bring its baseless trade secret misappropriation claims in not one but **four** different jurisdictions in the United States and China. Yet SIMO's brief completely ignores the fact that a court in the Northern District of California dismissed SIMO's trade secret misappropriation claims **with prejudice**. As far as the United States judicial system is concerned, there was no trade secret misappropriation. SIMO is now seeking a different result in a foreign jurisdiction, but that is not an effort this Court can or should assist, for multiple reasons.

With respect to SIMO's request to modify the protective order, SIMO glosses over the fact that this case is currently on appeal. That appeal has jurisdictional significance. While the Court retains jurisdiction over certain issues during the pendency of the appeal, that jurisdiction does not extend to modifying the protective order. Even setting aside this jurisdictional defect, the Second Circuit has set a high bar for modifying a protective order after documents have been produced. SIMO cannot clear that high bar. SIMO cannot show a compelling need for the requested modification because SIMO's trade secret claim is baseless, and because SIMO can pursue the requested discovery in the Chinese litigation. Also, there is no compelling need because SIMO has been able to bring its trade secret claims without these documents on multiple occasions.

As to SIMO's motion under 28 U.S.C. § 1782, its request is procedurally improper because, again, the Court has no jurisdiction to entertain this motion while the case is on appeal. Even ignoring this defect, SIMO's motion fails on the merits. The requested documents are held by a Chinese entity in China, not by an American company in this District, and this Court has held that Section 1782 cannot be used to seek the production of documents located overseas.

Also, the trade secret claim in China was filed by Skyroam, not by SIMO. As a non-party, SIMO has no way to use the requested documents in China, a requirement of Section 1782.

SIMO's trade secret claims are defective. While SIMO is free to pursue whatever judicial pathways are open to it in China, this Court need not and indeed cannot play any part in assisting SIMO with those efforts. SIMO's motion should be denied.

## II. FACTUAL BACKGROUND

### A. SIMO's Forum Shopping of its Trade Secret Claims

In November of 2018, SIMO sought leave to amend its complaint in this case to add an allegation of trade secret misappropriation. [D.I. 66.] The Court denied SIMO's request, finding it untimely and unrelated to the allegations of patent infringement at issue here. [*Id*.] The Court did ultimately consider many of the facts underlying SIMO's trade secret claim in assessing whether there had been "willful" patent infringement. In that context, the Court wrote that, "[m]uch of the evidence cited is circumstantial or subject to innocent explanations," and that, "while the evidence did clearly establish serious misconduct by uCloudlink's now-former employee, Wang Bin, the Court cannot confidently conclude that uCloudlink either directed or profited from Wang Bin's actions." [D.I. 204 at 3-4.]

Following this Court's decision not to allow SIMO to bring its trade secret claims here, SIMO sought and was granted leave to bring them as counterclaims in a pending lawsuit between uCloudlink and SIMO in the Northern District of California. *See Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc*., Case No. 18-cv-05031-EMC, Docket 44 (N.D. Cal. Jan. 25, 2019) (attached hereto as Exhibit A). uCloudlink moved to dismiss those claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *See Id*., Docket 55 (March 11, 2019). On April 22, 2019, the California court granted uCloudlink's motion, finding that SIMO pled insufficient facts to allege that uCloudlink should be held liable for actions purportedly

carried out by its former employee, Wang Bin. *See Id.*, Docket 67 (attached hereto as Exhibit B). The district court granted uCloudlink's motion without prejudice, giving SIMO leave to amend to re-plead with more specificity. *Id.*

SIMO filed a second amended complaint in June of 2019, but that complaint also failed to state a claim, so uCloudlink once again sought its dismissal. *See Id.*, Docket 75. The district court granted that motion on September 12, 2019, this time with prejudice and without leave to amend. *See Id.*, Docket 103 (attached hereto as Exhibit C). Specifically, the district court found that SIMO's allegation that the founders of uCloudlink engaged in a "conspiracy" with Wang Bin to obtain trade secrets from SIMO was not plausible, since SIMO had not pled any connection between the uCloudlink employees and Wang Bin. *Id.* at 10.[1]

