**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------- x

SIMO HOLDINGS INC.

Plaintiff,

-v-

HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED, AND UCLOUDLINK (AMERICA), LTD.

Defendants.

--------------------------------- x

**CIVIL ACTION NO. 18CV5427 (JSR)**

**SUPPLEMENTAL DECLARATION OF HUAQIANG WANG IN SUPPORT OF PLAINTIFF SIMO HOLDINGS INC.'S MOTION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 FOR USE OF DISCOVERY IN FOREIGN PROCEEDINGS**

I, HUAQIANG WANG, declare that the following is true and correct:

1. I am an associate at King & Wood Mallesons, counsel for SIMO Holdings Inc. ("SIMO") and Shenzhen Skyroam Technology Co., Ltd. ("Skyroam") in the People's Republic of China. Skyroam is a wholly owned subsidiary of SIMO.

2. I am registered to practice law in the People's Republic of China and am licensed to practice patent and trade secret law in the People's Republic of China.

3. I am able to read and speak English sufficient to provide this declaration in English.

4. I have reviewed the declaration of Jinwen Han and I make this declaration to clarify information about the Chinese lawsuit and procedural rules in Chinese litigation.

5. Although the Chinese lawsuit is still in the jurisdictional stage, the Shenzhen Intermediate Court has already denied uCloudlink's challenge and made a first instance ruling that it has jurisdiction because domiciles of the defendants, including Shenzhen uCloudlink New Technology Co., Ltd., Shenzhen uCloudlink Network Technology Co., Ltd., Wang Bin and Gao Wen, are all located in Shenzhen and the accused behavior also happened in Shenzhen. Attached hereto as **Exhibit A** is a true and accurate copy of the First Instance Ruling on Jurisdiction issued by the Shenzhen Intermediate Court on Aug 21, 2019. There is no doubt that the Shenzhen Intermediate Court has jurisdiction on this case.

6. Before uCloudlink's challenge on jurisdiction, the Shenzhen Intermediate Court ordered the parties to exchange evidence. Attached hereto as **Exhibit B** is a true and accurate copy of the Notification for Evidence Exchange issued by the Shenzhen Intermediate Court.

7. Article 64 of the Chinese Civil Procedure law provides, "A party shall be responsible for providing evidence in support of his or her allegations." The official translation of Article 64 of the Chinese Civil Procedure Law can be found at http://cicc.court.gov.cn/html/1/219/199/200/644.html.

8. Because, the laws of the People's Republic of China do not provide for pre-trial discovery nor compulsory discovery from a party, parties must find and introduce their own evidence to support their claims. This results in a very heavy burden to plaintiffs, especially in trade secret claims where the evidence of the stolen trade secret information tends to be in the exclusive possession of the defendant.

9. In order to prove uCloudlink's misappropriation of trade secrets, Skyroam has tried all possible means, including application to the Shenzhen Intermediate Court for preservation of evidence from uCloudlink, Wang Bin and Gao Wen. Skyroam's application was approved by the Court. Attached hereto as **Exhibit C** is a true and accurate copy of the Ruling for Preservation of Evidence issued by the Shenzhen Intermediate Court on Aug 1, 2019.

10. Pursuant to the evidence preservation order, the judge in the Chinese lawsuit went to uCloudlink's offices to collect evidence on Aug 8, 2019. I joined the Court for this process. uCloudlink provided several product specifications, but uCloudlink refused to provide certain documents which were no doubt in its possession, such as documents produced by uCloudlink in the New York litigation, including the documents referred to by uCloudlink's declarants Zhiping Peng and Zhenzhui Liu (Dkt. 313 and 314 respectively). Due to uCloudlink's refusal to provide the necessary documents, SIMO is making this application to use certain materials produced by uCloudlink America and uCloudlink Hong Kong during the discovery of the patent infringement lawsuit in New York.

11. Though SIMO is not a party to the Chinese lawsuit, as a company with information relating to the circumstances relating to Skyroam's case, SIMO is therefore obligated to provide testimony in the Chinese Lawsuit. In my experience as a licensed, practicing attorney in China, SIMO's obligation to testify includes providing any documents SIMO has that are relevant to uCloudlink's misappropriation of trade secrets.

12. uCloudlink's obstruction to the Chinese Court's evidence gathering procedures has prevented Skyroam from obtaining the documents to satisfy its evidentiary obligations to the Chinese Court and protect its trade secrets..

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on this day April 24, 2020 in Shenzhen, China.

Wang Huaqiang 王华强

Wang Huaqiang
**King & Wood Mallesons**
28th Floor, China Resources Tower,
2666 Keyuan South Road,
Nanshan District, Shenzhen, China
Tel 86 755 82643565
Fax 86 755 22163380
wanghuaqiang@cn.kwm.com