# Exhibit A

# 广东省深圳市中级人民法院

# 民事裁定书

(2019)粤03民初2447号

原告：深圳市斯凯荣科技有限公司，住所地深圳市南山区南头街道南海大道西桃园路南西海明珠花园F座1001-1003。

法定代表人：LIU JING，董事长。

委托诉讼代理人：刘军，北京市金杜（深圳）律师事务所律师。

委托诉讼代理人：郑泓，北京市金杜（广州）律师事务所律师。

被告：王斌，男，汉族，1975年11月13日出生，住深圳市南山区科技园科发路1号，公民身份号码230421197511132215。

被告：深圳市优克联新技术有限公司，住所地深圳市南山区粤海街道学府路深圳市软件产业基地1栋A座301-306。

法定代表人：高文，总经理。

被告：深圳优克云联科技有限公司，住所地深圳市南山区粤海街道滨海社区海天一路19号、17号、18号软件产业基地4栋5层511。

法定代表人：杜志刚，总经理。

被告：高文，男，汉族，1970 年 1 月 5 日出生，住深圳市南山区桃源村 5 栋 801 房，公民身份号码 420111197001054153。

原告深圳市斯凯荣科技有限公司诉被告王斌、深圳市优克联新技术有限公司、深圳优克云联科技有限公司、高文侵害商业秘密纠纷一案，本院于 2019 年 6 月 27 日立案。

原告深圳市斯凯荣科技有限公司诉称，原告系全球移动无线漫游服务的先行者和开拓者，拥有的商业秘密具有极高商业价值。其投入大量人力物力进行自主研发、创造，依托独特的虚拟 SIM 技术成为移动漫游服务的主要供应商。被告王斌在原告处任职期间接触过原告大量核心商业秘密，离职时窃取原告商业秘密，披露给其他被告使用。被告深圳市优克联新技术有限公司、深圳优克云联科技有限公司、高文非法获取、披露、使用原告商业秘密，与王斌构成共同侵权。高文与王斌将原告的技术秘密略加文字性修改，共同作为发明人申请了名称为"一种网络接入的方法及装置"、申请号为 201510929886.2 的发明专利。四被告的行为给原告造成了巨大的经济损失，被告因此获取了巨额经济利益和商业机会，应当承担停止侵权、赔偿损失等民事责任。请求判令：1. 四被告立即停止侵犯原告商业秘密的行为，即立即停止披露、使用或者允许他人使用原告商业秘密：2. 四被告连带赔偿原告经济损失人民币 98，000，000 元：3. 四被告承担原告为制止侵权行为所支出的合理费用共计人民币 100 万元；4. 四被告承担本案的全部诉讼费用。

被告深圳市优克联新技术有限公司在提交答辩状期间，对管辖权提出异议认为，本案中诉讼标的额近一亿元人民币，且争议内容涉及到中美两国的诉讼，属于在广东省有重大影响的案件。根据《中华人民共和国民事诉讼法》第十九条的规定：高级人民法院管辖在本辖区有重大影响的第一审民事案件，故请求将本案移送广东省高级人民法院管辖。

本院经审查认为，本案系侵害技术秘密纠纷。根据法发〔2010〕5 号《最高人民法院关于调整地方各级人民法院管辖第一审知识产权民事案件标准的通知》第一条、第二条、法［2017］352 号《最高人民法院关于同意深圳市中级人民法院内设专门审判机构并分别集中管辖部分知识产权、金融案件的批复》等规定，本院对广东省辖区内诉讼标的额不超过 2 亿元的第一审技术秘密知识产权民事案件，以及诉讼标的额不超过 1 亿元且当事人一方住所地不在广东省辖区或者涉外、涉港澳台的第一审技术秘密知识产权民事案件具有管辖权。本案原告起诉标的额为 9900 万元，原、被告双方住所地均在深圳市辖区，亦无证据显示在广东省辖区内有重大影响，故属于本院级别管辖的案件范围。《中华人民共和国民事诉讼法》第二十八条规定，因侵权行为提起的诉讼，由侵权行为地或者被告住所地人民法院管辖。原告提交的证据初步显示，本案被告住所地与侵权行为地均在深圳市辖区，本院作为侵权行为地与被告住所地人民法院对本案具有管辖权。被告深圳市优克联新技术有限公司主张本案在广东省辖区有重大影响缺乏依

据,其请求将本案移送广东省高级人民法院管辖,本院不予支持。依照《中华人民共和国民事诉讼法》第十八条、第二十八条、第一百二十七条第一款之规定,裁定如下:

驳回被告深圳市优克联新技术有限公司对本案管辖权提出的异议。

案件受理费人民币100元,由被告深圳市优克联新技术有限公司负担。

如不服本裁定,可在裁定书送达之日起十日内,向本院递交上诉状,并按对方当事人的人数提出副本,上诉于最高人民法院。

审 判 长 卞 飞
审 判 员 丘 庆 均
审 判 员 江 剑 军

二〇一九年八月二十一日

本件与原本核对无异

书 记 员 陆 平(兼)