UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMO HOLDINGS INC., <br><br> Plaintiff, <br><br> -against- <br><br> HONG KONG UCLOUDLINK NETWORK TECHNOLOGY LIMITED and UCLOUDLINK (AMERICA), LTD., <br><br> Defendants. | 18-cv-5427 (JSR) <br><br> MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.

Following a trial last year in this patent infringement case, the Court entered judgment in favor of plaintiff SIMO Holdings Inc. ("SIMO") and awarded damages against defendants Hong Kong uCloudlink Network Technology Limited and its American subsidiary, uCloudlink (America), Ltd. (collectively, "uCloudlink"). The parties have appealed this judgment, as well as the Court's resolution of numerous pre- and post-trial disputes between the parties. See ECF No. 270, 276, 283, 289, 305. While their appeals are pending, the parties return to the Court with a new dispute. SIMO, over defendants' opposition, seeks to use documents produced in pretrial discovery in this case in a foreign proceeding against defendants' subsidiary. Plaintiff asks the Court to allow such use by either modifying the protective order it entered in this case, or granting

1

discovery in aid of a foreign proceeding pursuant to 28 U.S.C. § 1782(a). For the following reasons, the Court denies both motions.

I. Background

SIMO seeks to use the documents produced in this case in connection with a new trade secret misappropriation lawsuit underway in Shenzhen, China (the "Chinese Lawsuit"). The lawsuit was filed by SIMO's wholly owned subsidiary, Shenzhen Skyroam Technology Co., Ltd. ("Skyroam") against defendants' subsidiary, Shenzhen uCloudlink Network Technology Co, Ltd. ("uCloudlink Shenzhen") and defendants' former employee, Wang Bin, among other parties related to uCloudlink. Decl. of Huaqiang Wang ("Wang Decl.") ¶¶ 1, 5, ECF No. 307.

As a part of that lawsuit, SIMO represents, Skyroam must show the Chinese Court some evidence of uCloudlink's misappropriation to maintain its action. Id. ¶ 9. Skyroam seeks to make this showing through three documents that uCloudlink produced to SIMO during discovery in the Southern District. These documents allegedly show that employees of uCloudlink subsidiaries used confidential information about SIMO and Skyroam's technology while employed by these subsidiaries.[1] uCloudlink argues that SIMO may not use these documents because they are protected from

---

[1] The documents are identified by Bates numbers UCLOUDLINK0010784, UCLOUDLINK0217228, and UCLOUDLINK0217231.

disclosure by a protective order this Court signed in August 2018 (the "Protective Order"). ECF No. 23.

II. Analysis

SIMO seeks this Court's permission to use the three documents through two different mechanisms. First, SIMO moves for the Court to modify the Protective Order to allow SIMO to disclose the documents to the Chinese Court. Second, SIMO moves for discovery for use in a foreign proceeding pursuant to 28 U.S.C. § 1782(a). uCloudlink argues that the Court lacks jurisdiction to hear either of these motions, and in the alternative that these motions should be denied on the merits.

a. Jurisdiction

As an initial matter, the Court has jurisdiction to hear both of SIMO's motions. uCloudlink argues that the Court lacks jurisdiction over the motions because of the numerous appeals pending in this case. While the filing of a notice of appeal does limit the district court's jurisdiction, it only "divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Although the parties have appealed nearly every order the Court has issued in this case, see ECF No. 270, 276, 283, 289, 305, the parties have notably not appealed the entry of the Protective Order, to which, indeed, they stipulated. Moreover, the Court has never addressed any

motion for discovery pursuant to § 1782 in this action, let alone issued an order on it that could be the subject of appeal. Thus, SIMO's motions raise issues that are not involved in the appeals pending in this case, and the Court has jurisdiction to address them.

