**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIMO HOLDINGS INC.

Plaintiff,

**CIVIL ACTION NO. 18CV5427 (JSR)**

-v-

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED, AND
UCLOUDLINK (AMERICA), LTD.

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DECLARATION OF HUAQIANG WANG REGARDING CERTAIN DOCUMENTS**

I, HUAQIANG WANG, declare that the following is true and correct:

      1.     I am an associate at King & Wood Mallesons, counsel for SIMO Holdings Inc.

("SIMO"), SIMO's Chinese subsidiaries, SIBO Technology Co., Ltd. (in Chinese: "深圳市思博

威尔斯科技有限公司") ("SIBO") and Shenzhen Skyroam Technology Co., Ltd. (in Chinese: "深

圳市斯凯荣科技有限公司") ("Skyroam") in the People's Republic of China.   I am familiar with

the facts and circumstances set out herein.

1

2.      I am registered to practice law in the People's Republic of China and am licensed to practice patent and trade secret law in the People's Republic of China.

3.      I understand that SIMO filed a patent infringement lawsuit against Hong Kong uCloudlink Technology Limited and Ucloudlink (America) Ltd. (uCloudlink) in June 2018 (the "New York Case"). I further understand that SIMO alleged that uCloudlink's products, including the G2, G3, and U2 hotspots infringed SIMO's United States Patent Nos. 8,116,735, and 9,736,689.

4.      In July 2018, Skyroam and SIBO filed a lawsuit in China against certain uCloudlink entities in China for patent infringement of the Chinese version of the patents asserted in the New York Case - specifically this is the Patent titled, CN 101971648 (the "'648 Patent"). In that lawsuit, Skyroam and SIBO alleged that the same uCloudlink products infringed Chinese patents owned by SIBO. Attached as Exhibit A is a true and correct copy of the Chinese patent infringement lawsuit. My firm represented Skyroam and SIBO in that lawsuit.

5.      In early November 2018, we learned that uCloudlink turned over certain Skyroam confidential documents to SIMO's attorneys in the New York Case I understand that upon further investigation, it was discovered that those documents came from a computer that was used by Skyroam's former employee Wang Bin who left Skyroam for a uCloudlink entity in 2013.

6.      I understand that uCloudlink turned over additional documents in the New York litigation including a patent disclosure document that contain Skyroam's trade secrets and communications relating to that patent disclosure. I further understand that these documents were marked "Confidential" by uCloudlink, even though they contain references to Skyroam's confidential information that should not have been in uCloudlink's possession. These documents are referred to herein as the "uCloudlink confidential documents."

7.      Upon further investigation, it was also discovered that certain patents applied for by uCloudlink entities include Wang Bin as the inventor, and several of these patents include Skyroam's trade secrets.

8.      As part of the cooperation between the two international law firms of King & Wood Mallesons and K&L Gates, we wanted to be able to analyze the available materials and discuss the best approach to the strategies as they relate to our respective representation of SIMO and its related entities.   Specifically, we wanted to coordinate various aspects of the ongoing patent infringement cases in China and the United States as well as the potential for trade secret cases that may be filed in China and/or in the United States in connection with the information learned in the New York Case.

9.      In order to better evaluate our options, discuss strategies, and ensure consistency in our respective approaches, our firm received the protective order that was issued in the New York case on November 9, 2018, and four attorneys from our firm signed and returned the protective order several days later, so that we could receive some of the confidential documents that were produced in the New York Case. I am one of those four attorneys.  Attached hereto as Exhibit B is a true and correct copy of the protective orders signed by myself and my colleagues.

10.      I understand that by signing the Protective Order, I am forbidden from using the documents in any way without explicit confirmation from uCloudlink that such documents do not contain confidential information belonging to uCloudlink, an order from the Judge in the New York Case,  or in the event of a Court Order or Subpoena requiring me to turn over those documents. I also understand that any documents that have been filed publicly are no longer confidential, even if they were marked confidential at one time.

3

11.     After signing the protective order, I received certain documents from K&L Gates that were turned over by uCloudlink in the New York case and were marked confidential by uCloudlink. These include deposition transcripts and video of uCloudlink employees Bin Wang and Wen Gao.  These transcripts and video are included references to "uCloudlink confidential documents."

12.     I understand that some of the documents I received were later confirmed by uCloudlink's counsel not to contain uCloudlink's confidential information.  These documents include Skyroam documents that were found on Wang Bin's computer and turned over to SIMO's attorneys in the New York Case. Additionally, the Judge in the New York Case ordered that some documents are not confidential, such as certain testimony given by Bin Wang.

