UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐
│ SIMO HOLDINGS INC.,                       │
│                                           │
│         Plaintiff,                        │
│                                           │
│    -against-                              │
│                                           │
│ HONG KONG UCLOUDLINK NETWORK              │
│ TECHNOLOGY LIMITED and                    │
│ UCLOUDLINK (AMERICA), LTD.,               │
│                                           │
│         Defendants.                       │
└─────────────────────────────────────────┘
```

18-cv-5427 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.

　　　SIMO Holdings Inc. ("SIMO") prevailed on its patent infringement claims against defendant Hong Kong uCloudlink Network Technology Limited and its U.S. subsidiary (collectively, "uCloudlink") in a trial last year. Since then, SIMO has twice returned to the Court seeking to use confidential uCloudlink documents produced in pretrial discovery in this action in a trade secret misappropriation lawsuit in Shenzhen, China between SIMO subsidiary Skyroam Shenzhen and a uCloudlink subsidiary (the "Chinese lawsuit"). First, SIMO asked this Court to modify the Protective Order entered in this case, ECF No. 23, or to grant discovery in aid of a foreign proceeding under 28 U.S.C. § 1782(a). See Pl.'s Mot. for Discovery, ECF No. 306. The Court denied these requests. Mem. Order, ECF No. 317, at 1.

Now, by letter dated December 1, 2020, SIMO asks the Court to permit disclosure of substantially the same documents (the "uCloudlink confidential documents")[1] pursuant to paragraph 21 of the Protective Order and an Investigation Assistance Order from a Chinese court. See Pl.'s Letter, ECF No. 320, at 1. However, in its letter, SIMO also informs the Court, for the first time, that "[i]n late November 2018" (i.e., over two years ago) plaintiff's counsel at K&L Gates LLP "made the . . . uCloudlink Confidential Documents available to the [King & Wood Mallesons] attorneys" who at that time represented Skyroam Shenzhen in a related Chinese patent infringement lawsuit and who now represent Skyroam Shenzhen in the Chinese lawsuit. Id. at 1–2. In response, defendants not only oppose disclosure but also seek to have the Court impose sanctions for the unauthorized disclosure to King & Wood Mallesons. See Def.'s Letter 1, 4. Plaintiff, in turn, denies that the disclosure was unauthorized. Pl.'s Reply 1.

After careful review, the Court denies SIMO's letter motion, finds that SIMO has violated the Protective Order, and imposes a sanction on SIMO of $40,000.

---

[1] Specifically, SIMO now seeks disclosure of the following documents, identified by Bates numbers: UCLOUDLINK0217228, UCLOUDLINK0217231, UCLOUDLINK0010784, and UCLOUDLINK0010899. All except UCLOUDLINK0010899 were the subject of SIMO's earlier discovery motion before this Court.

In its earlier denial of SIMO's motion, the Court noted that the situation might be different if the court in the Chinese lawsuit had ordered or requested disclosure. See Mem. Order, ECF No. 317, at 5 n.2. This is because the Protective Order provides, in paragraph 21, that the Protective Order is not to be construed as authorizing a party to disobey a lawful order of another court. ECF No. 23, at ¶ 21. Thereafter, on November 9, 2020, the Shenzhen Intermediate People's Court issued an Investigation Assistance Order in the Chinese lawsuit that authorized SIMO to provide the uCloudlink confidential documents to King & Woods Mallesons attorneys between November 9 and November 24, 2020. See Pl.'s Ex. G, ECF No. 321-7, at 2. Specifically, the Shenzhen court's Investigation Assistance Order directed Matthew J. Weldon, a K&L Gates attorney who represents SIMO in the above-captioned litigation, to "provide the necessary assistance" for Zheng Hong and Ding Guangwei (attorneys at King & Wood Mallesons in the Chinese lawsuit) to obtain the uCloudlink confidential documents during that period. Id.; see also Pl.'s Ex. E (Weldon Affidavit), ECF No. 321-5, at 2.

Although the Chinese court's Order expired by its terms on November 24, 2020, SIMO did not address its new request for disclosure to this Court until its letter of December 1, 2020. Nevertheless, this Court approves, ex post facto, any disclosures

authorized by the Chinese court that were made between November 9 and November 24, 2020.

Now that the latter date has passed, however, SIMO can no longer rely on the Investigation Assistance Order to authorize any further disclosure of uCloudlink confidential documents to King & Wood Mallesons. The Court therefore denies SIMO's letter motion to the extent it seeks authorization for future disclosure of the uCloudlink confidential documents based on the November 9, 2020 Chinese investigation assistance order.

However, that does not end the matter, because SIMO now admits that it shared the uCloudlink confidential documents with four King & Wood Mallesons attorneys in late November 2018, that is, almost two years before the Chinese court's order. See Pl.'s Letter 1, 2; Def.'s Ex. B (Wang Declaration), at ¶ 9-11. Paragraph 5(c) of the Protective Order prohibits disclosure of confidential discovery material except to court personnel, stenographers, "counsel retained specifically for this action," and those "retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action." Protective Order ¶ 5.

It is obvious that King & Wood Mallesons was not "retained specifically for this action." SIMO is represented in this action by K&L Gates LLP. As SIMO admits, King & Wood Mallesons was retained by SIMO subsidiary Skyroam Shenzhen to represent Skyroam,

4

a nonparty to this action, in a Chinese patent litigation lawsuit. See Pl.'s Letter 2. King & Wood Mallesons also represents Skyroam Shenzhen in the ongoing Chinese trade secret misappropriation lawsuit. See Wang Declaration ¶ 13. There is no indication in the record that the King & Wood Mallesons attorneys to whom K&L Gates provided the uCloudlink confidential documents were even licensed to practice law outside of China. See id. at ¶ 2.

Furthermore, despite SIMO's arguments to the contrary, King & Wood Mallesons was not "retained to provide specialized advice to counsel in connection with this action." SIMO claims that King & Wood Mallesons' preexisting representation of SIMO in the Chinese patent litigation case "expanded so that it could provide specialized advice" on the interplay between this action and the Chinese patent and trade secret cases. Pl.'s Reply, ECF No. 325, at 1. SIMO argues that King & Wood Mallesons acted as consultants providing this specialized advice, because King & Wood Mallesons and K&L Gates discussed "ensuring consistency in positions across pending and anticipated litigations and identifying appropriate entities and persons against whom trade secret misappropriation claims could be brought." Pl.'s Letter 2; see also Johnson Declaration, ECF No. 322, at ¶ 8. If individuals providing "specialized advice" in one lawsuit can include attorneys identifying potential bases and defendants for another lawsuit -- or attorneys assessing whether one lawsuit might affect

another -- Paragraph 5(c)'s limitation to lawyers retained in "this action" becomes meaningless.

Accordingly, the Court finds that Paragraph 5(c) did not authorize SIMO's secret disclosure of uCloudlink confidential documents to King & Wood Mallesons attorneys in November 2018.

Given SIMO's clear violation of the Protective Order, the Court will therefore impose a sanction of $40,000 (i.e., $10,000 for each of the four documents wrongly disclosed), to be paid by SIMO to the Clerk of the Court, SDNY by no later than December 14, 2020.


SO ORDERED.

Dated:    New York, NY

        December 7, 2020                    JED S. RAKOFF, U.S.D.J.