This dismissal with prejudice should have been the end of SIMO's efforts to litigate its trade secret claims, at least in the United States, since a dismissal with prejudice is final for claim preclusion purposes. *See, e.g., Medcalf v. Thompson Hine LLP*, 84 F. Supp. 3d 313, 322 (S.D.N.Y. 2015), citing *Mitchell v. National Broadcasting Co.*, 553 F.2d 265, 271 (2d Cir. 1977) ("It is well settled that a judgment dismissing a complaint … has the same effect of *res judicata* as though rendered after trial"). Yet SIMO ignored the California court's holding, instead filing a new action in the Eastern District of Texas on January 6, 2020. *See Simo Holdings, Inc. v. Hong Kong Ucloudlink Network Technology Limited*, Case No. 2:20-cv-0003, Docket 8 (E.D. Tex. Jan. 8, 2020) (attached hereto as Exhibit D). SIMO's Texas complaint raises the same allegations that the California court found deficient. *See id.*

[1] SIMO suggested that certain uCloudlink founders and Wang Bin were connected by prior employment at Huawei, but the uCloudlink founders left Huawei in 2011, which was two years before Wang Bin went to work for SIMO. *Id.* at 2-3. Also, Huawei has nearly 200,000 employees, so this common employment, standing alone, is meaningless. *See* https://www.huawei.com/us/about-huawei/corporate-information.

In addition to these U.S. actions, SIMO's subsidiary Skyroam Inc. ("Skyroam") has filed a civil action for trade secret misappropriation in Shenzhen Intermediate Court naming two uCloudlink affiliated entities (Shenzhen uCloudlink New Technology Co., Ltd. and Shenzhen uCloudlink Network Technology Co., Ltd.), one officer (Gao Wen), and Wang Bin as defendants. [*See* D.I. 307 ("Wang Decl."), ¶ 5; Han Decl.,[2] ¶ 4.]

**B. SIMO's Forum Shopping of its Patent Claims**

SIMO's forum shopping has not been limited to its trade secret claims—SIMO's Texas complaint also raises claims for patent infringement that SIMO should have brought in this Court. The parties engaged in extensive briefing and argument regarding whether uCloudlink's redesigned products should be covered by this Court's permanent injunction. After multiple rounds of briefing, and after weighing fact and expert declarations, this Court ultimately determined that the uCloudlink redesign products should not be enjoined. [*See* D.I. 299.] Specifically, the Court was "persuaded that uCloudlink's redesign products no longer infringe" because they no longer satisfy the "distinct" limitation in the asserted claims. [*Id*. at 2-3.]

SIMO did not like this ruling. It brought a motion for reconsideration, and it appealed. [*See* D.I. 300, 305.] SIMO's motion for reconsideration was denied (D.I. 304), and the appeal is currently pending. Not liking its odds in this Court of getting a favorable infringement ruling on the redesign products, SIMO then filed a new patent infringement lawsuit in the Eastern District of Texas—a court with no connection to this dispute—raising the same patent against the same products previously litigated here. [*See* Exhibit D.] If SIMO wanted to raise new arguments that uCloudlink's redesign products infringe the '689 patent, it should have asked this Court to make that decision. Running to a different judge in a different district ignores the nearly two years of

[2] "Han Decl." refers to the declaration of Jinwen Han, filed herewith.

experience this Court has in analyzing the issues in the case, wasting judicial and party resources.

## III. ARGUMENT

### A. The Protective Order Does Not Allow the Disclosure SIMO Seeks to Make

As a preliminary matter, SIMO suggests that the Protective Order may allow it to voluntarily submit uCloudlink's confidential documents to a Chinese court. This argument is wrong, and if SIMO truly believed it, it would not have had to file this motion.