The primary case uCloudlink cites to suggest there is no jurisdiction over SIMO's motions, In re Hornbeam Corp., No. 14-MC-424, 2017 WL 2912515 (S.D.N.Y. July 7, 2017), does not alter this conclusion. In that case, a party sought to amend a previously entered protective order to allow it to use discovery it had obtained pursuant to a previously granted § 1782 motion. Id. at *1. Although the court held that it lacked jurisdiction over this motion pending appeal, this was because one of the orders that had been appealed in that case was an order granting discovery pursuant to § 1782. Id. at *2. This case thus does not support the proposition that this court lacks jurisdiction to hear a motion to amend a protective order or grant discovery pursuant to § 1782 where the pending appeal is unrelated to either motion. Nor are the remainder of the cases uCloudlink cites, which are unpublished and address contexts other than the modification of a protective order or a § 1782 motion, any more persuasive.

  b. Motion to Modify the Protective Order

4

While the Court has jurisdiction over SIMO's motions, it declines to grant them on the merits. SIMO first asks the Court to modify the Protective Order to allow SIMO to use the requested documents in the Chinese Lawsuit. When uCloudlink produced the relevant documents during the litigation before this Court, it marked them as "confidential-attorneys' eyes only." Under the Protective Order, SIMO thus may not disclose this confidential material to anyone, including the Chinese Court.[2]

Although there is a presumption against modification of a protective order in a civil case where "there has been reasonable reliance by a party or deponent," S.E.C. v. TheStreet.Com, 273 F.3d 222, 229 (2d Cir. 2001), "[w]here a litigant or deponent could not reasonably have relied on the continuation of a protective order a court may properly permit modification of the order," Id. at 231. Thus, where a protective order is "on [its] face temporary or limited" such that it "may not justify reliance by the parties . . . [w]hether to lift or

---

[2] SIMO argues that the Protective Order arguably already allows disclosure pursuant to its clause creating procedures for parties to disclose information marked confidential in response to a subpoena or court order. Protective Order ¶ 21. Although SIMO suggests that a Chinese procedural rule may require it to disclose the requested documents at some point, SIMO has not suggested that the Chinese Court has yet ordered it to produce these documents. This argument is thus not persuasive at this time.

5

modify a protective order is a decision committed to the sound discretion of the trial court." Id. at 231 (quoting In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 147 (2d Cir. 1987)).

The Protective Order entered by the parties in this case could not have justified their reliance such that the presumption against modification operates here. This is because the Protective Order, to which the parties voluntarily agreed, provides that:

> The Court [] retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Protective Order ¶ 11. While a primary reason for this language is to assure the public of the underlying evidence on which a court is proceeding, as well as to prevent a court's hands from being tied by the kind of excessive over-sealing common to much modern litigation, this language put the parties here "on notice virtually from the time it was issued that the district court's order might be lifted or modified" and that documents were subject to unsealing. In re Agent Orange, 821 F.2d at 144. Any reliance on this order was thus not reasonable and cannot generate a presumption against modification. See id. at 143, 147

6

(finding that reliance on a protective order was not reasonable where the Court explicitly noted that it "retained the power to order documents released" even after they were sealed).

Nonetheless, while altering the Protective Order to allow SIMO to use the requested documents in the Chinese Lawsuit is thus "committed to [this Court's] sound discretion," the Court finds that such an exercise of discretion would be inappropriate here. Granting SIMO's request would not serve any public interest that might weigh in favor of disclosure because the documents would only be unsealed for the limited purpose of confidential submission to the Chinese Court. See TheStreet.Com, 273 F.3d at 234 (finding that "the interest of the general public" in accessing documents is a factor that can weigh in favor of unsealing). Moreover, the Court is not persuaded that any private benefit to SIMO or its subsidiary from unsealing would be great. While SIMO argues that "[w]ithout the Requested Documents, the Chinese Lawsuit cannot be maintained," SIMO's Reply Mem. of Law at 3, ECF No. 316, Skyroam's inability to maintain the Chinese Lawsuit will not leave it without legal recourse. Skyroam has brought trade secret misappropriation claims against uCloudlink entities in both the Northern District of California and the Eastern District of Texas,[3] indicating that

---

[3] See SIMO Holdings, Inc. v. Hong Kong Ucloudlink Network Technology Limited, Case No. 2:20-cv-0003, ECF No. 8 (E.D. Tex.