13.     In June 2019, Skyroam filed a lawsuit against Shenzhen uCloudlink New Technology Co., Ltd. (in Chinese: "深圳市优克联新技术有限公司"), Shenzhen uCloudlink Network Technology Co., Ltd. (in Chinese: "深圳优克云联科技有限公司"), Wang Bin (in Chinese: 王斌) and Gao Wen (in Chinese: 高文) for trade secret misappropriation in Shenzhen Intermediate Court, China ("the Chinese Lawsuit"). The Chinese Lawsuit concerns the same technology (*i.e.*, international mobile roaming) and same accused products (GlocalMe E1, U2, G2, G3 and S1) that I understand were at issue in the New York Litigation. KWM represented Skyroam in this lawsuit as well.  Attached hereto as Exhibit C is a true and accurate copy of the Complaint in the Chinese Lawsuit.

14.     Because of the rules surrounding the protective order, no uCloudlink confidential documents were included in the filings for this Chinese Lawsuit. The information used to file the lawsuit was based on publicly available information such as uCloudlink's patents, and documents and information disclosed during the trial in the New York Case, and Skyroam's own confidential

documents, including those that were found on uCloudlink's computers and which had been released by uCloudlink in the New York Case.

15.     In our investigation, I also downloaded and received publicly filed documents related to United States litigation between SIMO and Skyroam-related entities. For example, on February 26, 2019, we received SIMO and Skyroam's publicly filed Amended Answer and Counterclaims filed in February 2019 in the California case. A true and correct copy of the Amended Complaint is attached here as Exhibit D.

16.     Paragraphs 30-33, 115-120 of that the Amended Complaint contain more detailed information than the complaint in the Chinese Lawsuit. Both complaints refer to the same Chinese patent. The '555 Patent referenced in the Amended Complaint is the same as 201510929886.2 referenced in the Chinese Lawsuit. The California Amended Complaint refers to uCloudlink confidential documents that we seek to use in the Chinese Lawsuit, but the complaint in the Chinese Lawsuit only refers to the similarities between Skyroam's internal documents and the uCloudlink patent containing Skyroam's trade secrets. The complaint in the Chinese Lawsuit makes no mention of the uCloudlink confidential documents.

17.     I understand that SIMO requested that the New York Judge permit Skyroam to use uCloudlink confidential documents in the Chinese trade secret case. I also understand that the judge denied Skyroam's request, but indicated that Skyroam would be permitted to receive uCloudlink confidential documents for use if the Chinese Court issued an Order or subpoena for the documents.

18.     Based on the ruling by the New York judge, Skyroam recently requested that the Chinese Court issue an order requiring that SIMO's United States counsel provide certain uCloudlink confidential documents that were turned over in the New York litigation. In that

request, we used only documents which (1) are publicly available from PACER, (2) contain Skyroam-only confidential information, or (3) that the Court has declassified; or (4) that uCloudlink has agreed do not contain uCloudlink confidential material.  A true and correct copy of the index of documents used in Skyroam's request to the Chinese Court is attached here as Exhibit E.

19.     On  November 9th, 2020, the Chinese Court issued an order directing SIMO's United States' attorney, Matt Weldon  to provide Zheng Hong (in Chinese: "郑泓" ) and Ding Guangwei (in Chinese: "丁光炜" ) certain uCloudlink confidential documents that were turned over in the New York case and which I received after signing the protective order, and which were the subject of SIMO's previous request that was denied by the New York Judge.   A copy of that order is attached here as Exhibit F.  KWM received the Court's Order on November 11, 2020.

20.     The reason the Chinese Court order requests Matt Weldon to provide the documents is that he previously certified the status of certain publicly filed documents in Exhibit F.

21.     It is my understanding that SIMO's counsel has translated that order.  A copy of the certified translation of the order is attached here as Exhibit G.

22.     It is my understanding that K&L Gates informed uCloudlink's United States lawyer of the order from the Chinese Court regarding the uCloudlink confidential documents.

23.     It is my understanding that uCloudlink's United States counsel believes it was improper for K&L Gates counsel to provide KWM with the uCloudlink confidential documents.

24.     After discussing the issue with my colleagues and K&L Gates, we agreed that KWM would destroy all copies of the uCloudlink confidential documents received from K&L Gates.

25.     We are doing so in order to resolve any concerns that uCloudlink's United States lawyers may have that our possession of those documents was improper.

26.     I confirm that I have not given or shown the uCloudlink confidential documents to anyone with the exception of attorneys for K&L Gates.

27.     I have not shown the uCloudlink confidential documents to the other three lawyers in my firm who signed the protective order.

28.     I confirm that I have not used any of the uCloudlink confidential documents in any way that may result in the publication or disclosure of these documents.  This includes providing the documents to any Chinese Court, even in confidential proceedings.  Attached hereto as Exhibit H are several lists consisting of the evidence Skyroam has presented in the Chinese Lawsuit.