The Protective Order clearly states that, "[n]o person subject to this Order … shall disclose any of the Discovery material designated by the producing person as Confidential to any other person whomsoever," except for a few select groups of people including counsel and the Court. [D.I. 23, ¶ 5.] There are no exceptions allowing disclosure to a Chinese court. [*See id.*]

SIMO suggests Paragraph 21 of the Protective Order, which allows production under certain circumstances when a party is "served with a subpoena or a court order that would compel disclosure of any confidential material to a third party," authorizes disclosure of uCloudlink's documents. This is incorrect, for several reasons. First, SIMO has not been served with any subpoena, nor has it identified any order from any Court in China (or elsewhere) compelling the production of these documents. SIMO has not been served with anything, and it is not responding to anything—it is asking for leave to disclose the documents in a litigation that SIMO's wholly-owned subsidiary Skyroam voluntarily initiated. [*See* Wang Decl., ¶ 5.] Paragraph 21 does not cover such voluntary disclosure.

Second, as uCloudlink's China law declarant Mr. Jinwen Han explains, Article 72 of the Chinese Civil Procedure law does not require the disclosure of any documents under these circumstances. First, Article 72 relates to testimonial evidence, not to any duty to submit documents. [Han Decl., ¶ 8.] More generally, in Chinese litigation, a party may come forward

with relevant evidence, but there is no duty for it to do so absent a court order. [*Id.*, ¶ 9.] Also, if Skyroam wanted to ask the Chinese court to order the production documents, it could have done so. [*Id.*, ¶ 10.] Skyroam has not made such a request. [*Id.*]

Third, even if SIMO had received a subpoena or a Court order (which it did not), and even if that subpoena or order required disclosure, SIMO does not possess these documents. These documents were produced only to SIMO's outside counsel, K&L Gates, and were designated as Confidential under the Protective Order, which means K&L Gates should not have shared the documents with SIMO. SIMO does not explain how or why its counsel allegedly has any obligation to disclose these documents in the China case.

The case of *GAF Corp. v. Eastman Kodak Co.*, 415 F. Supp. 129 (S.D.N.Y. 1976), is instructive. There, a litigant asked for permission to disclose certain papers of Eastman Kodak Company that were obtained through discovery in a private antitrust suit to the U.S. government for use in an ongoing antitrust investigation. *Id.* at 130. The Court refused this request, writing, "[a]ll the positions taken over the years [in the case] have had presumably in view the understanding that discovery was for the party receiving it, not for strangers to the case, public or private." *Id.* at 131. The Court noted that the U.S. government has "awesome powers" of investigation that do not require supplementation by private litigants. *Id.* at 132. The Court further noted that while there may be a general proposition that "all citizens owe a duty to report violations of the law to responsible authorities," that did not mean disclosure was always permissible regardless of the circumstances. *Id.* at 133.

Here, there should be no dispute that the Chinese government has its own "awesome powers" of investigation. If Chinese courts want to investigate and order the production of documents, they have the authority to do so. [Han Decl,. ¶¶ 5, 10.] Moreover, allowing private

litigants to voluntarily turn over confidential documents obtained in U.S. litigation to foreign authorities raises serious questions. Whether it is a technology company disclosing source code in a patent case, or an academic disclosing personal writings in an employment case, confidentiality orders in this Court cover a wide variety of sensitive materials that may be of interest to foreign actors. The idea that private litigants can engage in self-help and voluntarily disclose such materials for investigation or prosecution overseas is not just wrong, it is frightening. This Court should eliminate any notion that such unilateral disclosure would be permissible.

### B. The Court Should Decline to Modify the Protective Order

Tacitly acknowledging that it is not permitted to disclose the documents under the Protective Order as currently written, SIMO alternatively asks this Court to modify its Order to allow disclosure. The Court should refuse. First, the Court lacks jurisdiction to modify the Order since the case is on appeal. Second, SIMO's request fails the strict test for modification.