7

Skyroam is ready and able to assert its rights in alternate fora if its Chinese Lawsuit fails. Thus, the Court declines to modify the Protective Order here.

   c. Motion for Discovery Under § 1782(a)

Failing its motion to modify the Protective Order, SIMO argues in the alternative that the Court should grant it discovery pursuant to 28 U.S.C. § 1782. This statute authorizes "the district court of the district in which a person resides or is found [to] order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . ." 28 U.S.C. § 1782(a) (2018). In order to grant such discovery, the Court must first find that "(1) the person from whom discovery is sought resides (or is found) in th[is] district"; "(2) the discovery is for use in a foreign proceeding before a foreign . . . tribunal"; and "(3) the application is made by a foreign or international tribunal or any interested person." Mees v. Buiter, 793 F.3d 291, 297 (2d Cir. 2015). If the moving party can demonstrate that these requirements are met, the Court may grant discovery in its discretion. Id.

---

Jan. 8, 2020); Hong Kong uCloudlink Network Tech. Ltd. v. SIMO Holdings Inc., Case No. 18-cv-05031-EMC, ECF No. 44 (N.D. Cal. Jan. 25, 2019).

Here, SIMO has failed to meet its burden of demonstrating that the discovery it seeks is "for use" in a foreign proceeding. In order to demonstrate it can "use" evidence for purposes of § 1782, a party must demonstrate that it has a "means of injecting the evidence into the proceeding" to "some advantage." <u>Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.</u>, 798 F.3d 113, 120 (2d Cir. 2015). SIMO, which is not a party to the Chinese Lawsuit between Skyroam and uCloudlink's subsidiaries, argues that it may introduce evidence via Article 72 of the Chinese Civil Procedure Law, which provides that "All units and individuals that have knowledge of the circumstances of a case shall be obliged to give testimony in court." Wang Decl. ¶ 14. It explains that "[a]s a company with information relating to the circumstances relating to Skyroam's case, SIMO is therefore obligated to provide testimony in the Chinese Lawsuit." <u>Id.</u> ¶ 16.

While Article 72 might provide SIMO a means of injecting evidence into the Chinese Lawsuit at some point, however, SIMO has not met its burden of explaining how Article 72 provides it a means of injecting evidence here. SIMO argues it needs the uCloudlink documents at this juncture because the "Chinese court has requested that Skyroam present the court with its evidence" of misappropriation and that Skyroam "fear[s] it will not be able to maintain its claim" without these documents. Wang Decl.

9

¶ 11. However, SIMO -- in two separate declarations by its Chinese law expert -- fails to provide any explanation for how Article 72's general obligation that parties with knowledge testify in court creates a means for SIMO to respond to a court's request for evidence directed at Skyroam. This is particularly notable in light of uCloudlink's contention that Article 72 applies in the context of hearings before the Chinese Court, rather than at this preliminary stage of the proceedings. Han Decl. ¶ 8.

Without a more precise explanation for how the broad command of Article 72 applies in this particular situation, one is left with the impression that SIMO seeks these documents so that it may turn them over to Skyroam, which in turn may provide them to the Chinese Court. Indeed, SIMO's brief appears to contemplate this result, and "respectfully requests that this Court permit SIMO and Skyroam's Chinese counsel to submit three confidential documents . . . to the Chinese Court." SIMO's Mem. of Law in Support of its Motion at 1 (emphasis added), ECF No. 309. The Second Circuit, however, has rejected the notion that a § 1782 motion may be premised on a movants' desire to "provid[e] information to a private litigant that it believes might be useful in a lawsuit" unless that movant is able to "direct" that private litigant to submit that information to a tribunal. Certain Funds, 798 F.3d at 121. SIMO has made no allegation that

10

it has such power to direct Skyroam to submit the documents here, focusing exclusively on Article 72 as the mechanism by which it may put the requested documents before the Chinese Court. Nor does SIMO provide any information about its corporate structure such that the Court could determine whether it has the power to do so. SIMO has thus not met its burden of demonstrating that it has a "means of injecting the evidence into the proceeding" such that the documents it requests are "for use" in a foreign proceeding. SIMO's § 1782 motion, along with its motion to modify the Protective Order, is thus denied.

    SO ORDERED.

Dated:   New York, NY

        May 5, 2020                 _____
                                                United States District Judge