29.     I confirm that I have deleted the uCloudlink confidential documents from my possession.

30.     Chinese courts routinely adopt measures to protect parties' confidential business information. Moreover, there are protections in the Chinese civil procedure that preserve the confidentiality of parties' confidential business information.

31.     In the ongoing Chinese trade secret case, we have requested the Chinese courts to protect all confidential information from counterparties and the general public in order to preserve the confidentiality of all parties' confidential information. The Chinese court has already issued a protective order that only the lawyers are allowed to review confidential evidences and should keep evidences that include trade secret confidential.


I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

2020-11-30

Executed on this day _____ in Shenzhen, China.

王华强 Wang Huaqiang

Wang Huaqiang
**King & Wood Mallesons**
28th Floor, China Resources Tower,
2666 Keyuan South Road,
Nanshan District, Shenzhen, China
Tel 86 755 82643565
Fax 86 755 22163380
wanghuaqiang@cn.kwm.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


SIMO HOLDINGS INC.


Plaintiff,

**CIVIL ACTION NO. 18CV5427 (JSR)**

-v-


HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED, AND
UCLOUDLINK (AMERICA), LTD.


Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### DECLARATION OF JUN LIU REGARDING CERTAIN DOCUMENTS

I, JUN LIU, declare that the following is true and correct:

1.      I am a partner at King & Wood Mallesons, counsel for SIMO Holdings Inc. ("SIMO"), SIMO's Chinese subsidiaries, SIBO Technology Co., Ltd. (in Chinese: "深圳市思博威尔斯科技有限公司") ("SIBO") and Shenzhen Skyroam Technology Co., Ltd. (in Chinese: "深圳市斯凯荣科技有限公司") ("Skyroam") in the People's Republic of China.    I am familiar with the facts and circumstances set out herein.

1

2. I am registered to practice law in the People's Republic of China and am licensed to practice patent and trade secret law in the People's Republic of China.

3. I understand that SIMO filed a patent infringement lawsuit against Hong Kong uCloudlink Technology Limited and Ucloudlink (America) Ltd. (uCloudlink) in June 2018 (the "New York Case"). I further understand that SIMO alleged that uCloudlink's products, including the G2, G3, and U2 hotspots infringed SIMO's United States Patent Nos. 8,116,735, and 9,736,689.

4. In July 2018, Skyroam and SIBO filed a lawsuit in China against certain uCloudlink entities  in China for patent infringement of the Chinese version of the patents asserted in the New York Case - specifically this is the Patent titled, CN 101971648 (the "'648 Patent").  In that lawsuit, Skyroam and SIBO alleged that the same uCloudlink products infringed Chinese patents owned by SIBO.  Attached as Exhibit A is a true and correct copy of the Chinese patent infringement lawsuit.  My firm represented Skyroam and SIBO in that lawsuit.

5. In early November 2018, we learned that uCloudlink turned over certain Skyroam confidential documents to SIMO's attorneys in the New York Case   I understand that upon further investigation, it was discovered that those documents came from a computer that was used by Skyroam's former employee Wang Bin who left Skyroam for a uCloudlink entity in 2013.

6. I understand that uCloudlink turned over additional documents in the New York litigation including a patent disclosure document that contain Skyroam's trade secrets and communications relating to that patent disclosure.  I further understand that these documents were marked "Confidential" by uCloudlink, even though they contain references to Skyroam's

confidential information that should not have been in uCloudlink's possession. These documents are referred to herein as the "uCloudlink confidential documents."

7.      Upon further investigation, it was also discovered that certain patents applied for by uCloudlink entities include Wang Bin as the inventor, and several of these patents include Skyroam's trade secrets.

8.      As part of the cooperation between the two international law firms of King & Wood Mallesons and K&L Gates, we wanted to be able to analyze the available materials and discuss the best approach to the strategies as they relate to our respective representation of SIMO and its related entities.  Specifically, we wanted to coordinate various aspects of the ongoing patent infringement cases in China and the United States as well as the potential for trade secret cases that may be filed in China and/or in the United States in connection with the information learned in the New York Case.

9.      In order to better evaluate our options, discuss strategies, and ensure consistency in our respective approaches, our firm received the protective order that was issued in the New York case on November 9, 2018, and four attorneys from our firm signed and returned the protective order several days later, so that we could receive some of the confidential documents that were produced in the New York Case. I am one of those four attorneys.  Attached hereto as Exhibit B is a true and correct copy of the protective orders signed by myself and my colleagues.

10.      I understand that by signing the Protective Order, I am forbidden from using the documents in any way without explicit confirmation from uCloudlink that such documents do not contain confidential information belonging to uCloudlink, an order from the Judge in the New York Case,  or in the event of a Court Order or Subpoena requiring me to turn over those

documents. I also understand that any documents that have been filed publicly are no longer confidential, even if they were marked confidential at one time.