#### 1. The Court Cannot Modify the Protective Order During the Appeal

As an initial matter, the Court must determine whether it has jurisdiction to grant SIMO's request while the appeal is pending. It does not. The case of *In re Hornbeam Corp*., 2017 U.S. Dist. LEXIS 128940 (S.D.N.Y. Aug. 14, 2017), is directly on point. There, a party sought leave to amend a protective order to allow the use of discovery in a foreign proceeding. *Id.* at *1. The Court began by noting the general proposition that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id*. at *2. It noted that, "while a Court may enforce its orders while review of those orders is pending on appeal, a Court does not retain jurisdiction over 'the expansion and amendment of orders and judgments.'" *Id*. at *5. Because allowing use of the documents in the foreign proceeding would be an "expansion and/or alteration" of the protective order, the Court determined that it could not give

this relief while the appeal was pending, and denied the motion. *Id*. at *5-6. Here, as in *Hornbeam*, the appeal is currently pending. [D.I. 283, 289.] Here, as in *Hornbeam*, SIMO seeks to modify the Protective Order to allow use of documents in a foreign proceeding. Here, as in *Hornbeam*, SIMO's request should be denied for lack of jurisdiction.

SIMO's case law is not to the contrary. SIMO cites *In re "Agent Orange" Prod. Liab. Litig*., 821 F.2d 139, 145 (2d Cir. 1987), for the unremarkable proposition that a court may modify its protective orders. That case, however, did not deal with a request made during the pendency of an appeal—the appeal in *Agent Orange* was brought *after* the court made the modification. *See id*. at 143-44. Similarly, SIMO cites *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 141 (2d Cir. 2004), for the proposition that a court may modify a protective order after a case is dismissed. Again, this case does not deal with the problem presented here, namely, the lack of jurisdiction once a party files a notice of appeal.[3] Because this Court lacks jurisdiction to modify the protective order while the appeal is pending, it should deny SIMO's request.

**2. SIMO's Request to Modify the Protective Order Fails on the Merits**

In addition to being jurisdictionally barred, SIMO's request also fails on the merits. As an initial matter, SIMO analyzes the wrong test for modification. Specifically, SIMO's brief analyzes a three-part test drawn from *Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.)*, 640 F.3d 53, 58 (2d Cir. 2011). That case, however, involved a request to compel disclosure of confidential mediation documents, not a request to modify a protective order. *See Id*. uCloudlink has not located any decisions applying *Teligent* to modifying a protective order.

[3] Similarly irrelevant is SIMO's statement that the Court retains jurisdiction over issues of injunctive relief, since the instant motion has nothing to do with the permanent injunction.

Instead, Courts in this District typically use the test set forth in *Martindell v. Int'l Tel. & Tel. Corp*., 594 F.2d 291, 296 (2d Cir.1979), which requires a party seeking modification to show either improvidence in the grant of the protective order, some extraordinary circumstance, or a compelling need for the modification. Some Courts in this District have said that the test in *Martindell* only applies when the government (as opposed to a private party) seeks modification of a protective order. *See Bayer AG v. Barr Lab*., 162 F.R.D. 456, 461 (S.D.N.Y. 1995). More recent decisions, however, reaffirm that *Martindell* applies even for non-governmental modification. *See Knitting Fever, Inc. v. Coats Holdings, Ltd.*, 2011 U.S. Dist. LEXIS 93473 at *3 (E.D.N.Y. Aug. 22, 2011), citing *Securities and Exchange Comm'n v. TheStreet.com*, 273 F.3d 222, 229 n.7 (2d Cir. 2001); *see also Iridium India Telecom Ltd. v. Motorola, Inc*., 165 Fed. Appx. 878, 880 (2d Cir. 2005). Consequently, uCloudlink will analyze whether SIMO has shown "extraordinary circumstances" or a "compelling need" for the modification.[4]

Regardless of which test is used, there is a "strong presumption against the modification of a protective order" in the Second Circuit. *See Dorsett v. County of Nassau*, 289 F.R.D. 54, 64 (E.D.N.Y. 2012). That is because "[i]t is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *Id.*