11.     After signing the protective order, I understand that K&L Gates provided my Colleague Huaqiang Wang certain documents that were turned over by uCloudlink in the New York case and were marked confidential by uCloudlink.

12.     I understand that some of the documents received by Huaqiang Wang were later confirmed by uCloudlink's counsel not to contain uCloudlink's confidential information. These documents include Skyroam documents that were found on Wang Bin's computer and turned over to SIMO's attorneys in the New York Case. Additionally, the Judge in the New York Case ordered that some documents are not confidential, such as certain testimony given by Bin Wang. I have viewed some of these documents, but not any uCloudlink confidential documents.

13.     In June 2019, Skyroam filed a lawsuit against Shenzhen uCloudlink New Technology Co., Ltd. (in Chinese: "深圳市优克联新技术有限公司"), Shenzhen uCloudlink Network Technology Co., Ltd. (in Chinese: "深圳优克云联科技有限公司"), Wang Bin (in Chinese: 王斌) and Gao Wen (in Chinese: 高文) for trade secret misappropriation in Shenzhen Intermediate Court, China ("the Chinese Lawsuit"). The Chinese Lawsuit concerns the same technology (*i.e.*, international mobile roaming) and same accused products (GlocalMe E1, U2, G2, G3 and S1) that I understand were at issue in the New York Litigation. KWM represented Skyroam in this lawsuit as well. Attached hereto as Exhibit C is a true and accurate copy of the Complaint in the Chinese Lawsuit.

14.     Because of the rules surrounding the protective order, no uCloudlink confidential documents were included or referenced in the filings for this Chinese Lawsuit. The information used to file the lawsuit was based on publicly available information such as uCloudlink's patents,

and documents and information disclosed during the trial in the New York Case, and Skyroam's own confidential documents, including those that were found on uCloudlink's computers and which had been released by uCloudlink in the New York Case.

15.     I understand that my Colleague Huaqiang Wang downloaded and received publicly filed documents related to United States litigation between SIMO and Skyroam-related entities.  For example, on February 26, 2019, Huaqiang Wang received SIMO and Skyroam's publicly filed Amended Answer and Counterclaims filed in February 2019 in the California case. A true and correct copy of the Amended Complaint is attached here as Exhibit D.

16.     I understand that SIMO requested that the New York Judge permit Skyroam to use uCloudlink confidential documents in the Chinese trade secret case.  I also understand that the judge denied Skyroam's request, but indicated that Skyroam would be permitted to receive uCloudlink confidential documents for use if the Chinese Court issued an Order or subpoena for the documents.

17.     Based on the ruling by the New York judge, Skyroam recently requested that the Chinese Court issue an order requiring that SIMO's United States counsel provide certain uCloudlink confidential documents that were turned over in the New York litigation.  In that request, we used only documents which (1) are publicly available from PACER,  (2) contain Skyroam-only confidential information, or (3) that the Court has declassified; or (4) that uCloudlink has agreed do not contain uCloudlink confidential material.  A true and correct copy of the index of documents used in Skyroam's request to the Chinese Court is attached here as Exhibit E.

18.     On  November 11th, 2020, Skyroam received an order from the Chinese Court directing SIMO's United States' attorney, Matt Weldon  to provide Zheng Hong (in Chinese: "郑

泓" ) and Ding Guangwei (in Chinese: "丁光炜" ) certain uCloudlink confidential documents that were turned over in the New York case and which were the subject of SIMO's previous request that was denied by the New York Judge.   A copy of that order is attached here as Exhibit F.

19.     The reason the Chinese Court order requests Matt Weldon to provide the documents is that he previously certified the status of certain publicly filed documents in Exhibit F.

20.     It is my understanding that SIMO's counsel has translated that order.  A copy of the certified translation of the order is attached here as Exhibit G.

21.     It is my understanding that K&L Gates informed uCloudlink's United States lawyer of the order from the Chinese Court regarding the uCloudlink confidential documents.

22.     It is my understanding that uCloudlink's United States counsel believes it was improper for K&L Gates counsel to provide KWM with the uCloudlink confidential documents.

23.     After discussing the issue with my colleagues and K&L Gates, we agreed that KWM would destroy all copies of the uCloudlink confidential documents received from K&L Gates.

24.     We are doing so in order to resolve any concerns that uCloudlink's United States lawyers may have that our possession of those documents was improper.

25.     I confirm that I have not received or seen the uCloudlink confidential documents.

26.     Chinese courts routinely adopt measures to protect parties' confidential business information. Moreover, there are protections in the Chinese civil procedure that preserve the confidentiality of parties' confidential business information.