**a. SIMO Has Not Shown A "Compelling Need"**

SIMO first argues that it has a "compelling need" for the requested documents because it is unable to get them through litigation in China. As uCloudlink's China law declarant explains, this is false: Chinese courts have the power to order the production of documents, and Skyroam

[4] SIMO does not appear to suggest that the Protective Order was "improvidently granted," and to the contrary, SIMO says it wishes to maintain the confidentiality of the requested documents. There is also no dispute that the parties' relied on the Protective Order in producing confidential documents in the litigation.

has made no effort to utilize this procedure in China for these documents. [Han Decl., ¶ 10.] Since it has not even tried to get the documents in China, SIMO cannot meet its burden to show any compelling need.

More fundamentally, any perceived problems with the Chinese rules of civil procedure is not a "compelling need." The Chinese legal system was designed purposefully to avoid the types of broad compulsory discovery available in the United States. SIMO's subsidiary Skyroam voluntarily initiated litigation in China knowing these procedural limitations. Presumably the Chinese government has decided its system and society function best without such discovery. While the United States has taken a different approach, there is no "compelling need" to make the Chinese legal system function more like the American legal system. The Chinese litigation can proceed as any other litigation in that country would without the need for this Court's assistance.

SIMO also argues there is a "compelling need" because denying amendment will "giv[e] uCloudlink the green light to continue to benefit from its theft of Skyroam's technology in China." This argument completely ignores the holding in the Northern District of California dismissing SIMO's trade secret claim with prejudice. There, the Court found SIMO failed to state a claim because it had no facts to support its allegation that the founders of uCloudlink conspired with Wang Bin to leave Huawei in 2013 and to obtain trade secrets from SIMO. [*See* Exhibit C.] As the California court recognized, the founders of uCloudlink left Huawei in 2011, two years before Wang Bin went to SIMO, and SIMO has no evidence they "directed" Wang Bin to do anything. [*See id*. at 10.] This is consistent with this Court's own observation that "the Court cannot confidently conclude that uCloudlink either directed or profited from Wang Bin's actions." [D.I. 204 at 3-4.]

Finally, there is no "compelling need" here because SIMO can bring (and has brought) its trade secret case without the requested documents. For example, in its Texas complaint, SIMO raised trade secret misappropriation based solely on information in SIMO's possession. [*See* Exhibit D.] Similarly, in the China litigation, SIMO was required to submit its evidence at the outset. [Han Decl., ¶ 7.] SIMO does not explain why it needs more documents than what it has already submitted to bring its case.

SIMO also suggests in a footnote that it has a compelling need because failure to disclose documents would violate Rule 72 of the Chinese Civil procedure law. As uCloudlink's China law declarant explains, this is false—that rule does not require SIMO, a non-party to the China litigation, to submit documents to the Chinese court. [Han Decl., ¶¶ 8, 11.] Also, as explained above, SIMO does not possess the document; they are held by its law firm, and SIMO does not explain how that firm has any obligation to turn over confidential documents in China.

**b. SIMO Has Not Shown Exceptional Circumstances**

To the extent SIMO argues "exceptional circumstances" justify modification, that is also incorrect. The case of *Daniels v. City of New York*, 200 F.R.D. 205 (S.D.N.Y. 2001), is instructive. There, the U.S. Government sought to intervene in a civil lawsuit to modify a protective order and obtain documents relating to an ongoing investigation of the New York Police Department's "stop and frisk" policies. *Id*. at 206. The Government argued that its need to investigate the constitutionality of this practice demonstrated "extraordinary circumstances." *Id*. at 209-210. The Court disagreed, finding "the mere fact that the investigation involves a matter of public interest is not extraordinary given that most Government investigations involve issues of public interest." *Id*. at 210. Here, SIMO's request is even less "extraordinary" than the request made in *Daniels* because here, unlike in *Daniels*, at least one court has already found there was no trade secret misappropriation. Also, the relevant activities giving rise to SIMO's

complaint occurred in 2013, more than seven years ago, unlike in *Daniels*, where the "stop and frisk" policy was still in force. Finally, here there is no criminal investigation; the Chinese dispute is purely civil. [Han Decl., ¶ 4.] Because SIMO can show neither a "compelling need" nor "exceptional circumstances," the Court should deny its request to modify the protective order.