27.   In the ongoing Chinese trade secret case, we have requested the Chinese courts to protect all confidential information from counterparties and the general public in order to preserve the confidentiality of all parties' confidential information. The Chinese court has already issued a protective order that only the lawyers are allowed to review confidential evidences and should keep evidences that include trade secret confidential.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on this day _2020-11-24_ in Shenzhen, China.

_____ Liu Jun

Liu Jun
**King & Wood Mallesons**
28th Floor, China Resources Tower,
2666 Keyuan South Road,
Nanshan District, Shenzhen, China
Tel 86 755 22163317
Fax 86 755 22163380
liujun1@cn.kwm.com

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


SIMO HOLDINGS INC.


                        Plaintiff,

                                            CIVIL ACTION NO. 18CV5427 (JSR)


        -v-


HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED, AND
UCLOUDLINK (AMERICA), LTD.


                        Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


### DECLARATION OF MINGFEI SUN REGARDING CERTAIN DOCUMENTS

I, MINGFEI SUN, declare that the following is true and correct:

　　　　1.　　　　I am a partner at King & Wood Mallesons, counsel for SIMO Holdings Inc.

("SIMO"), SIMO's Chinese subsidiaries, SIBO Technology Co., Ltd. (in Chinese: "深圳市思博

威尔斯科技有限公司") ("SIBO") and Shenzhen Skyroam Technology Co., Ltd. (in Chinese: "深

圳市斯凯荣科技有限公司") ("Skyroam") in the People's Republic of China.　　I am familiar with

the facts and circumstances set out herein.

1

2.     I am registered to practice law in the People's Republic of China and am licensed to practice patent and trade secret law in the People's Republic of China.

3.     I understand that SIMO filed a patent infringement lawsuit against Hong Kong uCloudlink Technology Limited and Ucloudlink (America) Ltd. (uCloudlink) in June 2018 (the "New York Case"). I further understand that SIMO alleged that uCloudlink's products, including the G2, G3, and U2 hotspots infringed SIMO's United States Patent Nos. 8,116,735, and 9,736,689.

4.     In July 2018, Skyroam and SIBO filed a lawsuit in China against certain uCloudlink entities in China for patent infringement of the Chinese version of the patents asserted in the New York Case - specifically this is the Patent titled, CN 101971648 (the "'648 Patent"). In that lawsuit, Skyroam and SIBO alleged that the same uCloudlink products infringed Chinese patents owned by SIBO. Attached as Exhibit A is a true and correct copy of the Chinese patent infringement lawsuit. My firm represented Skyroam and SIBO in that lawsuit.

5.     In early November 2018, we learned that uCloudlink turned over certain Skyroam confidential documents to SIMO's attorneys in the New York Case  I understand that upon further investigation, it was discovered that those documents came from a computer that was used by Skyroam's former employee Wang Bin who left Skyroam for a uCloudlink entity in 2013.

6.     I understand that uCloudlink turned over additional documents in the New York litigation including a patent disclosure document that contain Skyroam's trade secrets and communications relating to that patent disclosure. I further understand that these documents were marked "Confidential" by uCloudlink, even though they contain references to Skyroam's confidential information that should not have been in uCloudlink's possession. These documents are referred to herein as the "uCloudlink confidential documents."

2

7.      Upon further investigation, it was also discovered that certain patents applied for by uCloudlink entities include Wang Bin as the inventor, and several of these patents include Skyroam's trade secrets.

8.      As part of the cooperation between the two international law firms of King & Wood Mallesons and K&L Gates, we wanted to be able to analyze the available materials and discuss the best approach to the strategies as they relate to our respective representation of SIMO and its related entities.  Specifically, we wanted to coordinate various aspects of the ongoing patent infringement cases in China and the United States as well as the potential for trade secret cases that may be filed in China and/or in the United States in connection with the information learned in the New York Case.

9.      In order to better evaluate our options, discuss strategies, and ensure consistency in our respective approaches, our firm received the protective order that was issued in the New York case on November 9, 2018, and four attorneys from our firm signed and returned the protective order several days later, so that we could receive some of the confidential documents that were produced in the New York Case. I am one of those four attorneys.  Attached hereto as Exhibit B is a true and correct copy of the protective orders signed by myself and my colleagues.

10.     I understand that by signing the Protective Order, I am forbidden from using the documents in any way without explicit confirmation from uCloudlink that such documents do not contain confidential information belonging to uCloudlink, an order from the Judge in the New York Case, or in the event of a Court Order or Subpoena requiring me to turn over those documents. I also understand that any documents that have been filed publicly are no longer confidential, even if they were marked confidential at one time.

3

11.     After signing the protective order, I understand that K&L Gates provided my Colleague Huaqiang Wang certain documents that were turned over by uCloudlink in the New York case and were marked confidential by uCloudlink.