### C. The Court Should Deny SIMO's Request for Discovery under Section 1782

#### 1. The Court Lacks Jurisdiction to Grant SIMO's Request

As an alternative to modifying the Protective Order, SIMO asks this Court to authorize discovery 28 U.S.C. § 1782. Again, the first question this Court must ask is whether this request is procedurally proper, given that this case is currently on appeal. In general, "the filing of a notice of appeal is an event of jurisdictional significance: it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *See SATCOM Int'l Group PLC v. ORBCOMM Int'l Partners, L.P.*, 55 F. Supp. 2d 231, 233 (S.D.N.Y. 1999). While there are "limited action[s]" a district court can take while an appeal is pending, *see id*. at 233-34, none of those limited acts are implicated here. Indeed, there are many examples of courts refusing to decide motions while appeals are pending based on a lack of jurisdiction. *See, e.g., In re Hornbeam Corp*., 2017 U.S. Dist. LEXIS 128940 at *3 (finding lack of jurisdiction over motion to intervene while appeal was pending); *Vanbrocklen v. United States*, 2009 U.S. Dist. LEXIS 43274 at *3 (N.D.N.Y. May 21, 2009) (finding lack of jurisdiction over motion to amend); *United States v. ASCAP (In re Warren)*, 2001 U.S. Dist. LEXIS 18409 at *4-8 (S.D.N.Y. Jun. 29, 2001) (finding lack of jurisdiction over Rule 60(b) motion); *Wilson v. Dynatone Publ'g Co*., 2018 U.S. Dist. LEXIS 8122 at *7 (S.D.N.Y. Jan. 18, 2018) (finding lack of jurisdiction over motion to enforce a settlement agreement).

SIMO may argue that it's motion is appropriate because it does not directly relate to any issues in the appeal. While divestiture of jurisdiction is not automatic, there are only a few limited exceptions to the general rule. For example, there may be no divestiture when an appeal is premature or frivolous. *See, e.g., In re Chevron Corp.*, 749 F. Supp. 2d 170, 179 (S.D.N.Y. 2010). Absent such exceptional circumstances (none of which are present here), "the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *See Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992). SIMO identifies no statue or rule preserving jurisdiction over its motion, so it must be denied.

**2. SIMO Cannot Use Section 1782 to Seek Documents Located in China**

Moving beyond this procedural defect, there is also a fatal substantive flaw in SIMO's motion: all of the documents it seeks are located in China. [Peng Decl.,[5] ¶ 2; Zhenhui Decl.,[6] ¶ 2.] In fact, neither entity named in this case actually possesses the requested documents; they are held by the Chinese entities that are involved in the China litigation. [Peng Decl., ¶ 3; Zhenhui Decl., ¶ 3.] This Court has held that "[t]he bulk of authority in this Circuit, with which this Court agrees, holds that, for purposes of § 1782(a), a witness cannot be compelled to produce documents located outside of the United States." *See In re Godfrey*, 526 F. Supp. 2d 417, 423 (S.D.N.Y. 2007). Because the requested documents are located abroad, in the forum where the foreign litigation is pending, by the companies that are parties to that proceeding, they are beyond the reach of Section 1782.

[5] "Peng Decl." refers to the declaration of Bi Peng, filed herewith.

[6] "Zhenhui Decl." refers to the declaration of Liu Zhenhui, filed herewith.

### 3. SIMO Has Not Demonstrated it Can "Use" the Documents in China

Section 1782 also requires proof that the person seeking discovery can "use" the requested documents in the foreign proceeding. Here, SIMO fails to meet its burden to show it can "use" these documents in China because SIMO is not a party to the Chinese proceeding and has no right of participation.