12.     I understand that some of the documents received by Huaqiang Wang were later confirmed by uCloudlink's counsel not to contain uCloudlink's confidential information.  These documents include Skyroam documents that were found on Wang Bin's computer and turned over to SIMO's attorneys in the New York Case. Additionally, the Judge in the New York Case ordered that some documents are not confidential, such as certain testimony given by Bin Wang. I have viewed some of these documents, but not any uCloudlink confidential documents.

13.     In June 2019, Skyroam filed a lawsuit against Shenzhen uCloudlink New Technology Co., Ltd. (in Chinese: "深圳市优克联新技术有限公司"), Shenzhen uCloudlink Network Technology Co., Ltd. (in Chinese: "深圳优克云联科技有限公司"), Wang Bin (in Chinese: 王斌) and Gao Wen (in Chinese: 高文) for trade secret misappropriation in Shenzhen Intermediate Court, China ("the Chinese Lawsuit"). The Chinese Lawsuit concerns the same technology (*i.e.*, international mobile roaming) and same accused products (GlocalMe E1, U2, G2, G3 and S1) that I understand were at issue in the New York Litigation. KWM represented Skyroam in this lawsuit as well.  Attached hereto as Exhibit C is a true and accurate copy of the Complaint in the Chinese Lawsuit.

14.     Because of the rules surrounding the protective order, no uCloudlink confidential documents were included or referenced in the filings for this Chinese Lawsuit. The information used to file the lawsuit was based on publicly available information such as uCloudlink's patents, and documents and information disclosed during the trial in the New York Case, and Skyroam's

own confidential documents, including those that were found on uCloudlink's computers and which had been released by uCloudlink in the New York Case.

15.     I understand that my Colleague Huaqiang Wang downloaded and received publicly filed documents related to United States litigation between SIMO and Skyroam-related entities. For example, on February 26, 2019, Huaqiang Wang received SIMO and Skyroam's publicly filed Amended Answer and Counterclaims filed in February 2019 in the California case. A true and correct copy of the Amended Complaint is attached here as Exhibit D.

16.     I understand that SIMO requested that the New York Judge permit Skyroam to use uCloudlink confidential documents in the Chinese trade secret case. I also understand that the judge denied Skyroam's request, but indicated that Skyroam would be permitted to receive uCloudlink confidential documents for use if the Chinese Court issued an Order or subpoena for the documents.

17.     Based on the ruling by the New York judge, Skyroam recently requested that the Chinese Court issue an order requiring that SIMO's United States counsel provide certain uCloudlink confidential documents that were turned over in the New York litigation. In that request, we used only documents which (1) are publicly available from PACER, (2) contain Skyroam-only confidential information, or (3) that the Court has declassified; or (4) that uCloudlink has agreed do not contain uCloudlink confidential material. A true and correct copy of the index of documents used in Skyroam's request to the Chinese Court is attached here as Exhibit E.

18.     On November 11th, 2020, Skyroam received an order from the Chinese Court directing SIMO's United States' attorney, Matt Weldon to provide Zheng Hong (in Chinese: "郑泓") and Ding Guangwei (in Chinese: "丁光炜") certain uCloudlink confidential documents that

were turned over in the New York case and which were the subject of SIMO's previous request that was denied by the New York Judge.   A copy of that order is attached here as Exhibit F.

19.     The reason the Chinese Court order requests Matt Weldon to provide the documents is that he previously certified the status of certain publicly filed documents in Exhibit F.

20.     It is my understanding that SIMO's counsel has translated that order.  A copy of the certified translation of the order is attached here as Exhibit G.

21.     It is my understanding that K&L Gates informed uCloudlink's United States lawyer of the order from the Chinese Court regarding the uCloudlink confidential documents.

22.     It is my understanding that uCloudlink's United States counsel believes it was improper for K&L Gates counsel to provide KWM with the uCloudlink confidential documents.

23.     After discussing the issue with my colleagues and K&L Gates, we agreed that KWM would destroy all copies of the uCloudlink confidential documents received from K&L Gates.

24.     We are doing so in order to resolve any concerns that uCloudlink's United States lawyers may have that our possession of those documents was improper.

25.     I confirm that I have not received or seen the uCloudlink confidential documents.

26.     Chinese courts routinely adopt measures to protect parties' confidential business information. Moreover, there are protections in the Chinese civil procedure that preserve the confidentiality of parties' confidential business information.

27.     In the ongoing Chinese trade secret case, we have requested the Chinese courts to protect all confidential information from counterparties and the general public in order to preserve the confidentiality of all parties' confidential information. The Chinese court has already issued a

protective order that only the lawyers are allowed to review confidential evidences and should keep evidences that include trade secret confidential.

I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on this day 2020.11.26 in Shenzhen, China.