SIMO's discussion on how it intends to "use" these documents in China is cursory, but it appears that SIMO intends to submit the documents to the Chinese court. The Second Circuit, however, has held that a request to submit documents in the foreign proceeding, without participation rights, is insufficient under Section 1782. Specifically, in Cer*tain Funds, Accounts And/Or Inv. Vehicles Managed By Affiliates Of Fortress Inv. Grp. L.L.C. v. KPMG, L.L.P.*, 798 F.3d 113, 121 (2d Cir. 2015), the Second Circuit said the ability to submit evidence "in the hope that it might be used" does not satisfy the requirement of the statute: "[t]hat is no different from a third party providing information to a private litigant that it believes might be useful in a lawsuit, or a witness approaching a prosecutor's office claiming to have knowledge of a crime. Such information might be relevant or interesting to the recipient, but it is not 'for use' in any proceeding in which the recipient is a party unless the recipient takes some further, independent action to introduce it." *Id*. Here, SIMO's declarations do not explain the procedural mechanism by which SIMO could even theoretically submit documents in China, much less how SIMO can "use" them once they are submitted in that proceeding. As uCloudlink's China law declarant states, "SIMO is not a party to the China lawsuit. Therefore, SIMO cannot participate in that China lawsuit." [Han Decl., ¶ 11.] Because SIMO fails to show that it can "use" the documents in China, it cannot force their production under Section 1782.

### 4. The Court Should Exercise its Discretion to Deny Discovery

In addition to considering the statutory requirements of 28 U.S.C. § 1782, this Court should also consider whether to exercise its discretion to allow or deny discovery. That analysis should consider, among other things, whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and are accessible absent Section 1782. *See In re Microsoft Corp*., 428 F. Supp. 2d 188, 192-93 (S.D.N.Y. 2006). Here, noted above, the requested documents are all located in China, and are held by the parties to that proceeding. As uCloudlink's China law declarant explains, the Chinese court has the authority to order these Chinese entities to produce the documents. [Han Decl., ¶ 10.] Consequently, discovery under Section 1782 is unnecessary.

SIMO's forum shopping also justifies discretionary denial. As noted above, SIMO brought its trade secret claims in California and lost. It has since re-filed those same claims in Texas and China, but neither forum has requested this Court's assistance. These courts have the power to conduct whatever investigation they feel is necessary to adjudicate SIMO's claims. They will eventually reject them, as the California court has. Regardless, under these circumstances, this Court's intervention into foreign disputes is neither necessary nor appropriate.

## IV. CONCLUSION

For the foregoing reasons, SIMO's motion should be denied.

Date: April 17, 2019

**FISH & RICHARDSON P.C.**

By: */s/ Jonathan Lamberson*

Jonathan Lamberson (*pro hac vice*)
lamberson@fr.com
500 Arguello St., Suite 500
Redwood City, CA 94063
Tel: (650) 839-5070
Fax: (650) 839-5071

Michael Zoppo (#4292678)
zoppo@fr.com
Excylyn Hardin-Smith (#4499208)
hardin-smith@fr.com
601 Lexington Ave., 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Phillip W. Goter (*pro hac vice*)
goter@fr.com
James Huguenin-Love (*pro hac vice*)
huguenin-love@fr.com
3200 RBC Plaza
60 South 6th Street
Minneapolis, MN 55402
Tel: (612) 335-5070
Fax: (612) 288-9696

Oliver Richards (*pro hac vice*)
orichards@fr.com
Cheryl Wang (*pro hac vice*)
cwang@fr.com
12390 El Camino Real
San Diego, CA 92130
Tel: (858) 678-5070
Fax: (858) 678-5099

***Attorneys for Defendants***
***uCloudlink Network Technology Limited and***
***uCloudlink (America), Ltd.***

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of April, 2020, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Jonathan Lamberson*
Jonathan Lamberson