Sun Mingfei
**King & Wood Mallesons**
25th Floor, Guangzhou CTF Finance Centre
No.6 Zhujiang East Road, Zhujiang New Town
Tianhe District, Guangzhou, Guangdong, China
Tel 86 20 38191018
Fax 86 20 38912082
sunmingfei@cn.kwm.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIMO HOLDINGS INC.

                  Plaintiff,

                                                 **CIVIL ACTION NO. 18CV5427 (JSR)**

    -v-

HONG KONG UCLOUDLINK NETWORK
TECHNOLOGY LIMITED, AND
UCLOUDLINK (AMERICA), LTD.

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DECLARATION OF HONG ZHENG REGARDING CERTAIN DOCUMENTS

I, HONG ZHENG, declare that the following is true and correct:

    1.      I am a partner at King & Wood Mallesons, counsel for SIMO Holdings Inc. ("SIMO"), SIMO's Chinese subsidiaries, SIBO Technology Co., Ltd. (in Chinese: "深圳市思博威尔斯科技有限公司") ("SIBO") and Shenzhen Skyroam Technology Co., Ltd. (in Chinese: "深圳市斯凯荣科技有限公司") ("Skyroam") in the People's Republic of China.   I am familiar with the facts and circumstances set out herein.

1

2.      I am registered to practice law in the People's Republic of China and am licensed to practice patent and trade secret law in the People's Republic of China.

3.      I understand that SIMO filed a patent infringement lawsuit against Hong Kong uCloudlink Technology Limited and Ucloudlink (America) Ltd. (uCloudlink) in June 2018 (the "New York Case"). I further understand that SIMO alleged that uCloudlink's products, including the G2, G3, and U2 hotspots infringed SIMO's United States Patent Nos. 8,116,735, and 9,736,689.

4.      In July 2018, Skyroam and SIBO filed a lawsuit in China against certain uCloudlink entities in China for patent infringement of the Chinese version of the patents asserted in the New York Case - specifically this is the Patent titled, CN 101971648 (the "'648 Patent"). In that lawsuit, Skyroam and SIBO alleged that the same uCloudlink products infringed Chinese patents owned by SIBO. Attached as Exhibit A is a true and correct copy of the Chinese patent infringement lawsuit. My firm represented Skyroam and SIBO in that lawsuit.

5.      In early November 2018, we learned that uCloudlink turned over certain Skyroam confidential documents to SIMO's attorneys in the New York Case  I understand that upon further investigation, it was discovered that those documents came from a computer that was used by Skyroam's former employee Wang Bin who left Skyroam for a uCloudlink entity in 2013.

6.       I understand that uCloudlink turned over additional documents in the New York litigation including a patent disclosure document that contain Skyroam's trade secrets and communications relating to that patent disclosure. I further understand that these documents were marked "Confidential" by uCloudlink, even though they contain references to Skyroam's confidential information that should not have been in uCloudlink's possession. These documents are referred to herein as the "uCloudlink confidential documents."

2

7.      Upon further investigation, it was also discovered that certain patents applied for by uCloudlink entities include Wang Bin as the inventor, and several of these patents include Skyroam's trade secrets.

8.      As part of the cooperation between the two international law firms of King & Wood Mallesons and K&L Gates, we wanted to be able to analyze the available materials and discuss the best approach to the strategies as they relate to our respective representation of SIMO and its related entities.   Specifically, we wanted to coordinate various aspects of the ongoing patent infringement cases in China and the United States as well as the potential for trade secret cases that may be filed in China and/or in the United States in connection with the information learned in the New York Case.

9.      In order to better evaluate our options, discuss strategies, and ensure consistency in our respective approaches, our firm received the protective order that was issued in the New York case on November 9, 2018, and four attorneys from our firm signed and returned the protective order several days later, so that we could receive some of the confidential documents that were produced in the New York Case. I am one of those four attorneys.  Attached hereto as Exhibit B is a true and correct copy of the protective orders signed by myself and my colleagues.

10.      I understand that by signing the Protective Order, I am forbidden from using the documents in any way without explicit confirmation from uCloudlink that such documents do not contain confidential information belonging to uCloudlink, an order from the Judge in the New York Case,  or in the event of a Court Order or Subpoena requiring me to turn over those documents. I also understand that any documents that have been filed publicly are no longer confidential, even if they were marked confidential at one time.

11.     After signing the protective order, I understand that K&L Gates provided my Colleague Huaqiang Wang certain documents that were turned over by uCloudlink in the New York case and were marked confidential by uCloudlink.

12.     I understand that some of the documents received by Huaqiang Wang were later confirmed by uCloudlink's counsel not to contain uCloudlink's confidential information.  These documents include Skyroam documents that were found on Wang Bin's computer and turned over to SIMO's attorneys in the New York Case. Additionally, the Judge in the New York Case ordered that some documents are not confidential, such as certain testimony given by Bin Wang.  I have viewed some of these documents, but not any uCloudlink confidential documents.

13.     In June 2019, Skyroam filed a lawsuit against Shenzhen uCloudlink New Technology Co., Ltd. (in Chinese: "深圳市优克联新技术有限公司"), Shenzhen uCloudlink Network Technology Co., Ltd. (in Chinese: "深圳优克云联科技有限公司"), Wang Bin (in Chinese: 王斌) and Gao Wen (in Chinese: 高文) for trade secret misappropriation in Shenzhen Intermediate Court, China ("the Chinese Lawsuit"). The Chinese Lawsuit concerns the same technology (*i.e.*, international mobile roaming) and same accused products (GlocalMe E1, U2, G2, G3 and S1) that I understand were at issue in the New York Litigation. KWM represented Skyroam in this lawsuit as well.  Attached hereto as Exhibit C is a true and accurate copy of the Complaint in the Chinese Lawsuit.

14.     Because of the rules surrounding the protective order, no uCloudlink confidential documents were included or referenced in the filings for this Chinese Lawsuit. The information used to file the lawsuit was based on publicly available information such as uCloudlink's patents, and documents and information disclosed during the trial in the New York Case, and Skyroam's

own confidential documents, including those that were found on uCloudlink's computers and which had been released by uCloudlink in the New York Case.

15.     I understand that my Colleague Huaqiang Wang downloaded and received publicly filed documents related to United States litigation between SIMO and Skyroam-related entities. For example, on February 26, 2019, Huaqiang Wang received SIMO and Skyroam's publicly filed Amended Answer and Counterclaims filed in February 2019 in the California case.  A true and correct copy of the Amended Complaint is attached here as Exhibit D.

16.     I understand that SIMO requested that the New York Judge permit Skyroam to use uCloudlink confidential documents in the Chinese trade secret case.  I also understand that the judge denied Skyroam's request, but indicated that Skyroam would be permitted to receive uCloudlink confidential documents for use if the Chinese Court issued an Order or subpoena for the documents.

17.     Based on the ruling by the New York judge, Skyroam recently requested that the Chinese Court issue an order requiring that SIMO's United States counsel provide certain uCloudlink confidential documents that were turned over in the New York litigation.   In that request, we used only documents which (1) are publicly available from PACER,  (2) contain Skyroam-only confidential information, or (3) that the Court has declassified; or (4) that uCloudlink has agreed do not contain uCloudlink confidential material.  A true and correct copy of the index of documents used in Skyroam's request to the Chinese Court is attached here as Exhibit E.

18.     On  November 11th, 2020, Skyroam received an order from the Chinese Court directing SIMO's United States' attorney, Matt Weldon  to provide  me (in Chinese: "郑泓" ) and Ding Guangwei (in Chinese: "丁光炜" ) certain uCloudlink confidential documents that were

turned over in the New York case and which were the subject of SIMO's previous request that was denied by the New York Judge.   A copy of that order is attached here as Exhibit F.

19.   The reason the Chinese Court order requests Matt Weldon to provide the documents is that he previously certified the status of certain publicly filed documents in Exhibit F.

20.   It is my understanding that SIMO's counsel has translated that order.  A copy of the certified translation of the order is attached here as Exhibit G.

21.   It is my understanding that K&L Gates informed uCloudlink's United States lawyer of the order from the Chinese Court regarding the uCloudlink confidential documents.

22.   It is my understanding that uCloudlink's United States counsel believes it was improper for K&L Gates counsel to provide KWM with the uCloudlink confidential documents.

23.   After discussing the issue with my colleagues and K&L Gates, we agreed that KWM would destroy all copies of the uCloudlink confidential documents received from K&L Gates.

24.   We are doing so in order to resolve any concerns that uCloudlink's United States lawyers may have that our possession of those documents was improper.

25.   I confirm that I have not received or seen the uCloudlink confidential documents.

26.   Chinese courts routinely adopt measures to protect parties' confidential business information. Moreover, there are protections in the Chinese civil procedure that preserve the confidentiality of parties' confidential business information.

27.   In the ongoing Chinese trade secret case, we have requested the Chinese courts to protect all confidential information from counterparties and the general public in order to preserve the confidentiality of all parties' confidential information. The Chinese court has already issued a

6

protective order that only the lawyers are allowed to review confidential evidences and should keep evidences that include trade secret confidential.


I declare under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing is true and correct.

Executed on this day 2020-11-24 in Shenzhen, China.

Zheng Hong
**King & Wood Mallesons**
25th Floor, Guangzhou CTF Finance Centre
No.6 Zhujiang East Road, Zhujiang New Town
Tianhe District, Guangzhou, Guangdong, China
Tel 86 20 38191168
Fax 86 20 38912082
zhenghong2@cn.kwm.com